Bradley M. Zelenitz, Esq. (BMZ-4104)
Gildin, Zelenitz & Shapiro, P.C.
138-44 Queens Blvd., 2nd Floor
Briarwood, New York, 11435
P: (718) 523-1111
F: (718) 725-9606

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 15 2007 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANAND DASRATH,

    Plaintiff,

Case No.: CV 07 2433

-against-

ROSS UNIVERSITY SCHOOL OF MEDICINE,

    Defendant.
-----------------------------------------------------------X

AMON, J.

REYES, M.J

## COMPLAINT

Plaintiff, complaining of the Defendant, by his attorney, Bradley M. Zelenitz, Esq., of Gildin, Zelenitz & Shapiro, P.C., respectfully sets forth and alleges as follows:

### I. Introduction

1. The within is an action for monetary and equitable relief based upon Defendant's violations of Plaintiff's rights under the Age Discrimination Act of 1975, 42 U.S.C. §6102 and the New York Executive Law §296(4), and breach of contract between the parties hereto.

### II. Parties

2. Plaintiff was and still is a natural person, and at all times hereinafter mentioned was a forty-eight year old medical student with an address of 89-25 209th Street, Queens Village, New York 11427.

3. Defendant is, upon information and belief, a corporate entity and a medical school,

which has offices at 499 Thornall Street, 10th Floor, Edison, New Jersey 08837, and 7000 SW 62nd Avenue, Penthouse A, South Miami, 33143. Defendant is an accredited institution by the United States Department of Education certified as an eligible institution for Title IV U.S. Federal Family Education Loan Program Loans, and receives various forms of Federal funding and/or Federal financial assistance.

### III. Venue and Jurisdiction

4. Venue in the Eastern District of New York is appropriate in that the Plaintiff resides at of 89-25 209th Street, Queens, Village, New York 11427, County of Queens, City and State of New York.

5. Subject matter jurisdiction over the instant action exists over all claims herein pursuant to 28 U.S.C. §1331, 1332, as the instant matter arises under the laws of the United States, specifically the Age Discrimination Act of 1975, 42 U.S.C. §6101-6107, and diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00. Additionally, pendant subject matter jurisdiction over the instant action exists over Plaintiff's New York Executive Law and breach of contract claims pursuant to this Court's supplemental jurisdiction.

### IV. Background

6. At all times hereinafter mentioned, Plaintiff was a forty-eight year old medical student at the Defendant's school of medicine, since May of 2004, and had continually paid the school tuition in exchange for the school delivering an education to the Plaintiff. Upon information and belief, Plaintiff was one of the oldest members of his class.

7. The Plaintiff took the AICM (Advanced Introduction to Clinical Medicine) course in the Spring 2006 semester, Plaintiff's fifth semester, at the Defendant's school of medicine in

Miami, but did not receive a grade therein despite due demand. Plaintiff's May 2006 transcript had a "blank space" where his grade should have been for the AICM class. Despite due demand, Plaintiff had been denied his right to inspect school records regarding his academic performance or the scantron sheets he submitted upon taking the examinations. The Plaintiff was advised by Dr. Fernandez, his professor, that he received a "94%" on the physical exam.

8. In March of 2006, Plaintiff submitted an application to take the United States Medical Licensing Examination (USMLE) Step I. Said application included a certification by an official of the Defendant medical school that the Plaintiff was enrolled in the Defendant school of medicine.

9. On or about June 29, 2006, Defendant withdrew the Plaintiff from enrollment as a student from Defendant's school of medicine and withdrew its sponsorship of Plaintiff, thereby denying the Plaintiff an opportunity to take the USMLE Step 1 Exam. The Defendant's purported basis for said withdrawal was that Plaintiff did not successfully complete the AICM course and pass the USMLE Step 1 Exam.

10. The Plaintiff believes that he has completed the requisite coursework in this class for him to achieve a passing grade and to take the USMLE Step 1 Exam.

11. In March of 2006, the Plaintiff had registered for the USMLE Step 1 Exam. The Plaintiff took said USMLE Step 1 Examination on July 27, 2006. His score for same was never released, as he was advised that he was "not authorized to take the exam" when he took it because he was not enrolled as a student in a medical school at the time he took the examination.

12. On August 14, 2006, Plaintiff received his grade in the AICM class, listed as "F". The Plaintiff was advised not only that he did not fail the AICM class, but that even if he had failed the AICM class, same was not a prerequisite to taking the USMLE Step I Exam, but rather

the NBME comprehensive exam which Plaintiff passed, was the prerequisite for same.

13. Upon information and belief, throughout Plaintiff's enrollment in Defendant's school of medicine, his grades were changed, withheld, and or inaccurately reported.

14. Upon information and belief, the Defendant approached his student advisor about these issues, and was advised by his student advisor not to "rock the boat" as the Defendant school of medicine discriminates on the basis of age.

## V. Causes of Action and Demand for Relief

15. The allegations contained in paragraphs "1" through and including "14" are incorporated as if restated herein.

### Count One: Violation of the Age Discrimination Act of 1975

16. 42 U.S.C. § 6102 states that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance".

17. Upon information and belief, the Defendant receives Federal financial assistance as more fully set forth in paragraph "3" above.

18. Upon information and belief, the Defendant discriminated against the Plaintiff, in that solely on the basis of his age, Defendant excluded him from participation in Defendant's school of medicine, denied Plaintiff the benefits of said program, subjected Plaintiff to harassment, and evaluated and otherwise treated Plaintiff differently than similarly situated younger students.

19. Based upon the foregoing, Defendant violated the Age Discrimination Act of 1975, and Plaintiff herein seeks monetary compensatory damages, legal fees, and equitable relief in the form of reinstatement to the Defendant's school of medicine and sponsorship for the Step I

exam, release of Plaintiff's USMLE Step I score, and the release of the Plaintiff's grades and records.

## Count Two: Violation of New York Executive Law § 296

20. The allegations contained in paragraphs "1" through and including "19" are incorporated as if fully reinstated herein.

21. New York Executive Law § 296(4) states that "it shall be an unlawful discriminatory practice for an education corporation or association which holds itself out to the public to be non-sectarian and exempt from taxation pursuant to the provisions of article four of the real property tax law to deny the use of its facilities to any person otherwise qualified, or to permit the harassment of any student or applicant, by reason of his race, color, religion, disability, national origin, sexual orientation, military status, sex, age or marital status, except that any such institution which establishes or maintains a policy of educating persons of one sex exclusively may admit students of only one sex".

22. Upon information and belief, the Defendant holds itself out to the public as non-sectarian and exempt from taxation. Upon information and belief, Defendant does not maintain a policy of educating persons of only one sex.

23. Upon information and belief, the Defendants have harassed the Plaintiff and denied use of its facilities, whom was otherwise qualified, solely upon the basis of his age.

24. Based upon the foregoing, the Defendant has violated New York Executive Law § 296(4).

## Count Three: Breach of Contract

25. The allegations contained in paragraphs "1" through and including "24" are incorporated as if fully reinstated herein.

26. The Defendant accepted the Plaintiff to its school of medicine, enrolled Plaintiff in same and accepted Plaintiff's tuition money, and in return, was to provide the Plaintiff with an education and to accurately and timely report Plaintiff's grades to him on the basis of his performance. Same is a valid contract and/or agreement between the parties, together with an implied covenant of good faith and fair dealing.

27. Based upon the foregoing. The Defendant has breached said agreement, in failing to timely and accurately report Plaintiff's grades on the basis of his performance.

## Count Four: Fraud / Equity

28. The allegations contained in paragraphs "1" through and including "27" are incorporated as if fully reinstated herein.

29. The Plaintiff has no adequate remedy at law.

30. Upon information and belief, the Defendant made affirmative misrepresentations to the Plaintiff regarding his grades and the necessary requirements to take the USMLE, with knowledge that such representations were wholly false, and that Plaintiff did actually and justifiably rely on said representations.

31. That due to Defendant's fraud and intentional misrepresentations, the Plaintiff has been damaged in that he was caused to be withdrawn from the Defendant medical school without cause or justification, which in turn, caused his USMLE score to be withheld, all to Plaintiff's detriment. That upon information and belief and at all times hereinafter mentioned, the wanton, willful, and malicious nature of Defendant's intentional misrepresentations and fraud entitle Plaintiff to punitive damages to punish the Defendant and to discourage others from like conduct.

WHEREFORE, Plaintiff demands judgment against the Defendant herein for monetary compensatory damages, legal fees, and equitable relief in the form of reinstatement to the

Defendant's school of medicine, sponsorship for the Step I exam, release of Plaintiff's USMLE Step I score, and the release of the Plaintiff's grades and records, together with such other and further relief as this Honorable Court deems just, proper, and equitable under the circumstances.

Dated: June 14, 2007
      Queens, New York

Respectfully submitted,

Bradley M. Zelenitz, Esq. (BMZ-4104)
Gildin, Zelenitz & Shapiro, P.C.
Attorneys for Plaintiff
138-44 Queens Blvd, 2nd Floor
Briarwood, New York 11435
P:(718) 523-1111
F: (718) 725-9606

## VERIFICATION

STATE OF NEW YORK  )
                   )  ss.:
COUNTY OF QUEENS   )

I, ANAND DASRATH being duly sworn, deposes and says: I am the plaintiff in the within action; I have read the foregoing COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

_____
ANAND DASRATH

Sworn to before me this
15 day of June, 2007

_____
NOTARY PUBLIC

DAVID A. SHAPIRO, Esq.
Notary Public of the State of New York
#: 02SH5055123
Qualified in the County of Nassau
Commission Expires February 5, 2008

Case 1:07-cv-02433-CBA-RER   Document 1   Filed 06/15/07   Page 9 of 9 PageID #: 11