

# CULLENandDYKMANLLP

**Candice B. Lieberman**
Associate Attorney
Direct: 516-357-3867
Direct Fax: 516-296-9155
E-mail: clieberman@cullenanddykman.com

Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850
Telephone (516) 357-3700 • Facsimile (516) 357-3792

September 4, 2007

**COURTESY COPY-ORIGINAL FILED BY ECF**

Judge Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Civil Action No.: 07-2433
              <u>Anand Dasrath v. Ross University School of Medicine</u>

Dear Judge Amon:

       This firm is counsel to Defendant Ross University School of Medicine ("Defendant" or "Ross University"). We write to request a pre-motion conference in anticipation of a motion to dismiss to be filed by Ross University. Plaintiff, who apparently is forty-eight (48) years old, was a student at Ross University and brings this action alleging: 1) a violation of the Age Discrimination Act ("ADA") of 1975; 2) a violation of New York Executive Law § 296(4); 3) breach of contact; and 4) fraud. Also pursuant to your rules, it is noted that service of this letter request constitutes timely service under Rule 12 of the Federal Rules of Civil Procedure as Ross University's time to answer expires at the earliest on September 4, 2007.

       The grounds for Ross University's motion are: 1) this Court lacks subject matter jurisdiction over Plaintiff's ADA claim because Plaintiff failed to comply with statutory prerequisites to commencing suit under the ADA; 2) as a result, this Court should decline to exercise pendent jurisdiction over Plaintiff's state law claims; and 3) in any event, the causes of action fail to state a claim.

       Ross University is a medical school located on the island of Dominica in the West Indies. In order for foreign medical school graduates to become licensed to practice medicine in the United States, students are required to take several qualifying exams. The United States Medical Licensing Examination Step 1 ("USMLE Step 1 Exam") is the first of several exams required to be taken by foreign medical school students. However, in order to be eligible to sit for the USMLE Step 1 Exam, Plaintiff was required to take and successfully complete a prerequisite class known as Advanced Introduction to Clinical Medicine ("AICM"). Plaintiff, however,

received a letter grade of "F" in AICM. Moreover, a failing grade results in an automatic administrative withdrawal from Ross University. Consequently, Plaintiff was discharged from Ross University in June 2006.

**I.      Federal Claims**: Plaintiff is precluded from bringing his ADA claim because he failed to exhaust his administrative remedies and satisfy the requisite notice requirements as set forth in 42 U.S.C. § 6104 and 45 C.F.R. § 90. *"In order to exhaust the necessary administrative remedies, 180 days must have elapsed since the complainant filed a complaint before the relevant federal funding agency and the agency has made no finding, or if, whatever the interval, the agency has found in favor of the complainant. 42 US.C § 6104(f); 45 C.F.R § 90.50(a). In addition, before filing an action in federal court the complaint must give 30 days notice by registered mail to the Secretary of Health and Human Services, the Attorney General, the head of granting agency, and the grant recipient."* Hilow v. Rome City School District, 91-CV-567, 1994 U.S. Dist. LEXIS 8953, at *14 (N.D.N.Y. June 29, 2004) (citing 42 U.S.C. § 6104(e)(1); 45 C.F.R. § 90.50(b)(3)(iii)).

Nowhere in Plaintiff's complaint does he allege that he filed a complaint with the relevant funding agency or that he notified the appropriate parties thirty (30) days prior to filing the complaint. As such Plaintiff failed to meet the statutory prerequisites necessary to maintain this action. Therefore, pursuant to Rule 12(b) (1), this Court lacks subject matter jurisdiction over Plaintiff's ADA claim. See id *15.

**II.     Supplemental Claims:** It is well-settled that courts generally do not exercise supplemental jurisdiction over exclusively state law claims when all federal claims are dismissed. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Since the ADA cause of action should be dismissed, retaining supplemental jurisdiction over the remaining state law causes of action would be inappropriate. See Martinelli v. Swissre Holding, et al., 95 Civ. 10996, 1997 U.S. Dist. LEXIS 1941, at *11 (S.D.N.Y. Feb. 26, 1997)(finding that since federal claims asserted in the original complaint have been dismissed and no discovery has taken place, and the court has not invested substantial time on the litigation, retaining supplemental jurisdiction would be inappropriate).

**III.    State Claims:** Should this Court decide to examine the merits of the state claims, the results should be the same.

    **A.    Breach of Contract Claim:** Plaintiff's cause of action similarly fails as Plaintiff references no document or conversation that gives rise to a promise in which Ross University breached. (See, Chira v. Columbia University in New York City, 289 F. Supp. 2d 477, 486-487 (S.D.N.Y. 2003) Plaintiff's breach of contract cause of action was dismissed against Columbia University as Plaintiff did not reference a document or conversation that gave rise to a promise which Columbia breached.)

    **B.    Fraud Claim**: Additionally, Plaintiff's cause of action for fraud fails as Plaintiff has not plead with particularity as required by Federal Rule of Civil Procedure § 9(b). The Second Circuit has held that "when a complaint charges fraud, it must 1) detail the statements…that the plaintiff contends are fraudulent, 2) identify the speaker, 3) state where and when the

statements…were made and 4) explain why the statements…are fraudulent." Olsen v. Pratt & Whitney Air-Craft, 136 F.3d 273, 275 (2d Cir. 1998)(citing Harscro Corp. v. Segui, 91 F.3d 337, 347 (2d Cir. 1996). Plaintiff's allegations of fraud are conclusory and lacking in particularity. See, Complaint at paragraph 30. No where does Plaintiff specify what was said, who said it, where or when the statements were made.

It is also important to note that "New York law does not allow a Plaintiff to assert a breach of contract claim and a fraud claim grounded on the same set of underlying facts." Hirsch v. Columbia University, 293 F. Supp. 2d 372, 379-380 (S.D.N.Y. 2003). Plaintiff's fraud claims, while vague, constitute the basis for Plaintiff's breach of contract claim and thus are not separately actionable.

**C. New York Executive Law § 296(4) Claim:** New York Executive Law § 296(4) states "It shall be an unlawful discriminatory practice for an education corporation or association which holds itself out to the public to be nonsectarian and *exempt from taxation pursuant to the provisions of article four of the real property tax law* to deny the use of its facilities to any person *otherwise qualified,* by reason of his race, color, religion, disability, national origin, age or marital status." (Emphasis added). Plaintiff's New York Executive Law cause of action also fails as Ross University is not exempt from taxation as required by the statute. Ross University is a corporation organized and existing under the laws of the Commonwealth of Dominica in the Eastern Caribbean with its principal office located at Ross University Boulevard, Portsmouth, Dominica, West Indies. "New York tax exemption laws confer the exemption benefit only upon corporations organized and existing under New York State law." Hunter College Student Social Community & Religious Clubs Ass'n v. City of New York, 63 N.Y.S.2d 337, 346, 1946 N.Y. Misc. LEXIS 2387 (Sup. Ct. New York Co. 1946). Regardless, Plaintiff has not demonstrated that he is an "otherwise qualified" person as required by the statute. As noted, Plaintiff admits that he received a grade of "F" in AICM. He was therefore not, "otherwise qualified." (See, Brown v. Albert Einstein College of Medicine of Yeshiva University, 172 A.D.2d 197, 197, 568 N.Y.S.2d 61, 62 (1st Dep't 1991).

Based on the foregoing, Ross University respectfully submits that a motion to dismiss the complaint should be entertained by the Court. Thank you for your consideration.

Respectfully submitted,

*Candice Lieb*

Candice B. Lieberman (CL-1754)

Of Counsel
James G. Ryan (JR-9446)
Candice B. Lieberman (CL-1754)

CC:   Bradley M. Zelnitz, Esq.
      Gildin, Zelenitz & Shapiro, P.C.
      Attorneys for Plaintiff
      38044 Queens Blvd., 2nd Floor
      Briorwood, NY 11435