*Law Offices*
*of*
*Albert Adam Breud, P.L.L.C.*

*356 Veterans Memorial Highway*  *Telephone: (631) 543-3030*
*Suite 8N*  *Facsimile: (631) 543-2888*
*Commack, New York 11725*  [Breudlaw@optonline.net](mailto:Breudlaw@optonline.net)

May 20, 2008

Hon. Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Dasrath v. Ross University School of Medicine
      CV 07-2433(CBA)(RR)

Dear Judge Amon:

This correspondence is respectfully submitted pursuant Rule 3(A) of Your Honor's Individual Motion Practices and Rules to request a pre-motion conference in regard to the above-referenced matter.  Plaintiff Anand Dasrath ("Plaintiff") seeks a pre-motion conference to make a motion to stay the proceedings, in part based upon the doctrine of primary jurisdiction, and to amend his complaint.

Plaintiff seeks a stay of the proceedings to satisfy the notice requirements and exhaust the administrative remedies under the Age Discrimination Act, 42 U.S.C. § 6102, et seq. ("ADA"). The ADA requires "as a prerequisite to suit, that notice of the action be given thirty days prior to commencing suit to 'the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed.'"  Barea v. State Univ. of N.Y. at Albany, 2006 U.S. Dist. LEXIS 46681*15(N.D.N.Y.)(quoting 42 U.S.C. § 6104(e)(1)).  "This notice must set forth the alleged violation of the ADA, the relief requested, the court in which the action shall be brought, and whether attorney's fees will be demanded." Id (citing 42 U.S.C. § 6104(e)(2)).

Furthermore, the ADA at § 6104(f) states, in pertinent part:

> "[a]dministrative remedies shall be deemed exhausted upon the expiration of 180 days from the filing of an administrative complaint during which time the Federal department of agency makes no finding with regard to the complaint, or upon the day that the Federal department or agency issues a finding in favor of the recipient of financial assistance, whichever occurs first." 42 U.S.C. § 6104(f).

Hon. Carol Bagley Amon
May 20, 2008
Page Two of Three

Plaintiff failed to provide the required notice or to exhaust his administrative remedies. Plaintiff's failure to give the required notice or to exhaust his administrative remedies was a result of not being advised of these statutory requirements by his previous counsel.

The doctrine of primary jurisdiction involves "promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties. The doctrine's central aim is to allocate initial decision making responsibility between courts and agencies and to ensure that they do not work at cross-purposes." Romano v SLS Residential Inc., et al., 246 F.R.D. 432, 443 (S.D.N.Y., 2007)(quoting Ellis v. Tribune TV Co., 443 F.3d 71, 81 (2d Cir., 2006).

Generally, the Second Circuit has focused on four factors in applying the doctrine of primary jurisdiction. The four factors are: "1) whether the question at issue is within the conventional experience of judges or whether it involves technical or policy considerations within the agency's particular field of expertise; 2) whether the question at issue is particularly within the agency's discretion; 3) whether there exists a substantial danger of inconsistent rulings; and 4) whether a prior application to the agency has been made." Ellis, at 82-83.

The ultimate question at issue regarding Plaintiff's ADA claim is whether Defendant Ross University School of Medicine ("Defendant") discriminated against Plaintiff on the basis of his age in violation of the ADA. Plaintiff, for the purposes of this motion, concedes that the ultimate question at issue, age discrimination, is within the conventional experience of judges and not particularly within the agency's discretion. However, Congress specifically charged the Attorney General and Secretary of Health and Human Services ("HHS") and the departments and agencies they lead to investigate ADA claims before courts adjudicate them. There also exists a substantial danger of inconsistent rulings as this Court could dismiss Plaintiff's ADA claim while the HHS or with the Department of Justice finds a violation of the ADA as no prior application to the agencies has been made.

When considering a stay of civil proceedings, courts within the Second Circuit balance a five factor test. The five factors are: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Takeda Pharmaceuticals Co. Ltd. V. Sandoz, Inc., 2007 U.S. Dist. LEXIS 74860*20-21 (S.D.N.Y.)(internal citations omitted); see also Lasala v. Needham & Co., 399 F. Supp. 2d 421,427 (S.D.N.Y., 2005).

In the instant matter, plaintiff is the party seeking the stay and it is in his interest to proceed properly after a stay than to proceed expeditiously and have his claim dismissed for failing to give the required notice and exhaust his administrative remedies which resulted from a failure by prior counsel to properly advise him of the statutory regime of the ADA.

Hon. Carol Bagley Amon
May 20, 2008
Page Three of Three

Upon information and belief, a stay will not be burdensome to Defendant and will be in the interests of the courts as it will promote judicial economy and an agency determination of the ADA claim may be informative to the court in its own decision regarding the ADA claim.

Moreover, granting Plaintiff a stay will further the interests of persons that are not parties to the civil litigation and the public interest.  A stay will further the interests of persons that are not parties to the litigation and the public at large because the public and non parties would benefit from hearing the governmental agencies' opinions on the matters before making the decision whether to incur debt sending students to an offshore institution that may engage in age discrimination.

Additionally, pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, Plaintiff intends to serve an amended complaint to amend his claims for breach of contract and fraud "as a matter of course" as Defendant has not served a responsive pleading to Plaintiff's complaint. However, in an effort to promote judicial economy and not cause undue burden to Defendant, Plaintiff respectfully requests that the Court issue a stay of the proceedings prior to his filing of an amended complaint so that when the amended complaint is filed the ADA claim's notice provisions would be satisfied and its administrative remedies exhausted.

In conclusion, for the foregoing reasons, Plaintiff respectfully requests that the Court entertain a motion to stay the proceedings.

Respectfully submitted,

/s/ Albert Adam Breud, II(AB2355)
Albert Adam Breud, II
AAB/idi
cc:    Jennifer A. McLaughlin, Esq.
       *Attorney for Defendant*

       Anand Dasrath