UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANAND DASRATH,                                                                 CV 07-2433(CBA)(RR)

                                Plaintiff,

            -against-

ROSS UNIVERSTIY SCHOOL OF MEDICINE,

                               Defendant.
------------------------------------------------------------------X


# PLAINTIFF ANAND DASRATH'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

                                                      Respectfully submitted,

                                                      The Law Offices of
                                                      Albert Adam Breud, P.L.L.C.
                                                      356 Veterans Memorial Highway
                                                      Suite 8N
                                                      Commack, New York 11725
                                                      Telephone:  (631) 543-3030
                                                      Facsimile:   (631) 543-2888
                                                      *Attorney for Plaintiff*

## **Table of Contents**

Table of Authorities………………………………………………………………………………….ii

Preliminary Statement…………………………………………………………………………..1

Statement of Facts………………………………………………………………………………1

Standard of Review………………………………………………………………………………..3

Argument……………………………………………………………………………………………3

      Point I

      The Court Has Subject Matter Jurisdiction…………………………………………………..3

      Point II

      Plaintiff Has Properly Plead a Claim for Breach of Contract……………………………..4

      Point III

      Plaintiff Has Properly Plead a Claim for Fraud…………………………………………...5

      Point IV

      Plaintiff Has Plead a Claim of Age Discrimination Pursuant to NYSHRL……………….7

Conclusion………………………………………………………………………………………...7

## **Table of Authorities**

### **Cases**

AmBase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63 (2d Cir., 2003)……………3

Barea v. State Univ. of N.Y. at Albany, 2006 U.S. Dist. LEXIS 46681 (N.D.N.Y.)…………..3, 4

Clarke v. Trustees of Columbia Univ., 1996 U.S. Dist. LEXIS 15620 (S.D.N.Y., 1996)………...4

Fowlkes v. Adamec, 432 F.3d 90 (2d Cir., 2005)…………………………………………………3

Gally v. Columbia Univ., et al., 22 F. Supp. 2d 199 (S.D.N.Y., 1998)…………………………...3

Hirsch v. Columbia Univ., 293 F. Supp. 2d 372 (S.D.N.Y., 2003)……………………………….6

Lunney v. United States, 319 F.3d 550 (2d Cir., 2003)…………………………………………...3

Mills v. Polar Molecular Corp., 12 F.3d 1170 (2d Cir., 1993)……………………………………5

Russian Standard Vodka, Inc., et al., v. Allied Domecq Spirits & Wine USA, Inc., et al., 523 F. Supp. 2d 376 (S.D.N.Y., 2007)……………………………………………………………3

Shields v. Citytrust Bancorp., 25 F.3d 1124 (2d Cir., 1994)……………………………………...5

State Employees Bargaining Agent Coal. v. Rowland, 494 F.3d 71 (2d Cir., 2007)……………..3

TVT Records v. Island Def Jam Music Group, 244 F. Supp. 2d 263 (S.D.N.Y., 2003)………….6

Twombly v. Bell Atl. Corp., 425 F. 3d 99 (2d Cir., 2005)………………………………………..3

Ward v. N.Y. Univ., et al., 2000 U.S. Dist. LEXIS 14067 (S.D.N.Y.)…………………………...5

### **Statutes**

Age Discrimination Act of 1975, 42 U.S.C. § 6102, et seq………………………………….1, 3, 4

New York State Executive Law, New York State Human Rights Law § 296(4)………………1, 7

Federal Rules of Civil Procedure 12(b)(1) and (6)…………………………………………….1, 3

Federal Rule of Civil Procedure 9(b)……………………………………………………………...5

**Preliminary Statement**

On June 15, 2007 Plaintiff Anand Dasrath ("Dasrath" and or "Plaintiff") commenced an action in the United States District Court for the Eastern District of New York. Plaintiff's Complaint alleges Defendant Ross University School of Medicine ("Ross" and or "Defendant") engaged in unlawful age discrimination in violation of both the Age Discrimination Act of 1975, 42 U.S.C. § 6102, et seq. ("ADA") and New York State Executive Law, New York State Human Rights Law § 296(4) ("NYSHRL"), as well as breach of contract and fraud.

By Notice of Motion dated November 30, 2007 Defendant moves to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. Pro") arguing the Court lacks subject matter jurisdiction over Plaintiff's ADA claim and that Plaintiff's Complaint failed to state a cause of action upon which relief may be granted as to his NYSHRL, breach of contract and fraud claims. Plaintiff submits this Memorandum of Law in opposition to Defendant's Motion to Dismiss and, for the following reasons, Defendant's motion to dismiss should be denied.

**Statement of Facts**

Dasrath enrolled in medical school at Defendant in May 2004 and was, upon information and belief, one of the oldest members of his class. Complaint at ¶6. Ross is a medical school located on the island of the Dominica in the West Indies (Def.'s Mem. at 1), with offices in Edison, New Jersey and Miami, Florida. (Complaint ¶3). Ross is an accredited institution by the United States Department of Education and receives various forms of Federal funding or financial assistance. *Id*.

In the Spring of 2006 Dasrath enrolled in, and took, the Advanced Introduction to Clinical Medicine ("AICM") course at Defendant. Complaint at ¶7. According to Defendant,

AICM is a prerequisite course for eligibility to take the United States Medical Licensing Examination Step 1 ("USMLE 1") (Def.'s Mem. at 2). USMLE 1 is the first of several examinations that foreign medical school students must pass to be able to practice medicine in the United States. *Id*.

Dasrath received his transcript in In May 2006 and it had a "blank space" where his grade for AICM should have been. He demanded to review his academic file, including the scantron sheets he submitted his examination answers on, but his demands were denied. Plaintiff was advised by his professor, Dr. Fernandez, that he received a "94%" on the exam. Complaint at ¶7.

Previously, in March 2006, Plaintiff submitted an application to take the USMLE 1 which included a certification by Defendant that Dasrath was "officially enrolled in" school at Defendant. See Exhibit "1". Plaintiff sat for and took the USMLE 1 on July 27, 2006 but his grade was not released as he was advised that he was "not authorized to take the exam" when he took it because he was not enrolled in a medical school at the time he took the examination. Complaint at ¶11. By letter dated June 29, 2006 Defendant notified Dasrath he had been "Administratively Withdrawn" from Ross "for failure to register for the May 2006 AICM course." See Exhibit "2". On August 14, 2008 Plaintiff received his grade for AICM, an "F". Complaint at ¶12.

Plaintiff was advised that he had indeed passed the AICM class and that AICM was not a prerequisite to taking the USMLE 1. Plaintiff was told the NBME comprehensive exam was the prerequisite for taking the USMLE 1. Plaintiff passed the NBME. *Id*. Plaintiff approached his student advisor and was told not to "rock the boat" because Defendant discriminates on the basis of age. Complaint at ¶14.

**Standard of Review**

When considering a motion to dismiss pursuant to Fed. R. Civ. Pr. 12(b)(1) for lack of subject matter jurisdiction the court must accept the factual allegations made in the complaint as true and reasonable inferences must be drawn in favor of the plaintiff.  Russian Standard Vodka, Inc., et al., v. Allied Domecq Spirits & Wine USA, Inc., et al., 523 F. Supp. 2d 376, 378 (S.D.N.Y., 2007)(citing Lunney v. United States, 319 F.3d 550, 554 (2d Cir., 2003).  The court may resolve disputed facts by reference to evidence outside the pleadings, including affidavits. Id. (citing State Employees Bargaining Agent Coal. v. Rowland, 494 F.3d 71, 75 (2d Cir., 2007).

In deciding a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), the court's role is to "assess the legal feasibility of the complaint, not to assay the evidence which might be offered in support thereof." Barea v. State Univ. of N.Y. at Albany, 2006 U.S. Dist. LEXIS 46681*8 (N.D.N.Y.)(quoting AmBase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63, 72 (2d Cir., 2003).  A Rule 12(b)(6) motion should result in dismissal of the complaint when 'it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle him to relief." Id. (quoting Twombly v. Bell Atl. Corp., 425 F. 3d 99, 106 (2d Cir., 2005)).  When reviewing a motion to dismiss, the court "must accept the facts alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's] favor." Id. (quoting Fowlkes v. Adamec, 432 F.3d 90, 95(2d Cir., 2005)(internal citations omitted).

**Argument**

**Point I**

**The Court Has Subject Matter Jurisdiction**

The ADA requires "as a prerequisite to suit, that notice of the action be given thirty days prior to commencing suit to 'the Secretary of Health and Human Services, the Attorney General

of the United States, and the person against whom the action is directed.'" Barea, 2006 U.S. Dist. LEXIS 46681*15(quoting 42 U.S.C. § 6104(e)(1)). "This notice must set forth the alleged violation of the ADA, the relief requested, the court in which the action shall be brought, and whether attorney's fees will be demanded." Id (citing 42 U.S.C. § 6104(e)(2)).

In 2006, Plaintiff contacted the attorney general and the United States Attorney for New Jersey and was advised that because a grade had been issued that the attorney general would not investigate his claim of an ADA violation and he was instructed to file a complaint in court. See Exhibit "3". Plaintiff, therefore, did comply with the spirit and intent of the notice provisions of the ADA as well as exhausting his administrative remedies and, therefore, this court does have subject matter jurisdiction over his ADA cause of action and Defendant's motion to dismiss should be denied.

## Point II

### Plaintiff Has Properly Plead a Claim for Breach of Contract

An implied contract arises when a student enrolls in a university. If the student complies with the terms prescribed by the university, the student will obtain the degree they seek. See Gally v. Columbia Univ., et al., 22 F. Supp. 2d 199, 206 (S.D.N.Y., 1998)(internal citations omitted). "Implicit in this contract is that the university must act in good faith in dealing with the student." Id. (internal citations omitted). "[T]erms of the implied contract are supplied by the bulletins, circulars, and regulations made available to the student. Id. (citing Clarke v. Trustees of Columbia Univ., 1996 U.S. Dist. LEXIS 15620*5 (S.D.N.Y., 1996).

Plaintiff contracted with Defendant and paid Defendant tuition in consideration of Defendant preparing Plaintiff to become a licensed medical doctor eligible to practice medicine in the United States. Pursuant to the contract, Defendant was to accurately record Plaintiff's

grades and sponsor Plaintiff to take the USMLE 1.  Plaintiff's complaint alleges numerous instances of the breach of that contract.  See Complaint at ¶¶ 7, 8, 9, 11, 12, 13 and 14.  Therefore, Defendant's motion to dismiss Plaintiff's cause of action for breach of contract should be denied.

**Point III**

**Plaintiff Has Properly Plead
a Claim for Fraud**

Fed. R. Civ. P. 9(b) requires causes of action grounded in fraud to be plead with particularity.  See Fed. R. Civ. P. 9(b); *see also,* Ward v. N.Y. Univ., et al., 2000 U.S. Dist. LEXIS 14067*18-19(S.D.N.Y.).  "[T]he complaint must: i) specify the fraudulent statements; ii) identify the speaker; iii) state where and when the statements were made; and iv) explain why the statements were fraudulent."  Ward, 2000 U.S. Dist. LEXIS 14067 at 19 (citing Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir., 1993).  Additionally, a plaintiff must put forward proof of scienter by "alleging facts 'giving rise to a strong inference of fraudulent intent.'"  *Id*.  (quoting Shields v. Citytrust Bancorp., 25 F.3d 1124, 1127-28 (2d Cir., 1994).  Such a showing can be accomplished by "alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness."  Shields, at 1128.

Liberally construing the complaint, as this Court must do, the representations in Plaintiff's complaint give sufficient notice to allow Defendant to prepare a defense.  Plaintiff's complaint alleges that he was advised he received a "94%" by his professor Dr. Fernandez in May 2006, Complaint at ¶7, that in August 2006 his grade was listed as an "F", Complaint at ¶12, that he was certified to take the USMLE 1 by Defendant, Complaint at ¶8, and that his USMLE 1 score was not released because he was not authorized to take the exam, Complaint at ¶11.  Plaintiff's complaint further alleged that on August 14, 2006 he learned he was not required

to take AICM and could have taken the NBME as a prerequisite for the USMLE 1.  Complaint at ¶ 12.

Plaintiff's Exhibit "3" constitutes strong circumstantial evidence of Ross' misbehavior and recklessness as it shows that in June 2006 Plaintiff was administratively withdrawn from Defendant for not registering for the AICM course even though he received an "F" from Defendant for the same course in August 2006 which begs the question of how Plaintiff could have failed a course at Ross that Ross claimed he had not even registered for and which lead to his administrative withdrawal from Ross.

Finally, Defendant argues that "New York law does not allow a Plaintiff to assert a breach of contract claim grounded on the same set of underlying facts."  Def.'s Mem. at 5. (quoting Hirsch v. Columbia Univ., 293 F. Supp. 2d 372, 379-380 (S.D.N.Y., 2003).  However, "[w]here the two causes of action relate to the same operative facts, to maintain a separate claim for fraud, a plaintiff must'…(ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract.'"  Id.  (quoting TVT Records v. Island Def Jam Music Group, 244 F. Supp. 2d 263, 276 (S.D.N.Y., 2003)(internal quotations omitted).  Plaintiff has alleged fraudulent representations that were collateral or extraneous to the contract.  For instance, Plaintiff never alleged that he contracted with Defendant to receive a grade of "94%" or an "F", however, the misrepresentation or fraudulent reporting of his grades are the facts alleged that give rise to his cause of action based in fraud.  Plaintiff has properly plead a cause of action for fraud and Defendant's motion to dismiss Plaintiff's fraud cause of action should be denied in its entirety.

### Point IV

### Plaintiff Has Plead
### a Claim of Age Discrimination
### Pursuant to NYSHRL

Defendant claims Plaintiff's NYSHRL age discrimination cause of action fails on two different bases.  Initially, Defendant claims that because it is organized and existing under the laws of the Commonwealth of Dominica in the Eastern Caribbean that it is not tax exempt under New York Tax Law and, therefore, not subject to NYSHRL by definition.  Defendant also claims that because Plaintiff received an "F" he was not otherwise qualified pursuant to NYSHRL.  Defendant fails to submit any proof of the location of its incorporation or tax status and fails to explain how it gave Plaintiff an "F" as a grade in a course that it claims Plaintiff never registered for and caused his being administratively withdrawn from Ross.  Def.'s Mem. At 5-7.  As such, Defendant's motion to dismiss Plaintiff's NYSHRL cause of action should be denied in it's entirety.

### Conclusion

Based upon the foregoing, Plaintiff respectfully requests that this Honorable Court issue an Order: (1) denying Defendant's motion in it's entirety: (2) allowing Plaintiff an opportunity to make a motion for a stay of the proceedings pursuant to the pre-motion conference letter dated May 20, 2008; (3) allowing Plaintiff an opportunity to amend his complaint and remedy any deficiencies in same should the Court grant any part of Defendant's motion to dismiss; and,

(4) granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: Commack, New York
   May 22, 2008

                Respectfully submitted,
                Law Offices of
                Albert Adam Breud, P.L.L.C.

          By: /s/ Albert Adam Breud, II (AB 2355)
              356 Veterans Memorial Highway
              Suite 8N
              Commack, New York 11725
              Telephone:  (631) 543-3030
              Facsimile:   (631) 543-2888
              *Attorney for Plaintiff*