

# CULLENandDYKMANLLP

**JENNIFER A. McLAUGHLIN**
PARTNER
Direct: 516-357-3713
Direct Fax: 516-296-9155
E-mail: JMcLaughlin@cullenanddykman.com

Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850
Telephone (516) 357-3700 • Facsimile (516) 357-3792

May 27, 2008

**VIA ELECTRONIC CASE FILING**
Magistrate Ramon E. Reyes, Jr.
United States Courthouse
225 Cadman Plaza East, Room 263
Brooklyn, New York 11201

    Re:   Civil Action No.: 07-2433
               <u>Anand Dasrath v. Ross University School of Medicine</u>

Dear Judge Reyes:

      This firm represents the defendant Ross University School of Medicine ("Ross University"). This shall serve as Ross University's letter response to plaintiff's letter requesting a pre-motion conference submitted pursuant to Judge Amon's Individual Motion Practices and Rules §3(A). Ross University opposes plaintiff's request.

### A.    Procedural History

      In considering plaintiff's request to stay the within action in order to cure procedural defects, this Court should be aware of the various evolutions of this matter. Mr. Dasrath, represented by counsel, commenced an action in the Supreme Court of New York, Queens County, in or about August 2006 alleging breach of contract (notably, not age discrimination) based on the same set of facts that form the basis of this action. During those proceedings, Mr. Dasrath's first lawyer was replaced by another lawyer who, after various adjournments and delays, finally responded to Ross University's motion to dismiss. The case was dismissed on jurisdictional grounds. Plaintiff then secured a third lawyer who filed a notice of appeal but failed to perfect the same despite this office's appearance at a conference with the appellate court. Mr. Dasrath then retained Mr. Zelenitz, his fourth lawyer, and shortly thereafter this federal action ensued. Upon the filing of this action, Ross University requested and was granted permission from Your Honor to file a motion to dismiss pursuant to F.R.C.P. 12(b)(1) and (6) since (i) this court lacks subject matter jurisdiction over Plaintiff's Age Discrimination Act claim (ADA); and (ii) since Plaintiff failed to state a claim for fraud, breach of contract and under the New York Executive Law.

      As you are aware, Ross University served its motion to dismiss pursuant to this Court's briefing schedule on November 30, 2007. However, no opposition was

*CULLENandDYKMANLLP*

submitted. Mr. Dasrath's fourth lawyer, Mr. Zelenitz, sought by order to show cause to be relieved as counsel which was ultimately granted by Your Honor, but only after several conferences, one of which was requested by plaintiff, wherein he made conflicting settlement demands. The Court relieved Mr. Zelenitz as counsel and ordered Mr. Dasrath to respond to the defendant's motion to dismiss no later than May 9, 2008. On May 9, 2008, Mr. Dasrath, pro se, made an application to adjourn this date to May 22, 2008. Mr. Dasrath's fifth and current lawyer submitted the within request seeking a stay of the entire proceedings. For the reasons set forth in Section B, infra, additional delay should not be condoned.

B. **Plaintiff's Request to Stay the Proceedings In Order to Comply with the Judicial Prerequisites Is Futile**

In order for plaintiff to withstand the pending motion to dismiss, plaintiff admits that he would have had to notify the Secretary of Health and Human Services, the United States Attorney General and the defendant thirty days prior to the commencement of the action in order to comply with the statutory prerequisites to suit. Obviously, he can never comply with that statutory requirement since suit has already commenced and he admittedly did not comply with the statutory jurisdictional prerequisites prior to doing so. However, even if this Court were to permit a stay allowing him to serve such notices and amend his pleading to reflect compliance with the statutory prerequisites to suit under the ADA, his ADA claim would still be subject to a motion to dismiss on jurisdictional grounds since defendant, a private university located outside the United States, is not an entity that receives federal funding. 42 U.S.C. §6102 states:

> … no person in the United States shall, on the basis of age,
> be excluded from participation in, be denied the benefit of,
> or be subjected to discrimination under, any program or
> activity receiving Federal financial assistance.

See *Heckman v. State University of New York College at Brockport*, 737 F. Supp. 177 (N.D.N.Y. 1990) (holding plaintiff did not have a cause of action under the ADA where the program at issue was supported by private and not public funds).

C. **Plaintiff's Request For A Stay Is Improper**

Plaintiff cites *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) in support of his argument that a stay of the within proceedings is appropriate to afford plaintiff the futile opportunity to satisfy the statutory prerequisites to commencement of this action. However, plaintiff failed to mention that, generally, the *Kappel* factors are applied "to stay a federal action in light of a concurrently pending federal action (either because the claim arises from the same nucleus of facts or because the pending action would resolve a controlling point of law)." See *Lasala v. Needham & Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005), quoting *SST Global Tech., LLC v. Chapman*, 270 F. Supp 2d 444, 455 (S.D.N.Y. 2003). Furthermore, plaintiff cites *Takeda Pharms. Co. Ltd. v. Sandoz, Inc.*, 2007 U.S. Dist. LEXIS 74860 (S.D.N.Y. Oct. 9, 2007) wherein the court

CULLENandDYKMANLLP

granted plaintiff's motion to stay when four nearly identical federal claims involving plaintiff had also been stayed. Unlike the cases cited by plaintiff, in this case plaintiff requests a stay of the proceedings to excuse his failure to comply with statutory prerequisites to suit under the ADA. This fact differs dramatically from a stay of proceedings in light of the adjudication of identical concurrent federal proceedings. Therefore, the *Kappel* factors do not apply.

However, even if the *Kappel* factors were applied, plaintiff fails to meet his burden of establishing a need for such a stay. The movant bears the burden and "must make out a clear case of hardship or inequity in being required to go forward." *Lasala* at 427, quoting *Katz v Feinberg*, 2001 U.S. Dist. LEXIS 1611, *2 (S.D.N.Y. 2001). While plaintiff may like to stay the proceedings in order to avoid dismissal of his claims, this is not a "hardship or inequity" outweighing the prejudice that such a stay would have against the defendant. See *Katz* at *2. Defendant has incurred significant costs and expended effort in this action and the various actions that preceded it as described in Section A, supra. In *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29 (D.D.C. 2004), the court concluded a stay would be unfair to defendant who had participated in litigation for five years. Furthermore, contrary to plaintiff's argument, the public and the courts would be better served by honoring the rules set forth pursuant to 42 U.S.C. § 6104(e)(1),(2) and (f). Granting a stay that allows the plaintiff to attempt to somehow satisfy statutory prerequisites he was compelled to complete before commencing this litigation would frustrate the purpose of the ADA.

Your consideration of this matter is greatly appreciated.

Respectfully,

Jennifer A. McLaughlin (JM 5678)

JAM: ms

cc: Hon. Carol Bagley Amon
Albert Adam Breud, II
Albert Adam Breud, P.L.L.C.
**Via ECF**