*Law Offices*
*of*
*Albert Adam Breud, P.L.L.C.*

*356 Veterans Memorial Highway*                     *Telephone:  (631) 543-3030*
*Suite 8N*                                          *Facsimile:   (631) 543-2888*
*Commack, New York 11725*                           Breudlaw@optonline.net

*Via Electronic Case Filing*

June 6, 2008

Hon. Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     Dasrath v. Ross University School of Medicine
        CV 07-2433(CBA)(RR)

Dear Judge Reyes:

This correspondence is respectfully submitted pursuant Rule IIIB of Your Honor's Individual
Motion Practices and Rules as well as Your Honor's May 28, 2008 Order that Plaintiff should
file a reply, if any, to Defendant's letter opposing a pre-motion conference by June 6, 2008 in
regard to the above-referenced matter.  Plaintiff's request for a pre-motion conference for an
anticipated motion to stay the proceedings to satisfy judicial prerequisites and exhaust his
administrative remedies based, in part, on the doctrine of primary jurisdiction, should be granted.

No less of an authority than the United States Supreme Court has stated "the power to stay
proceedings is incidental to the power inherent in every court to control the disposition of the
causes on its docket with economy of time and effort for itself, for counsel, and for litigants.
How this can best be done calls for the exercise of judgment, which must weigh competing
interests and maintain an even balance."  Landis v. North American Company, 299 U.S. 248,
254-55 (1936).

Courts have recognized the necessity of "adapt[ing] judicial processes to varying conditions" and
that litigants may have to "'submit to delay not immoderate in extent and not oppressive in its
consequences.'", Cheyney State College Faculty, et al., v. Hufstedler, et al., 703 F.2d 732, 738
(3rd Cir., 1983)(quoting Landis, 299 U.S. at 256).  In civil rights employment cases, the United
States Supreme Court has suggested a stay of proceedings at the District Court "until
administrative efforts at conciliation and …compliance have been completed."  Johnson v.
Railway Express Agency, Inc., et al., 421 U.S. 454, 465 (1975).

Hon. Ramon E. Reyes, Jr.
June 6, 2008
Page Two of Three

A defense founded upon a failure to exhaust administrative remedies is essentially "a defense to premature judicial review of administrative action deemed incomplete." <u>Cheyney State College Faculty</u>, 703 F.2d at 736. (internal citations omitted). Several Circuit Courts have endorsed stays of civil rights and discrimination cases to allow plaintiffs to exhaust administrative remedies and statutory prerequisites to filing suit. *See* <u>McWilliams v. Latah Sanitation, Inc.</u>, 149 Fed. Appx. 588, 590, 2005 U.S. App. LEXIS 18262*7 (9th Cir., August 23, 2005) (remanding to District Court for the court to stay proceedings for a reasonable time to allow plaintiff to ask the EEOC for leave to file a verification); *see also* <u>Aziz v. Groose, et al.</u>, 1994 U.S. App. LEXIS 15590*2 (8th Cir., June 24, 1994)(noting in a prisoner rights action pursuant to 42 U.S.C. § 1983 that the magistrate judge "continued the stay to allow all of the plaintiffs to exhaust administrative remedies.").

In <u>Dalessandro v. Monk, et al.</u>, 864 F.2d 6 (1988) the Second Circuit reversed and remanded for a stay the District Court's dismissal of plaintiff's premature employment discrimination claim "pending expiration of the statutory sixty-day waiting period." *Id.* at 9-10. The court noted that generally "'suspension of proceedings is preferable to dismissal with leave to refile' as a remedy for premature filing of discrimination suits." *Id.* at 8 (quoting <u>Oscar Mayer & Co. v. Evans</u>, 441 U.S. 750, 765, n.13 (1979). The Court further noted that "[r]equiring the plaintiff to refile after termination of the required waiting period 'would serve no purpose other than the creation of an additional procedural technicality.'" *Id.* at 9 (internal quotations omitted).

The doctrine of primary jurisdiction involves "promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties. The doctrine's central aim is to allocate initial decision making responsibility between courts and agencies and to ensure that they do not work at cross-purposes." <u>Romano v SLS Residential Inc., et al.</u>, 246 F.R.D. 432, 443 (S.D.N.Y., 2007)(quoting <u>Ellis v. Tribune TV Co.</u>, 443 F.3d 71, 81 (2d Cir., 2006). Where an individual must first apply for administrative relief, "it follows that primary jurisdiction lies with the agency." <u>Cheyney State College Faculty</u>, 703 F.2d at 736.

A species of the doctrine of primary jurisdiction can be found in several "civil rights statutes requiring that complainants first resort to the conciliation efforts of an administrative agency before turning to the courts for relief." *Id.* (citing Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5; Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626).

Generally, the Second Circuit has focused on four factors in applying the doctrine of primary jurisdiction. The four factors are: "1) whether the question at issue is within the conventional experience of judges or whether it involves technical or policy considerations within the agency's particular field of expertise; 2) whether the question at issue is particularly within the agency's discretion; 3) whether there exists a substantial danger of inconsistent rulings; and 4) whether a prior application to the agency has been made." *Ellis*, at 82-83.

Hon. Ramon E. Reyes, Jr.
June 6, 2008
Page Three of Three

In the matter presently before this Court, Plaintiff's premature Age Discrimination Act ("ADA") suit should be stayed so that he can exhaust his administrative remedies as a "'suspension of proceedings is preferable to dismissal with leave to refile' as a remedy for premature filing of discrimination suits." Dallessandro, 864 F.2d at 8 (quoting Oscar Mayer & Co. v. Evans, 441 U.S. 750, 765, n.13 (1979).

Moreover, application of the primary jurisdiction doctrine's four factors as used by the Second Circuit, and its application to civil rights statutes, clearly weighs in favor of granting Plaintiff leave to exhaust his administrative remedies as allowed by courts in various circuits and would further, rather than frustrate, the purposes of the ADA.

By letter dated May 27, 2008 Defendant Ross University School of Medicine argues that Plaintiff's "ADA claim would still be subject to a motion to dismiss on jurisdictional grounds since defendant …is not an entity that receives federal funding." Defendant fails to offer any evidence to support its position that it does not receive federal funding.

Contrary to Defendant's position, Defendant maintains a financial aid office in Edison, New Jersey for assisting students with processing Free Application for Federal Student Aid ("FAFSA") and its own Federal Stafford Loan Identification number of G22460. If Defendant truly did not receive federal funding, why does it have a financial aid office to process FAFSAs and why does it have its own Federal Stafford Loan Identification number?

Based upon the foregoing reasons, Plaintiff respectfully requests that this Court issue a report and recommendation allowing Plaintiff to make a motion to stay the proceedings so that he may exhaust his administrative remedies and amend his complaint.

Your consideration in this matter is greatly appreciated.

Respectfully submitted,

/s/ Albert Adam Breud, II
Albert Adam Breud, II (AB 2355)
AAB/idi
Enclosure
cc:     Jennifer A. McLaughlin, Esq. (*Via ECF*)
        *Attorney for Defendant*

        Anand Dasrath (*Via electronic mail*)