UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X

ANAND DASRATH,

                        **Plaintiff,**

      - against -

ROSS UNIVERSITY SCHOOL OF MEDICINE,

                       **Defendant.**

---------------------------------------------------------------------- X

# ORIGINAL

CASE NO.: CV-07-2433

(C. Amon) (R. Reyes)

Return Date:
February 1, 2008

## MEMORANDUM OF LAW IN SUPPORT OF ROSS UNIVERSITY SCHOOL OF MEDICINE'S MOTION PURSUANT TO RULE 12(b)(1) AND (6)



CULLEN*and*DYKMAN LLP

Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850
Telephone (516) 357-3700 • Facsimile (516) 296-9155

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

ANAND DASRATH,                                          Case No.: CV 07 2433

                              Plaintiff,               (C. Amon)
              - against -                               (R. Reyes)

ROSS UNIVERSITY SCHOOL OF MEDICINE,


                              Defendant.
--------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF ROSS UNIVERSITY SCHOOL OF MEDICINE'S MOTION PURSUANT TO RULES 12(b)(1) AND (6)

### PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of Defendant Ross University School of Medicine ("Defendant" or "Ross University") in support of its motion to dismiss pursuant to F.R.C.P. 12 (b)(1) and (6).   Anand Dasrath ("Plaintiff"), a former Ross University student alleges: 1) a violation of the Age Discrimination Act ("ADA") of 1975; 2) a violation of New York Executive Law § 296(4); 3) breach of contract; and 4) fraud.  However, this Court lacks subject matter jurisdiction over Plaintiff's ADA claim because he failed to comply with the statutory prerequisites to commencing suit under the ADA.  Plaintiff fails to state a cause of action under the New York Executive Law since Ross University is not subject to the statute. Finally, Plaintiff fails to state a cause of action for fraud and breach of contract.


### FACTUAL BACKGROUND

Ross University is a medical school located on the island of Dominica in the West Indies. As seen in the complaint, in order for foreign medical school graduates to become licensed to

practice medicine in the United States, students are required to take several qualifying exams. The United States Medical Licensing Examination Step 1 ("USMLE Step 1 Exam") is the first of several exams required to be taken by foreign medical school students. In order to be eligible to sit for the USMLE Step 1 Exam, a student is required to take and successfully complete a prerequisite class known as Advanced Introduction to Clinical Medicine ("AICM"). Plaintiff was enrolled as a student at Ross University during the spring semester of 2006. See, Complaint at ¶7. As is also demonstrated in his Complaint, Plaintiff took the AICM course. Id. However, Plaintiff disputes his failing grade in the class, which prevented him from sitting and from Ross University sponsoring him for the USMLE Step 1 Exam. Plaintiff was administratively withdrawn from enrollment at Ross University when he failed requisite coursework and failed to rectify this failing grade by re-taking the class. See, Complaint at ¶9. Plaintiff *believes* that he "completed the requisite coursework to achieve a passing grade and to take the USMLE Step 1 Exam." See, Complaint at ¶10. His supposition is not sufficient to defeat a motion to dismiss this action which is nothing more than a disgruntled student's attempt to grieve his failing grade in a court of law. As will be demonstrated herein, the complaint should be dismissed in its entirety.

**ARGUMENT**

**POINT I**

**FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES WARRANTS DISMISSAL OF PLAINTIFF'S AGE DISCRIMINATION ACT CLAIM**

This court lacks subject matter jurisdiction over Plaintiff's ADA claim since he failed to comply with the statutory requirements prior to commencing this action. 42 U.S.C. §6104(e)(1) requires that thirty (30) days prior to commencing an action notice of the action must be given to the Secretary of Health and Human Services, the United States Attorney General and the

2

Defendant.     Nowhere does Plaintiff's pleading suggest that the required statutory notice was

given.    Moreover, Plaintiff is required to exhaust the administrative remedies set forth in 42

U.S.C. §6104(f):

> Administrative remedies shall be deemed exhausted
> upon the expiration of 180 days from the filing
> of an administrative complaint during which time
> the Federal department or agency makes no finding
> with regard to the complaint, or upon the day
> that the Federal department or agency issues a finding
> in favor of the recipient of financial assistance, whichever
> occurs first.

Failure to exhaust administrative remedies requires dismissal of the ADA claim.  See, Barea v.

State Univ, of New York at Albany, No. 1:05-CV-1523, 2006 U.S. Dist. LEXIS 46681 (July 10,

2006 N.D.N.Y.).    Plaintiff has not alleged in his complaint that he filed an administrative

complaint with any agency, nor has he alleged that 180 days expired from that filing, or that the

agency issued a determination.  Failure to exhaust administrative remedies warrants dismissal of

Plaintiff's ADA claim.

## POINT II

### DISSATISFACTION WITH THE GENERAL STUDENT – UNIVERSITY RELATIONSHIP DOES NOT GIVE RISE TO A BREACH OF CONTRACT CAUSE OF ACTION

Enrollment at a university gives rise to an implied contract "whereby, if the student

complies with the conditions prescribed by the university, he or she will obtain the degree she is

pursuing." See Ward v. New York Univ., No. 99 Civ. 8733, 2000 U.S. Dist. LEXIS 14067, (*9

S.D.N.Y. September 28, 2000).  However, in order to state a claim for breach of contract against

a university, the contract allegedly breached must provide for specified services. See Baldridge

v. State, 293 A.D.2d 941 (3d Dep't 2002).    Thus, where a complaint "recites a library of

academic and administrative grievances couched in terms of a violation of a contractual right . . .

3

academic prerogatives should not be channeled into a cognizable contract action." Maas v. Cornell Univ., 94 N.Y.2d 87, 93 (1999). The application of contract principles to the student-university relationship does not provide judicial recourse for every disgruntled student. See Gally v. Columbia Univ., 22 F.Supp.2d 199, 207 (S.D.N.Y. 1990).

In Chira v. Columbia Univ. in New York City, 289 F.Supp.2d 477 (S.D.N.Y. 2003), plaintiff, a masters degree student at Columbia University, alleged that Columbia breached its contract with plaintiff by, among other things, withholding his academic transcripts. While recognizing a general contractual relationship between a student and university, the court dismissed the breach of contract cause of action because plaintiff "failed to identify a document or conversation giving rise to a promise which Columbia breached." Chira, 289 F.Supp.2d at 485. The court further found "this deficiency in his pleadings . . . fatal to his breach of contract claim" and granted the university's motion to dismiss. Id. at 486.

In the present case, Plaintiff's entire case is based on his dissatisfaction with his grade in the AICM course. See Complaint ¶7-12. He bases his breach of contract cause of action on the general student-university relationship by alleging that Defendant took Plaintiff's tuition money and "in return was to provide the Plaintiff with an education and to fairly and accurately report his grades." See Complaint at ¶26. This clearly is inadequate to state a claim for breach of contract. This is nothing more than an "administrative grievance" with which the courts will not interfere. See Chira, supra, citing Mass v. Cornell, supra, and Baldridge v. State, 293 A.D.2d 941, 740 N.Y.S.2d 723, 725 (App. Div. 2002).

4

## POINT III

### PLAINTIFF FAILS TO PLEAD
### FRAUD WITH PARTICULARITY AND
### SUCH HIS CLAIM SHOULD BE DISMISSED

Plaintiff's cause of action for fraud fails as Plaintiff has not pleaded it with particularity as required by Federal Rules of Civil Procedure § 9(b).  The Second Circuit has held that "when a complaint charges fraud, it must 1) detail the statements…that the Plaintiff contends are fraudulent, 2) identify the speaker, 3) state where and when the statements…were made and 4) explain why the statements…are fraudulent." Olsen v. Pratt & Whitney Air-Craft, 136 F.3d 273, 275 (2d Cir. 1998) (citing Harscro Corp. v. Segui, 91 F.3d 337, 347 (2d Cir. 1996)).  Plaintiff's allegations of fraud are conclusory and lacking in particularity.  See, Complaint at ¶30.  Plaintiff does not specify what was said, who said it, where or when the statements were made.  It is also important to note that "New York law does not allow a Plaintiff to assert a breach of contract claim and a fraud claim grounded on the same set of underlying facts." Hirsch v. Columbia Univ., 293 F. Supp. 2d 372, 379-380 (S.D.N.Y. 2003). Plaintiff's fraud claims, while vague, constitute the basis for Plaintiff's breach of contract claim and thus are not separately actionable.

## POINT IV

### PLAINTIFF FAILS TO STATE A CLAIM PURSUANT
### TO NEW YORK EXECUTIVE LAW §296

1.     **Ross University Is Not Subject to Executive Law §296**

New York Executive Law § 296(4) states:

> It shall be an unlawful discriminatory practice for an education corporation or association which holds itself out to the public to be nonsectarian and *exempt from taxation pursuant to the provisions of article four of the real property tax law* to deny the use of its facilities to any person *otherwise qualified,* by reason of his race, color, religion,

disability, national origin, age or marital status. (Emphasis added).

Plaintiff's New York Executive Law cause of action fails as Ross University is not exempt from taxation as required by the statute. Ross University is a corporation organized and existing under the laws of the Commonwealth of Dominica in the Eastern Caribbean with its principal office located at Ross University Boulevard, Portsmouth, Dominica, West Indies. "New York tax exemption laws confer the exemption benefit only upon corporations organized and existing under New York State law." Hunter College Student Social Community & Religious Clubs Ass'n v. City of New York, 63 N.Y.S.2d 337, 346, 1946 N.Y. Misc. LEXIS 2387 (Sup. Ct. N.Y. Co. 1946). Thus, Ross University is not subject to New York Executive Law §296.

2. **Plaintiff Does Not Have A Cognizable Claim Pursuant To Executive Law §296**

Plaintiff admits that he received a grade of "F" in the AICM course. See, Complaint at ¶12. Plaintiff states in the Complaint that this failing grade resulted in his administrative withdrawal from Ross University. See Complaint at ¶9. He was therefore not, "otherwise qualified" to remain a student at Ross University and thus cannot maintain an Executive Law §296 cause of action.

As noted above, subsection four (4) of the New York Executive Law prohibits certain education corporations from denying the use of its facilities to persons otherwise qualified for discriminatory reasons. In Brown v. Albert Einstein College of Medicine of Yeshiva University, 172 A.D.2d 197, 197, 568 N.Y.S.2d 61, 62 (1st Dep't 1991), the court dismissed Plaintiff's action based on Executive Law §296(4). Plaintiff contended that he was improperly denied admission based on his age. However, the court found that the undisputed facts demonstrated that Plaintiff's academic performance was below the academic standards required by Defendant university. The court pointed out that it was limited in its review of academic judgment and

thus, deferred to the university's standards.

Unlike the plaintiff in the Brown case, who alleged he was improperly denied admission, Plaintiff in this case was not denied the use of Ross University's facilities. In fact, it is undisputed that Plaintiff can re-enroll and re-take the AICM course that he failed. Even if Plaintiff were somehow denied the use of Ross University's facilities, Plaintiff is not "otherwise qualified," as required by the statute. See N.Y. Executive Law §296(4). Plaintiff failed the required coursework and his failure to re-enroll in the class he failed resulted in his administrative withdrawal.

## CONCLUSION

Based on the foregoing, Ross University respectfully submits that a motion to dismiss the complaint should be granted in its entirety.


Dated:  Garden City, New York
        November 30, 2007


                                        Respectfully submitted,

                                        Cullen and Dykman LLP

                            By:         _____
                                        Jennifer A. McLaughlin (JM 5678)
                                        Attorneys for Defendant
                                        100 Quentin Roosevelt Boulevard
                                        Garden City, New York 11530

Of Counsel:
Jennifer A. McLaughlin (JM 5678)
Candice Lieberman (CL 1754)