UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
ANAND DASRATH,                                     Case No.: CV 07 2433

                         Plaintiff,         (C. Amon)
  - against -                                              (R. Reyes)

ROSS UNIVERSITY SCHOOL OF MEDICINE,

                        Defendant.
-------------------------------------------------------------X

STATE OF NEW JERSEY  )
                         ) SS.:
COUNTY OF MIDDLESEX )

      NANCY A. PERRI, M.D., being duly sworn, deposes and says:

      1.     I am Vice President of Academic Affairs at Ross School of Medicine School of Veterinary Medicine Limited, sued herein as Ross University School of Medicine ("Ross University" or "Defendant"), the defendant in this matter. I submit this affidavit in support of Defendant's motion to dismiss pursuant to F.R.C.P. 12 (b)(1) and (6).

      2.     I submit this affidavit solely for the purpose of responding to allegations made in Plaintiff's memorandum of law in opposition ("Opposition") to Ross University's motion to dismiss.

**A.**    **Ross University Is Not Organized and Existing Under New York State Law**

      3.     Ross University is a corporation organized and existing under the laws of the Commonwealth of Dominica in the Eastern Caribbean with its principal office located at Ross University Boulevard, Portsmouth, Dominica, West Indies. Ross University is accredited by the Dominica Medical Board, which has been determined to have accreditation standards

comparable to U.S. standards by the National Committee on Foreign Medical Education and Accreditation of the U.S. Department of Education.

4. Ross University is, therefore, not organized and existing under New York State law. As will be discussed in the accompanying memorandum of law, and as was explained in defendant's moving memorandum of law, in order to proceed against an entity under New York Executive Law §296, that entity must be an education corporation which holds itself out to be "exempt from taxation pursuant to … article four of the real property tax law" which is a benefit enjoyed only by entities organized under New York State law. Plaintiff's cause of action under New York Executive Law §296 must be dismissed.

**B.**   **Plaintiff Failed A Required Course And Failed To Re-Take That Course**

5. Plaintiff was a medical student at Ross University. He was administratively deemed to have withdrawn from Ross for his failure to pass a course required, not only to graduate, but to also participate in the USMLE Step 1 Exam ("Exam"). The Exam is administered by an agency known as the Educational Commissioner for Foreign Medical Graduates – not by Ross University.

6. Plaintiff failed the Advanced Introduction to Clinical Medicine ("AICM") course which is required before a student can be certified to take the Exam. Plaintiff admits he received a failing grade. See Complaint ¶12. He disputes this grade in this lawsuit.

7. The Ross University School of Medicine Student Handbook of Academic Rules and Regulations ("Handbook"), which holds all students to the rules outlined therein, provides that in order to be eligible to take the Exam the student must have passed all courses in the first four semesters and successfully completed the AICM. See page 11 of the Handbook, a copy of which is attached hereto as Exhibit "A".

8. Despite his failing grade, plaintiff failed to re-enroll in the semester immediately following his failure to re-take the AICM as required by the Handbook. The Handbook provides that an administrative withdrawal is required when the student does not return to campus to register for the following semester. See page 23 of the Handbook, a copy of which is attached hereto as Exhibit "A".

9. Plaintiff's failure to re-enroll in order to successfully complete the AICM course is an act of withdrawal from Ross.

10. As such, Ross was required to administratively withdraw plaintiff from the university, effective the last day of the failed class. The failure of the AICM course and the administrative withdrawal from Ross resulted in plaintiff becoming ineligible to take the Exam. See page 23 of the Handbook, a copy of which is attached hereto as Exhibit "A"

11. Defendant nowhere claims that it "gave plaintiff an 'F' as a grade in a course that it claims plaintiff never registered for." See Opposition pp. 9 and 10. Plaintiff failed to re-take a course he failed causing his administrative withdrawal.

12. Plaintiff is challenging the grade he received which he has failed to remedy by re-enrolling in Ross and re-taking the AICM course. A court is certainly not the forum for this dispute especially in light of Ross University's grievance procedures set forth in the Handbook.

13. For the reasons set forth herein and in the accompanying memorandum of law, plaintiff's complaint should be dismissed.

_____
NANCY A. PERRI, M.D.

Sworn to before me this
_____ day of June, 2008.

_____
Notary Public