UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

ANAND DASRATH,

                              Plaintiff,

    - against -

ROSS UNIVERSITY SCHOOL OF MEDICINE,

                              Defendant.

------------------------------------------------------------------ X

CASE NO.: CV-07-2433

(C. Amon) (R. Reyes)

# DEFENDANT ROSS UNIVERSITY SCHOOL OF MEDICINE'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION PURSUANT TO RULES 12(b)(1) AND (6)



CULLENandDYKMANLLP

Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850
Telephone (516) 357-3700 • Facsimile (516) 296-9155

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

ANAND DASRATH,                                              Case No.: CV 07 2433

                            Plaintiff,        (C. Amon)
   - against -                                              (R. Reyes)

ROSS UNIVERSITY SCHOOL OF MEDICINE,

                            Defendant.

-------------------------------------------------------------X

### DEFENDANT ROSS UNIVERSITY SCHOOL OF MEDICINE'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION PURSUANT TO RULES 12(b)(1) AND (6)

### PRELIMINARY STATEMENT

Defendant Ross University School of Medicine ("Defendant" or "Ross University") by its attorneys Cullen and Dykman LLP, respectfully submits this reply memorandum of law in support of its motion to dismiss pursuant to F.R.C.P. 12 (b)(1) and (6). Plaintiff asserts in his memorandum of law in opposition ("Opposition"), that this court has subject matter jurisdiction over the matter. However, as will be demonstrated below, Plaintiff failed to exhaust his administrative remedies by failing to notify the appropriate parties and also by failing to include the required information in the alleged notice. Plaintiff also asserts that he has alleged valid causes of action for breach of contract, fraud and a cause of action under New York Executive law §296. As will be demonstrated below, Plaintiff has failed to assert any of the aforementioned causes of action.

## FACTUAL BACKGROUND

The facts are fully set forth in the moving submissions of Ross University and the affidavit of Nancy A. Perri ("Perri Affidavit") and will not be set forth herein for the sake of brevity.

## ARGUMENT

## POINT I

### THIS COURT DOES NOT HAVE JURISDICTION OVER THE MATTER AS PLAINTIFF FAILED TO EXHAUST HIS ADMINISTATIVE REMEDIES

Plaintiff argues in his Opposition that he complied with the "spirit and intent" of the statutory notice requirement set forth in 42 U.S.C. §6104(e)(1) which holds that thirty (30) days prior to commencing an action notice of the action must be given to the Secretary of Health and Human Services, the United States Attorney General and the Defendant. See 42 U.S.C. §6104(e)(1); See Opposition at page 4. Plaintiff admittedly did not give notice to the parties. In fact, two days prior to filing his opposition to this motion, Plaintiff filed a letter request with the court requesting a stay of the action so he could properly comply with the statutory pre-requisites. Nonetheless, in opposing this motion Plaintiff claims that the statutory prerequisites were met.

Plaintiff claims he contacted one of the three necessary parties, the United States Attorney General, "via the United States Attorney for New Jersey and at the Department of Justice headquarters in Washington D.C." See Declaration of Plaintiff at paragraph 2 in support of Plaintiff's Opposition. Plaintiff does not set forth whether he gave notice either to the Secretary of Health and Human Services or the Defendant which is also required. Additionally, nowhere does Plaintiff set forth the information that he included in his alleged notice to, at the

2

very least, the United States Attorney General. Plaintiff must set forth the nature of the alleged violation, the relief to be requested, the court in which the action will be brought, and whether or not attorney's fees are being demanded in the event Plaintiff prevails. See 42 U.S.C. §6104(e)(2). Moreover, Plaintiff completely ignores the fact that he did not exhaust his administrative remedies set forth in 42 U.S.C. §6104(f) which states that administrative remedies shall be deemed exhausted:

> upon the expiration of 180 days from the filing
> of an administrative complaint during which time
> the Federal department or agency makes no finding
> with regard to the complaint, or upon the day
> that the Federal department or agency issues a finding
> in favor of the recipient of financial assistance, whichever
> occurs first.

42 U.S.C. §6104(f).

There is no evidence submitted that demonstrates that 1) an administrative complaint was filed; 2) that an agency made a finding and that 180 days has passed since the finding or the filing of the complaint. Thus, because Plaintiff has not provided the required notice to the Secretary of Health and Human Services, the United States Attorney General or the Defendant and because Plaintiff has not alleged that 180 days expired from that filing, or that the agency issued a determination and 180 days has expired since that determination, this Court does not have jurisdiction over the matter and it should be dismissed pursuant to F.R.C.P. 12 (b)(1).

## POINT II

### PLAINTIFF HAS FAILED TO PLEAD A BREACH OF CONTRACT CAUSE OF ACTION AGAINST DEFENDANT

Plaintiff argues in his Opposition that there was an implied contract between Ross University and Plaintiff because "Plaintiff contracted with Defendant and paid Defendant tuition in consideration of Defendant preparing Plaintiff to become a licensed medical doctor eligible to

3

practice medicine in the United States." See Plaintiff's Opposition at page 4. Plaintiff contends that "the terms of the implied contract are supplied by bulletins, circulars, and regulations made available to the student." Babiker v. Ross University, 98-Civ-1429, 2000 U.S. Dist. LEXIS 6921, *22 (S.D.N.Y. May 19, 2000). Plaintiff however fails to point to a single violation of any of the aforementioned documents or any regulation violated by Ross University. "A bare declaration of misconduct lacking the identification of a definite breached promise or obligation does not satisfy the burden of specificity in pleadings." Kraft v. Yeshiva University, 00-Civ-4899, 2001 U.S. Dist. LEXIS 16152 (S.D.N.Y. Oct. 5, 2001) (citing Gally v. Columbia University, 22 F. Supp 3d 199, 207 (S.D.N.Y 1998).

In a case on point, Kraft v. Yeshiva University, 00-Civ-4899, 2001 U.S. Dist. LEXIS 16152, *14 (S.D.N.Y. Oct. 5, 2001), the court dismissed a student at Yeshiva University's breach of contract cause of action because Plaintiff "failed to point to a specific school policy, rule or regulation that was not adhered to." The plaintiff in Kraft made similar unsupported allegations to the case at hand, stating that "in return for the payment of tuition the University is obligated to treat the student fairly, to provide an education and to permit the student to earn the degree studied for." Id. The court went on to hold that "while a student may bring a breach of contract action against his school, 'claims that sound in tort and ask the Court to involve itself in the subjective professional judgments of trained educators will not survive a motion to dismiss merely because the plaintiff couches [his] claims in terms of breach of contract.'" Id. (internal citations omitted). Thus, the court found that "the mere fact that Plaintiff was a student…does not impose upon Yeshiva [University] a duty to grant him a degree. Id.

This is clearly the case here. By contending generally that Defendant took Plaintiff's tuition money and "in return was to provide the Plaintiff with an education and to fairly and

accurately report his grades" is nothing more than a request for the "Court to involve itself in the subjective processional judgments" of Ross University educators. See complaint at paragraph 26 and Id. Asking the court to review his grades is not grounds for a breach of contract cause of action.

In addition, it is important to note that, assuming *arguendo*, there was a contract between Ross University and Plaintiff, Plaintiff himself would have breached the contract by not passing the AICM class. In Keles v. New York University, the court held that Plaintiff, a student at New York University, breached the contract with the University by not passing qualifying exams to enter in to the University's doctoral program. 91-Civ-7457, 1994 U.S. Dist. LEXIS 4202, *18 (S.D.N.Y. April 6, 1994). The court stated that "implicit in a student's educational contract with the University is the duty of the student to comply with the University's rules and regulations." Id. (citing Hammond v. Auburn Univ., 669 F. Supp. 1555, 1563 (M.D. Ala. 1987). Here, assuming there was a contract, Plaintiff himself breached said contract by failing AICM, a required course. Without passing the AICM class, Plaintiff became ineligible to take the USMLE Step 1 exam and while he had additional opportunities to re-take the class, his failure to re-enroll caused him to be administratively withdrawn. His lack of ability and failure to comply with the rules and regulations has resulted in his own breach of his obligations.

## POINT III

### PLAINTIFF'S FRAUD CAUSE OF ACTION MUST FAIL AS HE HAS FAILED TO ALLEGE ANY OF THE NECESSARY ELEMENTS

In his Plaintiff's Opposition, he dances around the fact that there are absolutely no fraudulent statements alleged in the complaint. As stated in Ross University's moving papers "when a complaint charges fraud, it must 1) detail the statements…that the Plaintiff contends are

5

fraudulent, 2) identify the speaker, 3) state where and when the statements…were made and 4) explain why the statements…are fraudulent." Olsen v. Pratt & Whitney Air-Craft, 136 F.3d 273, 275 (2d Cir. 1998) (citing Harscro Corp. v. Segui, 91 F.3d 337, 347 (2d Cir. 1996)).

Plaintiff also fails to allege facts "giving rise to a strong inference of fraudulent intent." Ward v. New York University, 99-Civ. 9733, 2000 U.S. Dist. LEXIS 14067, *19 (S.D.N.Y. Sept. 2000). Scienter can be proven by "alleging facts to show that defendants had both motive and opportunity to commit fraud, or…alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." Id. (internal citations omitted). Here, in addition to failing to prove any of the required elements of a fraud cause of action, Plaintiff has failed to plead fraudulent intent with sufficient particularity. Plaintiff's allegations of fraud are conclusory and are lacking in particularity.

Plaintiff alleges the following statements were made: 1) he was advised that he received a 94% by his professor Dr. Fernandez in May 2006. See Plaintiff's Opposition at page 5 citing the Complaint at paragraph 7; 2) that in August 2006, his grade was listed as an "F". Id. (citing the Complaint at paragraph 12); 3) that he was certified to take the USMLE Step 1 Exam by Defendant. Id. (citing the Complaint at paragraph 8); 4) that his USMLE Step 1 score was not released because he was not authorized to take the exam. Id. (citing the Complaint at paragraph 11); and 5) that on August 14, 2006, he learned he was not required to take AICM and could not have taken the NBME as a prerequisite for the USMLE 1. Id. (citing the Complaint at paragraph 12). These purported facts hardly allege "fraud."

Moreover, Plaintiff fails to identify the speaker and Plaintiff does not state when or where the statements were made. He also fails to allege why the statements are fraudulent. Finally, in attempting to demonstrate scienter, which generally includes facts demonstrating "recklessness"

6

or" misbehavior" Plaintiff points to a letter taken out of context and outside the pleadings, to make a last resort fraud argument that Plaintiff was administratively withdrawn from Ross for not registering for a class he had already failed. This does not exhibit "recklessness" or "misbehavior" – the explanation is simple, he failed to re-take a course he failed resulting in his administrative withdrawal. See Perri Affidavit generally. Fraud has not been pleaded and as such this cause of action should be dismissed.

## POINT IV

### PLAINTIFF FAILS TO STATE A CLAIM PURSUANT TO NEW YORK EXECUTIVE LAW §296

As stated in Ross University's moving papers, Plaintiff's New York Executive Law cause of action fails as Ross University is not exempt from taxation as required by the statute. Ross University is a corporation organized and existing under the laws of the Commonwealth of Dominica in the Eastern Caribbean with its principal office located at Ross University Boulevard, Portsmouth, Dominica, West Indies. See Perri Affidavit at paragraph 3-4. "New York tax exemption laws confer the exemption benefit only upon corporations organized and existing under New York State law." Hunter College Student Social Community & Religious Clubs Ass'n v. City of New York, 63 N.Y.S.2d 337, 346, 1946 N.Y. Misc. LEXIS 2387 (Sup. Ct. N.Y. Co. 1946). Thus, Ross University is not subject to New York Executive Law §296.

In addition, in order for Plaintiff to maintain a cause of action under New York Executive Law §296, Plaintiff must be "otherwise qualified." Plaintiff, however, was not "otherwise qualified" as required by the statute. Plaintiff argues in his Opposition that Ross University fails to explain how it gave Plaintiff an "F" as a grade. As explained in the affidavit of Dr. Perri, Plaintiff failed the Advanced Introduction to Clinical Medicine ("AICM") course which is required before a student can be certified to take the Exam. See, Perri Affidavit at paragraph 7.

7

Plaintiff admits he received a failing grade - he disputes this grade in this lawsuit. However, he has not stated a New York Executive Law §296 claim since he is not "otherwise qualified" to remain a student at Ross since he failed to re-enroll and re-take the failed class. This cause of action should be dismissed.

## CONCLUSION

Based on the foregoing, Ross University respectfully submits that its motion to dismiss be granted and the complaint be dismissed in its entirety.

Dated: Garden City, New York
       June 13, 2008

                                    Respectfully submitted,

                                    CULLEN AND DYKMAN LLP

                            By:     _____
                                    Jennifer A. McLaughlin (JM 5678)
                                    Attorneys for Defendant
                                    100 Quentin Roosevelt Boulevard
                                    Garden City, New York 11530

Of Counsel:
Jennifer A. McLaughlin (JM 5678)
Candice Lieberman (CL 1754)

8