UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ANAND DASRATH,                                          CV 07-2433(CBA)(RER)

                Plaintiff,                    OBJECTIONS TO REPORT
                                              AND RECOMMENDATIONS
      -against-                                     OF MAGISTRATE REYES

ROSS UNIVERSTIY SCHOOL OF MEDICINE,

                Defendant.
----------------------------------------------------------------X

## Preliminary Statement

Plaintiff Anand Dasrath ("Plaintiff" and/or "Dasrath") hereby objects to some of the findings and recommendations contained in the Report and Recommendation of the Honorable Ramon E. Reyes, Jr., dated August 6, 2008 ("Report") which recommended granting certain branches of Defendant Ross University School of Medicine's ("Defendant" and/or "Ross") motion to dismiss Plaintiff's complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

Specifically, Dasrath objects to the following findings of Magistrate Reyes that: (1) amendment of Plaintiff's breach-of-contract claim would be futile and leave to amend should not be granted (Report at 14); (2) amendment of Plaintiff's fraud claim would be futile and leave to amend should not be granted; (3) amendment of the NYEL § 296(4) claim would be futile and leave to amend should not be granted.

Additionally, Plaintiff objects to the recommendation of Magistrate Reyes that Defendant's motion to dismiss be granted and that Dasrath's case be dismissed in its entirety (Report at 23).

## Objections

Fed. R. Civ. Pro. 15(a) provides that courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a).  No less of an authority than the United States Supreme Court has said that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Courts have interpreted Rule 15(a) liberally, allowing plaintiffs to add new or alternative causes of action and add or substitute defendants. *See,* Grace v. Rosenstock, 169 F.R.D. 473, 479 (E.D.N.Y., 1996).

The district court has discretion in determining whether to grant or deny leave to amend a complaint. Blakely v. Wells, 209 Fed. Appx. 18, 20 (2d Cir. 2006) (citing Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir., 1988)).  A district court may deny leave to amend a complaint for "good reason," such as futility, bad faith, undue delay, or undue prejudice to the opposing party. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200-01 (2d Cir., 2007).  However, "outright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion." *Id.* An amendment to a complaint would be futile if it could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Dougherty v. Town of N. Hempstead Bd. Of Zoning Appeals, 282 F.3d 83, 88 (2d Cir., 2002).

While considering the parties' positions for purposes of issuing the Report, Magistrate Reyes analyzed Plaintiff's complaint and reviewed Defendant's Student Handbook of Academic Rules and Regulations ("Handbook") (Report at 3, note 2).  The Handbook states, in pertinent part, (1) "[f]ollowing the 12-week AICM, there is a 17-week scheduled break during which students remain fully enrolled" (Handbook at 9); (2) [s]tudents who are administratively

withdrawn, …, may… be sponsored to take or re-take the USMLE through the University (Handbook at 14); (3) [s]tudents in the clinical phase of the curriculum register through the Office of the Dean of Clinical Sciences in New Jersey (Handbook at 18); and

(4) [t]he University Registrar enters an administrative withdrawal in the student's record when any of the following apply.  The student: 1) Does not return to the campus to register for the following semester and attend classes in Week One of a semester; 2) Does not return at the time specified for the end of an approved leave; and 3) Is not scheduled for a clinical rotation for a period of 30 days or more and has not applied for and received an approved academic leave of absence (Handbook at 23).

Magistrate Reyes concluded that allowing Plaintiff leave to amend his complaint would be futile and, therefore, recommended dismissing Dasrath's complaint in its entirety.  It is respectfully submitted that a liberal construction of Plaintiff's complaint, in addition to a review of the Handbook, leads to a conclusion that Plaintiff has adequately set forth terms of a contract and that Defendant has breached same.

For instance, Plaintiff was notified by Defendant that he was eligible to sit for the USMLE (please see Exhibit "1", an announcement from Defendant to Plaintiff that he was eligible to sit for the USMLE, annexed hereto) and was on a scheduled break when he was administratively withdrawn from Ross, the administrative withdrawal was not based upon the reasons set forth in the Handbook by Defendant as reasons for an administrative withdrawal, Ross did not sponsor Plaintiff to take or re-take the USMLE and Plaintiff, having concluded the classroom portion of his degree, was a student in the clinical phase of the curriculum and was not required to register for classes in Dominica (please see Exhibit "2", a copy of the ID card issued to Plaintiff by Defendant identifying him as a clinical sciences student, annexed hereto).

Therefore, Plaintiff's complaint, although in-artfully plead, when afforded a liberal construction, states a claim for breach-of-contract under applicable New York law and should not be dismissed.  The facts and circumstances relied upon by Plaintiff are a proper subject of relief and, as such, Plaintiff "ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182.  Furthermore, this is not a matter wherein Plaintiff has had an opportunity to cure defective pleadings and has failed to do so. *See* Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 168 (2d Cir., 2003) (holding that "the District Court did not abuse its discretion in denying . . . leave to amend the complaint because there was a repeated failure to cure deficiencies by amendments previously allowed").

In conclusion, Plaintiff respectfully requests that this Honorable Court not adopt the recommendations of Magistrate Reyes and deny Defendant's motion to dismiss Plaintiff's complaint or, in the alternative, grant Plaintiff leave to file an amended complaint.

Dated: August 19, 2008
        Commack, New York

                                        Law Offices of Albert Adam Breud, P.L.L.C.

                                        /s/ Albert Adam Breud, II_____
                                        By:    Albert Adam Breud, II (AB2355)
                                               356 Veterans Memorial Highway
                                               Suite 8N
                                               Commack, New York 11725
                                               Telephone:  (631) 543-3030
                                               *Attorneys for Plaintiff*