UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ANAND DASRATH,                                      Case No.: CV 07 2433

                              Plaintiff,            (C. Amon)
   - against -                                         (R. Reyes)

ROSS UNIVERSITY SCHOOL OF MEDICINE,

                              Defendant.
----------------------------------------------------------------x

## MEMORANDUM OF LAW OF DEFENDANT ROSS UNIVERSITY SCHOOL OF MEDICINE IN OPPOSITION TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE REYES' AUGUST 6, 2008 REPORT AND RECOMMENDATION

### PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of defendant Ross University School of Medicine ("Ross University") in opposition to Plaintiff's objection to Magistrate Judge Reyes' Report and Recommendation (hereinafter "Order") issued on August 6, 2008. Plaintiff objects to Magistrate Reyes' findings that "(1) amendment of Plaintiff's breach-of-contract claim would be futile and leave to amend should not be granted; (2) amendment of Plaintiff's fraud claim would be futile and leave to amend should not be granted; (3) amendment of the NYEL § 296(4) claim would be futile and leave to amend should not be granted" and (4) "that Defendant's motion to dismiss be granted and that Dasrath's case be dismissed in its entirety." *See* Plaintiff's Objection to Report and Recommendation (the "Objection") pg. 1 (internal citations omitted).

Although Plaintiff's Preliminary Statement states that he objects to all of Magistrate Reyes' findings and recommendation, the only finding that Plaintiff specifically objects to in the Objection is the findings regarding Plaintiff's breach of contract claims. Regardless, Magistrate Reyes

properly concluded that (1) amendment of Plaintiff's breach of contract, fraud, and NYEL § 296(4) claims would be futile and (2) Plaintiff's case should be dismissed in its entirety.

## FACTUAL BACKGROUND

The facts are fully set forth in the moving submissions of Ross University and the affidavit of Nancy A. Perri ("Perri Affidavit") and will not be set forth herein for the sake of brevity.

## ARGUMENT

### POINT I

### PLAINTIFF FAILED TO FILE SPECIFIC OBJECTIONS TO MAGISTRATE REYES' FINDINGS OTHER THAN THE BREACH OF CONTRACT CLAIMS

Pursuant to Fed. R. Civ. P. 72(b) "within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." If a party fails to file specific or adequate objections to a magistrate judge's report and recommendation, it operates as a waiver of further judicial review of the magistrate judge's decision. *Arista Records, Inc. v. Dalaba Color Copy Ctr., Inc.*, No. 05-CV-3634 (DLI)(MDG), 2007 U.S. Dist. LEXIS 16058, *2-3 (E.D.N.Y. March 7, 2007) (citing *Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to **object** to any purported error or omission in a magistrate judge's report **waives** further judicial review of the point"); *McMillan v. New York City Campaign Fin. Bd.*, No. 05 Civ. 8427, 2006 U.S. Dist. LEXIS 34876, 2006 WL 1495272, *1 (S.D.N.Y. June 1, 2006) ("An **objection** which is devoid of any reference to **specific** findings or recommendations and is unsupported by legal authority does not preserve the claim." (internal citations and quotation marks omitted)) (emphasis in original).

Here, Plaintiff has failed to file specific or adequate objections as required under Fed. R. Civ. P. 72(b) with respect to the findings of Magistrate Reyes that (1) amendment of Plaintiff's fraud and

NYEL § 296(4) claims would be futile; (2) Plaintiff's claims under the Age Discrimination Act of 1975 (the "ADA") should be dismissed without prejudice as Plaintiff failed to exhaust his administrative remedies; and (3) Plaintiff's case should be dismissed in its entirety. In fact, Plaintiff does not provide any information regarding his objections whatsoever. Instead, Plaintiff merely states that he "objects" to the findings of Magistrate Reyes with respect to these claims. *See* Plaintiff's Objection pg. 1. Plaintiff does not reference any specific finding or issues addressed in Magistrate Reyes' Order regarding these findings and recommendations. Moreover, plaintiff does not cite to any legal authority in support of his objection to these findings and recommendations. Thus, Plaintiff's Objection does not constitute an adequate objection to the Order and constitutes a waiver of further judicial review of Magistrate Reyes' Order with respect to those findings and recommendations. *Arista Records*, 2007 U.S. Dist. LEXIS 16058, *2-3.

## POINT II

### PLAINTIFF HAS FAILED TO PLEAD A BREACH OF CONTRACT CAUSE OF ACTION AGAINST DEFENDANT

The one finding that Plaintiff does specifically object to is his breach of contract claims. Plaintiff's objections essentially consist of a claim that (1) his administrative withdrawal was improper and (2) that Ross University did not sponsor him to take or retake the USMLE.

### A.     Plaintiff's Waiver Of Objections Regarding His Breach Of Contract Claim

First, Plaintiff fails to provide any specific or adequate objections to Magistrate Reyes' findings and recommendation that, even if Plaintiff is correct, Plaintiff's breach of contract claims should only exist as a discrimination claim under the ADA and not as a breach of contract claim. As such, Plaintiff has waived further judicial review of Magistrate Reyes' decision that the breach of contract claims should only exist as a discrimination claim under the ADA. *Arista Records*, 2007 U.S. Dist. LEXIS 16058, *2-3. Therefore even if Plaintiff successfully argues that he should not

have been administratively withdrawn and should have been permitted to take the USMLE test, Plaintiff's breach of contract claim should still be dismissed as it should properly be brought as an ADA claim.

In addition, even though Plaintiff challenges Magistrate Reyes's findings and recommendation regarding his breach of contract claim, he does not state a specific challenge to the finding that (1) Ross University exercised its proper academic judgment by giving Plaintiff an "F" in the AICM course or (2) that Ross University provided Plaintiff with a timely grade in his AICM course. As such, Plaintiff has waived further judicial review of Magistrate Reyes' decision as to those issues. *Arista Records*, 2007 U.S. Dist. LEXIS 16058, *2-3.

**B.    Plaintiff Provides No Proof Ross University Breached Any Contract With Plaintiff**

Magistrate Reyes correctly held that while "the terms of the implied contract are supplied by bulletins, circulars, and regulations made available to the student", when a student fails to point to a single violation of the terms of the implied contract set forth in any documents or regulations, a breach of contract claim must be dismissed. *Babiker v. Ross University*, 98-Civ-1429, 2000 U.S. Dist. LEXIS 6921, *22 (S.D.N.Y. May 19, 2000); *Kraft v. Yeshiva University*, 00-Civ-4899, 2001 U.S. Dist. LEXIS 16152 (S.D.N.Y. Oct. 5, 2001) ("A bare declaration of misconduct lacking the identification of a definite breached promise or obligation does not satisfy the burden of specificity in pleadings.").

While "a student may bring a breach of contract action against his school, claims that sound in tort and ask the Court to involve itself in the subjective professional judgments of trained educators will not survive a motion to dismiss merely because the plaintiff couches [his] claims in terms of breach of contract." *Kraft*, 2001 U.S. Dist. LEXIS 16152. "[T]he mere fact that Plaintiff [is] a student…does not impose upon [the University] a duty to grant him a degree." *Id.* Strong

"policy considerations militate against the intervention of courts in controversies relating to an educational institution's judgment of a student's academic performance." *Susan M. v. N.Y. Law Sch.*, 76 N.Y.2d 241, 245, 556 N.E.2d 1104, 1106 (N.Y. 1990).

With respect to Plaintiff's claim that his administrative withdrawal was improper, Plaintiff fails to present any facts that contradict Magistrate Reyes' findings. Plaintiff claims that he was on an administrative break when he was administratively withdrawn; however, even a cursory review of that section of the Handbook shows that the 17-week scheduled break is simply for purposes of loan deferment and makes an exception for students who did not receive passing scores in the AICM course. *See* Handbook pg. 9. Thus, there can be no breach of contract claim based on Plaintiff's allegation that he was on break at the time.

Next, Plaintiff asserts that his administrative withdrawal was not based on reasons set forth in the Handbook and that he was not required to register for classes. This, however, completely ignores the fact that Plaintiff failed to re-enroll to re-take the AICM in the semester immediately following his failure of the AICM course and that Plaintiff's failure to re-enroll to successfully complete the AICM course is an act of withdrawal from Ross University. *See* Perri Affidavit ¶¶ 8 and 9. The Handbook states that the "University Registrar enters an administrative withdrawal in the student's record when any of the following apply. The student…*[d]oes not return to the campus to register for the following semester and attend classes in Week One of a semester*." *See* Order pg. 14 (modification in original). Such withdrawals are to be effective the last day of the failed course. *See* Perri Affidavit ¶ 10. Plaintiff does not provide any facts to contradict the statements in the Perri Affidavit. *Ward v. N.Y. Univ.*, No. 99-CV-8733 (RCC), 2000 WL 1448641, at *5 (S.D.N.Y. Sept. 28, 2000) ("bald assertions and conclusory allegations" do not make out a valid breach-of-contract

claim). As such, Plaintiff provides no support for his claim that the administrative withdrawal was improper and, thus, his Objection should be denied and Magistrate Reyes' Order should be adopted.

Finally, Plaintiff asserts that Ross University did not sponsor Plaintiff to take or retake the USMLE. Plaintiff quotes the Handbook, as stating "[s]tudents who are administratively withdrawn,...may...be sponsored to take or re-take the USMLE through the University. *See* Plaintiff's Opposition at pg. 2-3 (quoting the Handbook at 14) (modifications in original). This allegation, however, does not show any breach of any contract. The Handbook clearly says that administratively withdrawn students *may* be sponsored to take or re-take the USMLE, not that they *must* be sponsored. Further, the Handbook goes on to state that there is a required application process before any such sponsorship can occur. *See* Handbook at 14. Plaintiff has presented no proof that he made the required application. Thus, Plaintiff does not point to any breach of contract by Ross University. At most he points to an exercise of Ross University's discretion.

C.   **Applicable Legal Standard**

Plaintiff correctly states that where a plaintiff has filed an inadequately pled complaint, the plaintiff is freely given the opportunity to amend, ***except when an amendment would be futile***. *E.g., Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1198 (2d Cir. 1989) (citing FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("One appropriate basis for denying leave to amend is that the proposed amendment is futile."). An amendment is futile if it could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Lucente*, 310 F.3d at 258 (2d Cir. 2002).

As shown below, Plaintiff's Complaint failed to plead a cause of action for breach of contract and an amendment of the complaint would be futile as any amendment would not withstand a subsequent motion to dismiss.

## CONCLUSION

Based on the foregoing, Ross University respectfully submits that Magistrate Reyes' Order should be adopted in its entirety, its motion to dismiss be granted, and the complaint be dismissed in its entirety.

Dated: Garden City, New York
       August 27, 2008

                                      Respectfully submitted,

                                      CULLEN AND DYKMAN LLP

                                      By: _____
                                            Justin F. Capuano (JC 5853)
                                            Attorneys for Defendant
                                            100 Quentin Roosevelt Boulevard
                                            Garden City, New York 11530

Of Counsel:
James G. Ryan
Justin F. Capuano

STATE OF NEW YORK     )
                      )  ss.:
COUNTY OF NASSAU      )

MAUREEN SAUTER, being duly sworn, deposes and says:

That she is over the age of 21 years, resides at Massapequa, New York and is not a party to this action.

That on the 28th day of August, 2008 she served the within Memorandum of Law upon the parties listed below, filed with the Clerk of the Court in accordance with the Federal Rules of Civil Procedure, and Eastern District's Local Rules, and Eastern District's Rules on Electronic Service and by depositing a true copy thereof in a properly sealed wrapper in a depository maintained by the United States Postal Service located on the premises at Garden City Center, 100 Quentin Roosevelt Boulevard, Garden City, New York 11530, addressed as follows:

Albert Adam Breud, II
Albert Adam Breud, P.L.L.C.
Attorney for Plaintiff
356 Veterans Memorial Highway
Suite 8N
Commack, New York 11725

that being the address designated on the latest papers served by them in this action.

_____
Maureen Sauter

Sworn to before me this
28th day of August, 2008.

_____
Notary Public