UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANAND DASRATH,

                Plaintiff,

            -against-

ROSS UNIVERSITY
SCHOOL OF MEDICINE,

                Defendant.
------------------------------------------------------------x

**NOT FOR PUBLICATION
MEMORANDUM & ORDER**

07-CV-2433 (CBA) (RER)

AMON, United States District Judge.

        Plaintiff Anand Dasrath filed suit against Ross University School of Medicine, alleging breach of contract, fraud, violation of New York Human Rights Law, N.Y. Executive Law section 296(4) and violations of the Age Discrimination Act of 1975, 42 U.S.C. sections 6101 et seq. Defendant made a motion to dismiss the complaint due to lack of subject matter jurisdiction over the Age Discrimination Act claim and failure to state a claim upon which relief can be granted as to the remaining three claims. Later, plaintiff requested a stay of the proceedings to permit him to satisfy the notice requirements of the Age Discrimination Act. These motions were referred to the Honorable Ramon E. Reyes, Jr., United States Magistrate Judge for the Eastern District of New York. Magistrate Judge Reyes recommended denying plaintiff's request for a stay and granting defendant's motions, dismissing the case in its entirety.

        Plaintiff filed objections to the Magistrate Judge's Report and Recommendation ("R&R") of August 6, 2008. Although plaintiff states in the introduction to his objections that he is objecting to the findings that amendment would be futile as to his contract, fraud, and New York Human Rights Law claims, and to the recommendation "that Defendant's motion to dismiss be granted and that Dasrath's case be dismissed in its entirety," plaintiff only makes specific

objections as to the finding that amendment of his breach of contract claim would be futile. Defendant filed an opposition to plaintiff's objections, noting that plaintiff had only objected to one of Magistrate Judge Reyes's findings with specificity.

DISCUSSION

The Court considers plaintiff's objections to Magistrate Judge Reyes's R&R *de novo*. See Fed. R. Civ. P. 72(b); European Cmty. v. RJR Nabisco, Inc., 134 F. Supp. 2d 297, 302 (E.D.N.Y. 2001). Plaintiff has made one specific objection, as to the finding that amendment of his breach-of-contract claim would be futile. With respect to his remaining claims, plaintiff's failure to make specific objections waives his opportunity to contest the magistrate judge's findings. "Failing to file 'specific' or adequate objections to a magistrate judge's report and recommendation 'operates as a waiver of further judicial review of the [magistrate judge's] decision.'" Arista Records, Inc. v. Dalaba Color Copy Ctr., Inc., No. 05-cv-3634, 2007 U.S. Dist. LEXIS 16058, at *3 (E.D.N.Y. March 7, 2007) (quoting Mario v. P&C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002)). Dasrath's bare statements that he objects to certain holdings are not sufficient to state specific objections.

Accordingly, the Court considers plaintiff to have waived any objections other than the objection as to the futility of amendment as to his breach of contract claim. The Court, however, may consider issues not objected to. See Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989) ("Even if neither party objects to the magistrate's recommendation, the district court is not bound by the recommendation of the magistrate."). The Court elects to review the recommendation that leave to amend be denied as to plaintiff's other claims as well.

As to the breach-of-contract claim, plaintiff requests leave to amend his complaint. Under the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Rule creates a presumption that leave to amend should be granted. Moreover, where a responsive pleading has yet to be filed, a party may amend its pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1). A motion is not considered a responsive pleading. See Fed. R. Civ. P. 7(a) (defining pleadings); 6 Wright & Miller, Fed. Prac. & Proc. § 1483 ("[C]ourts have held that the filing of a motion to dismiss will not prevent a party from subsequently amending without leave of court."); see also Barbara v. NYSE, Inc., 99 F.3d 49, 56 (2d Cir. 1996) (citing Wright & Miller). Because defendant has not yet filed an answer, plaintiff has the right to amend his Complaint once. Accordingly, the Court modifies the R&R in part and grants plaintiff leave to amend his Complaint, as to all claims, within 30 days.

The Court has reviewed the remainder of the R&R and finds no clear error in denying the stay or in dismissing Dasrath's claims as originally plead.

## CONCLUSION

The R&R of Magistrate Judge Reyes is adopted in part and modified in part. The motion to dismiss the ADA claim for lack of subject matter jurisdiction is granted without prejudice to refiling after compliance with the ADA's notice and administrative exhaustion requirements. The motion to dismiss as to the contract, fraud and New York Human Rights Law claims is granted. Plaintiff's request to stay the proceedings is denied. Plaintiff is given leave to file an amended complaint as to all claims within 30 days of the date of this Order.

SO ORDERED.

Dated: Brooklyn, New York
March 31, 2009

Carol Bagley Amon
United States District Judge