# Law Offices of
# Albert Adam Breud, P.L.L.C.

356 Veterans Memorial Highway                                        Telephone:  (631) 543-3030
Suite 8N                                                             Facsimile:   (631) 543-2888
Commack, New York 11725                                              Breudlaw@optonline.net

<u>Managing Member</u>                                                       <u>Of Counsel</u>
Albert Adam Breud, II                                                Jonathan Edward Kirchner

*Via Electronic Case Filing and U.S. Mail*

April 21, 2009

Hon. Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Dasrath v. Ross University School of Medicine
           CV 07-2433(CBA)(RER)

Dear Judge Amon:

This correspondence is respectfully submitted pursuant to Rule 1(d) of Your Honor's Individual Motion Practices and Rules and is in reply to Plaintiff Anand Dasrath's ("Plaintiff" and/or "Dasrath") "NOTICE advising that 'Mr. Albert Breud was paid in full for services rendered so far,' that the undersigned 'does not have a replacement lawyer […] and seeks to keep Mr. Breud as the lawyer in the above case'"[1] which was entered on the ECF system on April 17, 2009[2]. As the Court is aware, pursuant to Local Civil Rule 1.4, on March 27, 2009 a letter motion was submitted by the undersigned seeking to be relieved as counsel of record for Plaintiff in regard to the above-referenced matter.

As stated in the March 27, 2009 letter motion to be relieved as counsel, the undersigned was retained by Plaintiff to oppose Defendant Ross University School of Medicine's pre-answer motion to dismiss Plaintiff's complaint and to seek leave to amend Plaintiff's complaint. The Court's March 31, 2009 Order evidences that the undersigned has fulfilled his duties pursuant to the retainer agreement he had with Dasrath. Additionally, a letter of non-engagement was sent to Dasrath on December 23, 2008.

---

[1] The ECF Notice dated April 17, 2009 apparently relies upon communication from the Plaintiff to the Court which the undersigned does not possess.

[2] Although not delineated as an opposition to the letter motion to be relieved as counsel dated March 27, 2009, Dasrath's Notice will be treated as an opposition to said motion.

Hon. Carol Bagley Amon
April 21, 2009
Page Two of Three

The basis for the application to be relieved as counsel was a breakdown of the attorney-client relationship. Unfortunately, subsequent to the March 27, 2009 letter motion, accusations made by Dasrath have caused the attorney-client relationship to be completely obliterated.

On or about April 9, 2009 Plaintiff telephoned the undersigned and acknowledged he had received both the March 27, 2009 letter motion and the Court's Order dated March 31, 2009. During said conversation Plaintiff accused this Firm of committing legal malpractice. Plaintiff's allegations of malpractice apparently stem from his belief that his case is somehow exempt from the notice requirements under the Age Discrimination Act of 1975, 42 U.S.C. § 6102, et seq., *see* 42 U.S.C. § 6104(e)(1), and the requirement that he exhaust his administrative remedies prior to commencing an action. *See* 42 U.S.C. § 6104(e)(2).

In addition to the Disciplinary Rules cited in the March 27, 2009 letter motion seeking to be relieved as counsel, Plaintiff's allegations of malpractice and his belief he is exempt from the notice and exhaustion of administrative remedies applicable to the ADA cause of action would cause the undersigned to violate various rules of Part 1200 of the New York Codes, Rules and Regulations ("NYCRR") -Rules of Professional Conduct.[3]

Specifically, Plaintiff's allegations of malpractice and his belief that he is exempt from certain statutory provisions of his ADA action would cause the undersigned to either violate Rules 1.16(b)(1), 1.16(c)(1), (4), (6), and (13) or be subject to defending an action for malpractice.

Granting this application will not prejudice Plaintiff in any way. Plaintiff has received the Court's March 31, 2009 Order and has had an opportunity to consult with replacement counsel. In the event Plaintiff's efforts to find replacement counsel prior to April 30, 2009 are unsuccessful, the undersigned requests that the Court extend Plaintiff's time to file and serve an amended complaint for an additional 90 days or until on or about July 31, 2009.

Wherefore, the undersigned respectfully requests that this Honorable Court grant the application for the Law Offices of Albert Adam Breud, P.L.L.C. to be relieved as Plaintiff's counsel of record and for such other and further relief as to this Court seems just and proper.

Respectfully submitted,

Albert Adam Breud, II_____
Albert Adam Breud, II (AB 2355)
356 Veterans Memorial Highway
Suite 8N
Commack, New York 11725
(631) 543-3030

---

[3] The amended New York State Rules of Professional Conduct became effective on April 1, 2009.

Hon. Carol Bagley Amon
April 21, 2009
Page Three of Three

To:	Cullen and Dykman, LLP	Anand Dasrath
	Jennifer A. McLaughlin, Esq.	89-25 209 Street
	100 Quentin Roosevelt Boulevard	Queens Village, New York 11427
	Garden City, New York 11530
	*Attorneys for Defendant*