UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X   Case No.: CV-07-2433
ANAND DASRATH

                Plaintiff ,

   -against-

ROSS UNIVERSITY SCHOOL OF
MEDICINE
                Defendant.
-------------------------------------------------------X

      Plaintiff, complaining of the Defendant, by his attorneys COSTELLO & COSTELLO, P.C., respectfully shows and alleges as follows:

      1.      That at all times hereinafter mentioned, Plaintiff, ANAND DASRATH, is and still resides in the Borough of Brooklyn, County of Kings, City and State of New York.

      2.      Upon information and belief, at all times hereinafter mentioned, the Defendant, ROSS UNIVERSITY SCHOOL OF MEDICINE, was and still is a corporate entity and a medical school which has offices at 499 Thornall Street, 10th Floor, Edison, New Jersey 08837 and 7000 SW 62nd Avenue, Penthouse A, South Miami, Florida 33143. Defendant is an accredited institution by the United States Department of Education and certified as an eligible institution for the Title IV U.S. Federal Family Education Loan Program and receives various forms of Federal funding and/or Federal financial assistance.

      3.      Venue in the eastern District of New York is appropriate in that Plaintiff resides at 89-25 209th Street, Queens Village, New York 11427, County of Queens, city and State of New York.

      4.      Subject matter jurisdiction over the instant action exists over all claims herein pursuant to 28 U.S.C. 1331, 1332, as the instant matter arises under the laws of the United States,

specifically the Age Discrimination Act of 1975, 42 U.S.C. 6101-6107, diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00 Additionally, pendant subject matter jurisdiction over the instant action exists over Plaintiff's New York Executive Law and breach of contract claims pursuant to this Court's supplemental jurisdiction.

Background

5. At all times hereinafter mentioned, plaintiff was a forty-six year old medical student at the Defendant's school of medicine since May 2004 and had continually paid the school tuition in exchange for the school providing an education to the Plaintiff. Upon information and belief, Plaintiff was one of the oldest members of his class.

6. The Plaintiff took the "AICM" the Advanced Introduction to Clinical Medicine course in the 2006 Spring semester, the Plaintiff's fifth semester, at the Defendant's school of medicine located in Miami, Florida. The Plaintiff, however, did not receive a grade for the AICM course despite his demand for his grade. Plaintiff's May 2006 transcript had a "blank space" where his grade should have been for the AICM course. Despite his demands, Plaintiff had been denied his right to inspect school records regarding his academic performance or the scantron sheets he submitted his answers upon taking the examinations. The Plaintiff was advised by Dr. Enrique Fernandez, his professor, and the Assistant Dean of Clinical science, that he received a "94%" on the physical exam.

7. In March of 2006, Plaintiff submitted an application to take the United States Medical Licensing Examination "USMLE" Step 1. Plaintiff's application indicated he passed all five (5) parts of the AICM course, included a certification by an official of the Defendant medical school that the Plaintiff was enrolled in the Defendant school of medicine, as well as a rubber stamp attached to the Plaintiffs passport photo identification Said certification contained

the defendant school of medicine's sealed stamp certifying the plaintiff's application. Lastly, an application fee of $695 was paid by the Plaintiff and accepted by the Defendant along with the Plaintiff's application for the USMLE Step 1 examination.

8. On or about June 29, 2006, Defendant notified Plaintiff he had been "Administratively Withdrawn" from Ross "for failure to register for the May 2006 AICM course"enrollment as a student from Defendant's school medicine and withdrew its sponsorship of Plaintiff, The Defendant's alleged basis for said withdrawal was that Plaintiff did not successfully complete the AICM course and pass the USMLE Step 1 Exam.

9. On August 14, 2006, Plaintiff received his grade in the AICM course, which was listed as an "F". The Plaintiff was advised not only that he had not failed the AICM course, but even if he had not failed, it was not a prerequisite to taking the USMLE Step 1 Exam, but rather it was the NBME comprehensive exam, which Plaintiff passed, was the prerequisite the USMLE Step 1 Exam. The results of the USMLE examination the Plaintiff had previously taken were to be released the following day on August 15, 2006.

10. Upon information and belief, during Plaintiff's time as a student at Defendant's school of medicine, his grades were changed, withheld, and/or inaccurately reported.

11. Upon information and belief, the Plaintiff had approached his student advisor about these issues and was advised by him not to "rock the boat" as the Defendant school of medicine discriminates on the basis of age.

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C 6102

12. The allegations contained in paragraphs "1" through and including "11" are incorporated as if restated herein.

13. 42 U.S.C. 6102 states that no "person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance".

14. Upon information and belief, the Defendant receives Federal financial assistance as more fully set forth in paragraph "3" above.

15. Upon information and belief, the Defendant discriminated against the Plaintiff solely on the basis of his age. Said discrimination consisted of excluding him from participation in Defendant's school of medicine, denying Plaintiff the benefits of said program, subjecting him to harassment, and Plaintiff had been evaluated and treated differently than similarly situated younger students.

16. Upon information and belief, the defendant discriminates against its older students due to its preference in placing its younger students in hospital training programs and thus making it either difficult, or as in the Plaintiff's case, preventing him from completing the requisite steps to complete his studies and gain admittance in a hospital training program.

17. Upon information and belief, the Defendant has continuously and systemically discriminated against older students of its medical school such as the Plaintiff.

18. Based on the foregoing, Defendant violated the Age Discrimination Act of 1975 and Plaintiff now seeks monetary compensatory damages, legal fees, and equitable relief in the form of reinstatement to the Defendant's school of medicine and sponsorship for the USMLE Step 1examination, release of Plaintiff's USMLE Step 1 examination score, and the release of the Plaintiff's grades and records.

## AS AND FOR A SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

19. The allegations contained in paragraphs "1" through and including "19" are incorporated as if fully reinstated herein.

20. Plaintiff contracted with Defendant and paid Defendant tuition in consideration of Defendant preparing Plaintiff to become a licensed medical doctor eligible to practice medicine in the United States. Pursuant to the contract, Defendant was to accurately record Plaintiff's grades and sponsor Plaintiff to take the USMLE Step 1 examination.

21. In March of 2006 the Plaintiff had submitted his application to take the USMLE Step 1 Examination. Plaintiff's application, as more fully described in paragraph "7" was accepted by the Defendant medical school. On June 27, 2006 the Defendant notified the Plaintiff that he was administratively withdrawn from the Defendant's school of medicine and that the Defendant withdrew its sponsor ship for the USMLE Step 1 examination. The Defendant breached the contractual agreement by withdrawing its sponsorship

**DORI A. STYLES**

Sworn to before me on
20th day of February, 2009

_____
NOTARY PUBLIC