UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------X    Case No.:  CV-07-2433

ANAND DASRATH

                        Plaintiff ,    **AMENDED COMPLAINT**

      -against-

ROSS UNIVERSITY SCHOOL OF
MEDICINE
                   Defendant.

------------------------------------------------------X

Plaintiff, complaining of the Defendant, by his attorneys COSTELLO & COSTELLO,

P.C., respectfully shows and alleges as follows:

1.      That at all times hereinafter mentioned, Plaintiff, ANAND DASRATH, is and still

resides in the Borough of Queens, County of Queens, City and State of New York.

2.      Upon information and belief, at all times hereinafter mentioned, the Defendant,

ROSS UNIVERSITY SCHOOL OF MEDICINE, was and still is a corporate entity and a

medical school which has offices at 499 Thornall Street, 10th Floor, Edison, New Jersey 08837

and 7000 SW 62nd Avenue, Penthouse A, South Miami, Florida 33143. Defendant is an

accredited institution by the United States Department of Education and certified as an eligible

institution for the Title IV U.S. Federal Family Education Loan Program and receives various

forms of Federal funding and/or Federal financial assistance.

3.      Venue in the eastern District of New York is appropriate in that Plaintiff resides at

89-25 209th Street, Queens Village, New York 11427, County of Queens, city and State of New

York.

4.      Subject matter jurisdiction over the instant action exists over all claims herein

pursuant to 28 U.S.C. 1331, 1332, as the instant matter arises under the laws of the United States,

specifically the Age Discrimination Act of 1975, 42 U.S.C. 6101-6107, diversity of citizenship

exists between the parties and the amount in controversy exceeds $75,000.00 Additionally,

pendant subject matter jurisdiction over the instant action exists over Plaintiff's New York

Executive Law and breach of contract claims pursuant to this Court's supplemental jurisdiction.

Background

5.      At all times hereinafter mentioned, plaintiff was a forty-six year old medical

student at the Defendant's school of medicine since May 2004 and had continually paid the

school tuition in exchange for the school providing an education to the Plaintiff. Upon

information and belief, Plaintiff was one of the oldest members of his class.

6.      The Plaintiff took the "AICM" the Advanced Introduction to Clinical Medicine

course in the 2006 Spring semester, the Plaintiff's fifth semester, at the Defendant's school of

medicine located in Miami, Florida. The Plaintiff, however, did not receive a grade for the

AICM course despite his demand for his grade. Plaintiff's May 2006 transcript had a "blank

space" where his grade should have been for the AICM course. Despite his demands, Plaintiff

had been denied his right to inspect school records regarding his academic performance or the

scantron sheets he submitted his answers upon taking the examinations. The Plaintiff was

advised by Dr. Enrique Fernandez, his professor, and the Assistant Dean of Clinical Science, that

he received a "94%" on the physical exam.

7.      In March of 2006, Plaintiff submitted an application to take the United States

Medical Licensing Examination "USMLE" Step 1. Plaintiff's application indicated he passed all

five (5) parts of the AICM course, included a certification by an official of the Defendant

medical school that the Plaintiff was enrolled in the Defendant school of medicine, as well as a

rubber stamp attached to the Plaintiffs passport photo identification.  Said certification contained

the defendant school of medicine's sealed stamp certifying the plaintiff's application. A letter

was forwarded by Ms. Brijette Sena, associate Registrar of Clinical Sciences informing Plaintiff

that he had passed the NBME exam and that he was eligible to take the USMLE Step 1 Exam.

Lastly, an application fee of $695 was paid by the Plaintiff and accepted by the Defendant along

with the Plaintiff's application for the USMLE Step 1 examination.

8.      On or about June 29, 2006, Defendant notified Plaintiff he had been

"Administratively Withdrawn" from Ross "for failure to register for the May 2006 AICM

course" enrollment as a student from Defendant's school medicine and without notifying

Plaintiff withdrew its sponsorship of Plaintiff.

9.      On August 14, 2006, Plaintiff received his grade in the AICM course, which was

listed as an "F". According to the Defendants Handbook at page 13"Students become eligible to

take the USMLE Step I when they have passed all courses in the Basic Science Curriculim,

successfully the Advanced Intergration to Clinical Medicine clerkship, and, have passed the

NBME Comprehensive Basic Sciences Exam The results of the USMLE examination the

Plaintiff had previously taken were to be released the following day on August 15, 2006.

10.     Upon information and belief, during Plaintiff's time as a student at Defendant's

school of medicine, his grades were changed, withheld, and/or inaccurately reported.

11.     All administrative remedies relating to the Age Discrimination claim have been

exhausted.

**AS AND FOR A FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C 6102**

12.     The allegations contained in paragraphs "1" through and including "11" are

incorporated as if restated herein.

13.     42 U.S.C. 6102 states that no "person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance".

14.     Upon information and belief, the Defendant receives Federal financial assistance as more fully set forth in paragraph "3" above.

15.     Upon information and belief, the Defendant discriminated against the Plaintiff solely on the basis of his age. Said discrimination consisted of excluding him from participation in Defendant's school of medicine, denying Plaintiff the benefits of said program, subjecting him to harassment, and Plaintiff had been evaluated and treated differently than similarly situated younger students.

16.     Upon information and belief, the defendant discriminates against its older students due to its limited ability of placing its students in hospital training programs, which follow the passing of the USMLE exam, and its preference in placing its younger students in hospital training programs and thus making it either difficult, or as in the Plaintiff's case, preventing him from completing the requisite steps to complete his studies and gain admittance in a hospital training program.

17.     Upon information and belief, the Defendant has continuously and systemically discriminated against older students of its medical school such as the Plaintiff.

18.     Based on the foregoing, Defendant violated the Age Discrimination Act of 1975 and Plaintiff now seeks monetary compensatory damages, legal fees, and equitable relief in the form of reinstatement to the Defendant's school of medicine and sponsorship for the USMLE Step 1examination, release of Plaintiff's USMLE Step 1 examination score, and the release of the Plaintiff's grades and records.

## AS AND FOR A SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

19.     The allegations contained in paragraphs "1" through and including "19" are incorporated as if fully reinstated herein.

20.     Plaintiff contracted with Defendant and paid Defendant tuition in consideration of Defendant preparing Plaintiff to become a licensed medical doctor eligible to practice medicine in the United States. Pursuant to the contract, Defendant was to accurately record Plaintiff's grades and sponsor Plaintiff to take the USMLE Step 1 examination.

21.     In March of 2006 the Plaintiff had submitted his application to take the USMLE Step 1 Examination. Plaintiff's application, as more fully described in paragraph "7," was accepted by the Defendant medical school. On June 27, 2006 the Defendant notified the Plaintiff that he was administratively withdrawn from the Defendant's school of medicine and that the Defendant subsequently withdrew its sponsorship for the USMLE Step 1 examination.

22.     The Defendant was in breach of its contractual obligation to the Plaintiff in administratively withdrawing Plaintiff from its school of medicine without justification and in violation of its own academic rules and regulations.

23.     The Defendant breached the contractual agreement when without any justification or valid reason withdrew its sponsorship for the USMLE exam after it had accepted Plaintiff's application and duly certified Plaintiff to take said exam.

## AS AND FOR A THIRD CAUSE OF ACTION
## FRAUD

24.     The allegations contained in paragraphs "1" through and including "23" are incorporated as if fully reinstated herein.

25.     Upon information and belief, the Defendant made false representations to the Plaintiff regarding his grades on the AICM course. On August 14, 2006 the Defendant released the Plaintiff's AICM grade and listed it as an "F", a failing grade. The Plaintiff passed all five parts of the AICM course and was in possession of those passing grades.

26.     The Defendant falsely represented in its June 27, 2006 letter signed by Michael Rendon, the University Registrar that Plaintiff was being administratively withdrawn from the defendant's school of medicine for failing to register for the May 2006 AICM course. The assertion in that letter is false and in contradiction to the Defendant school of medicine's rules and regulations.

27.     The Defendant's Dean of Clinical Studies, Nancy Perri has falsely represented that she had reviewed the Plaintiff's grades from the five part AICM course and has stated he has failed. Upon information and belief, Dean Perri was not in possession of the Plaintiff's AICM grade at the time.

28.     The foregoing false representations were committed in furtherance of the Defendant's ongoing practice of denying its older students placement in hospital training due to their limited placement opportunities. The Defendant's falsely withheld and then misrepresented the Plaintiff's grade in the AICM course as a means of having the results of his USMLE exam

blocked in order to avoid attempting to place Plaintiff in a training program in favor of its

preferred younger students, of which Plaintiff was not.

29.     The Defendant succeeded in blocking the Plaintiff in advancing and succeeding in

his medical studies due to its false representations and ongoing fraudulent behavior. All of which

was to Plaintiff's detriment. The wanton, willful, and malicious nature of Defendant's intentional

misrepresentations and fraud entitle Plaintiff to punitive damages to punish the Defendant and to

discourage others from similar conduct.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**TORTUOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**

30.     The allegations contained in paragraphs "1" through and including "29" are

incorporated as if restated herein.

31.     The defendant accepted the Plaintiff's to its school of medicine, enrolled Plaintiff

in same and accepted Plaintiff's tuition money and in return was to provide Plaintiff with an

education and to accurately and timely report Plaintiff's grades based on his performance. Thus,

a valid contract and/or agreement between the parties were formed.

32.      The defendant intentionally interfered with this contract by administratively

withdrawing the Plaintiff from its school of medicine without any justification and in violation of

its own rules and regulations.

33.     The Defendant further intentionally interfered with the contracted by withdrawing

its sponsorship of the USMLE exam after it had accepted and certified his application for said

exam.

34.     The Defendant failed and refused to provide the Plaintiff with his grades, to wit:

his overall grade in the AICM course.

35.     As a result of Defendant's intentional interfered with said contract/agreement and the Plaintiff was unable to complete his studies as he deserved to and as a result suffered damages.

WHEREFORE, Plaintiff demands judgment against the Defendant herein for monetary compensatory damages, legal fees, and equitable relief in the form of reinstatement to the Defendant's school of medicine, sponsorship for the USMLE Step 1 Examination, release of the Plaintiff's USMLE Step 1 score, and the release of the Plaintiffs remaining grades and records, together with such other and further relief this Court deems just and proper.

Dated: June 17, 2009
        Brooklyn, New York

Respectfully  Submitted

COSTELLO & COSTELLO, P.C
BY: SALVATORE D. COMPOCCIA, ESQ
5919 20TH Avenue
Brooklyn, New York11204
(718) 331-4600