UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X     CV 07-2433(CBA)(RR)
ANAND DASRATH

                              Plaintiff,

   -against-

ROSS UNIVERSITY SCHOOL OF MEDICINE

----------------------------------------------------------------X

**PLAINTIFF ANAND DASRATH'S**
**MEMORANDUM OF LAW IN OPPOSITION**
**TO DEFENDANT'S MOTION TO DISMISS**
**THE COMPLAINT**

                                                  Respectfully submitted

                                                  _____
                                                  **COSTELLO & COSTELLO, P.C.**
                                                  **BY:  SALVATORE D. COMPOCCIA**
                                                  Attorneys for the Plaintiff
                                                  5919 20th Avenue
                                                  Brooklyn, New York 11204
                                                  (718) 331-4600

## PRELIMINARY STATEMENT

On June 17, 2009 Plaintiff Anand Dasrath ("Dasrath" and or "Plaintiff") filed an amended complaint in the United States District Court for the Eastern District of New York. Plaintiff's Amended Complaint alleges Defendant Ross University School of Medicine ("Ross" and or "Defendant") engaged in unlawful age discrimination in violation of both the Age Discrimination Act of 1975, 42 U.S.C. 6102, et. seq. ("ADA"), breach of contract, fraud, and tortuous interference with contractual relations.

By Notice of Motion dated July 22, 2009 Defendant moved to dismiss Plaintiff's amended complaint pursuant to Rule 12 (b)(1) and (6) of the Federal Rules of Civil Procedure arguing that the Court lacks subject matter jurisdiction over the Plaintiff's ADA claim and that the remaining claims fail to set forth a cause of action.

Plaintiff submits this Memorandum of Law and accompanying Affidavit of Plaintiff Anand Dasrath in opposition to Defendant's Motion to Dismiss and based on the following, defendant's motion to dismiss should be denied in its entirety.

## STATEMENT OF FACTS

The Plaintiff, Anand Dasrath, enrolled in Ross University School of Medicine, the Defendant in this action, in May 2004. Upon information and belief, Plaintiff was one of the oldest students in his class. Ross is a medical school located on the island of Dominica in the West Indies, with offices in the states of New Jersey and Florida. Ross is an accredited institution by the United States Department of Education and receives various forms of Federal funding or financial assistance.

In the spring of 2006, Plaintiff enrolled in, and subsequently completed, the Advanced Introduction to Clinical Medicine ("AICM") course at Ross. Upon information and belief, AICM is a prerequisite course for eligibility to take the United States Medical Licensing Examination Step 1 ("USMLE 1"). USMLE 1 is the first of several examinations that foreign medical school students must pass in order to practice medicine in the United States.

In May of 2006 Plaintiff received his transcript, but with a "blank space" where his grade for the AICM course would have been. Perplexed, Plaintiff made several inquiries regarding the omission of his grade and later formal demands for his AICM grade. He requested of the school that he be furnished with his academic file, as well as the scantron sheets he submitted his answers on the AICM exam. All of his demands were denied by Ross. During this time Plaintiff did speak to Dr. Enrique Fernandez, the director of the AICM course at Ross, and Dr. Fernandez informed Plaintiff that he received a 94% on the AICM physical exam.

Earlier, in March of 2006, Plaintiff submitted an application to take the USMLE 1. Contained within the application was a certification by Ross that Dasrath was "officially enrolled" at the Ross medical school with a sealed stamp attached to Plaintiff's passport. In addition, the application indicated that the Plaintiff had passed all five (5) parts of the AICM course, the defendant school's rubber seal certifying Plaintiff's application, and an application fee of $695 was paid and accepted by the Defendant along with Plaintiff's USMLE application. Plaintiff sat for and took the USMLE 1 on July 27, 2006. See Exhibit A attached

On or about June 29, 2006, Defendant notified Plaintiff that he had been "administratively withdrawn" from enrollment in Ross "for failure to register for the May 2006 AICM course". See exhibit B attached.  Plaintiff immediately objected, claiming that he had completed the AICM course and was waiting for his overall grade in the AICM course to be

3

released. Moreover, Plaintiff protested that he was on a valid 17 week break and was not required to register for any course during that period and that the Defendant's decision to administratively withdraw him as a student violated Ross' own Student Handbook guidelines. Typically, Ross ignored the Plaintiff's protestations.

On August 14, 2006, Plaintiff received his AICM grade, some four (4) months after the other students of the AICM course received their grades. Plaintiff's grade was listed as an "F". The Defendant withdrew its sponsorship of the Plaintiff for the USMLE 1 and had the release of the Plaintiff's USMLE 1 grade release blocked. Oddly, the release of the USMLE grade was scheduled for August 15, 2006, the next day.

During the course of these events, the Plaintiff sought the counsel of his student advisor regarding what had been occurring and the student adviser warned him that Ross discriminates against its older students and that he should not "rock the boat".

## **Standard of Review**

When considering a motion to dismiss pursuant to Fed. R, Civ. Pr 12(b)(1) for lack of subject matter jurisdiction the court must accept the factual allegations made in the complaint as true and reasonable inferences must be drawn in favor of the plaintiff. Russian Standard Vodka, Inc, et.al, v. Allied Domecq Spirits & Wine, Inc. et.al., 523 F. Supp. 2d 376, 378 (S.D.N.Y., 2007). The court may resolve disputed facts by reference to evidence outside the pleadings, including affidavits. *Id* (citing State Employees Bargaining agent Coal v. Rowland, 494 F.2d 71,75 (2d Cir., 2007).

In deciding a motion to dismiss pursuant to Fed R. Civ. Pro 12(b)(6), the court's role is to "assess the legal feasibility of the complaint, not to assay the evidence which might be offered in support thereof." Barea v. State University. of New York at Albany, 2006 U.S. Dist. Lexus

4

466818 (N.D.N.Y.) AmBase Corp v. City Investing Co. Liquidating Trust, 326 F.3d 63,72 (2d Cir., 2003). A rule 12(b)(6) motion should result in dismissal of the complaint when "it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle him to relief." Id. When reviewing a motion to dismiss, the court "must accept the facts alleged in the complaint as true and construe all reasonable inferences in {the plaintiff's} favor." Fowlkes v. Adamec, 432 F.3d 90, 95 (2d Cir., 2005).

"The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support his claims". Villager Pond v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995). Under this standard, and based on the foregoing and the attached affidavit of the Plaintiff, it is clear Plaintiff will be able to offer evidence to support the cause of actions contained in his complaint.

## Argument

### Point 1

### The Court Has Subject Matter Jurisdiction

The ADA requires "as a prerequisite to suit, that notice of the action be given thirty (30) days prior to commencing suit to "the Secretary of Health and Human Services, the Attorney General of the United states, and the person against whom the action is directed." Citing 42 U.S.C 6104 (e)(1). "This notice must set forth the alleged violation of the ADA, the relief requested, the court in which the action shall be brought, and whether attorney fees will be demanded." Id.

42 U.S.C. 6104(f) states the following: "Administrative remedies shall be deemed exhausted upon the expiration of 180 days from the filing of an administrative complaint during

5

which time the Federal department or agency makes no finding with regard to the complaint, or upon the day the federal department or agency issues a finding in favor of the recipient of financial assistance, whichever occurs first".

In the spring of 2006 the Plaintiff contacted the state attorney general and United States Attorney for New Jersey (Defendant Ross has offices located in the State of New Jersey) and was advised by both respective offices that they could not investigate his claim because he had received a grade in the disputed course. Plaintiff was further advised that he should file a complaint in court.

Plaintiff promptly filed an action in New York State Supreme Court, County of Queens, which is the county Plaintiff resided in. Unfortunately, that case was dismissed for improper service of process. All of this occurred during the first 180 days of the alleged age discrimination.

In February of 2009, Plaintiff forwarded registered letters to both the attorney general of the State of New Jersey and the Department for Health and Human Services, notifying them of his complaint against Ross, but both responses from the respective regional offices informed Plaintiff that they would not hear his claim. See exhibits C and D. Given these facts, it can be validly argued that Plaintiff's administrative remedies were effectively exhausted under the meaning of 42 U.S.C. 6104(f).

With respect to Ross, they were informed on numerous occasions as to the allegations of age discrimination. On January 9, 2009 a status conference was held before Magistrate Reyes whereby many of the allegations were discussed, and in fact, Magistrate Reyes actually ordered Defendant to produce certain documentation in order to ascertain certain facts underlying the allegations in this action.

Against this background, it is clear that the Plaintiff had every intention of fulfilling and did fulfill the spirit and intent of the notice and administrative requirements under U.S.C. section 6104, if not the strictures contained in the technical requirements of the statute and its relevant sections.

Lastly, the Department of Health and Human Services -Office of Civil Rights information booklet, on page 8, section 105 states that the office of Civil Rights does not have jurisdiction over "schools of medicine" Therefore, according to the departments own guidelines they do not have jurisdiction over medical schools and, as a result, an administrative claim would have been fruitless from the start, regardless of how the Plaintiff proceeded regarding this case.

## Point II

## Plaintiff Has Properly Plead
## a Claim for Breach of Contract

In order to state a claim in Federal Court for breach of contract under New York law, a complaint need only allege the existence of an agreement, adequate performance of the contract by Plaintiff, a breach of the contract by the Defendant, and damages. *See* Tagare v. NYNEX Network Systems Co. 921F. Supp. 1146 (S.D.N.Y.) 1996; Chira v. Colombia University 289 F. Supp. 477 (S.D.N.Y. 2003). When viewing the complaint, and mindful that all reasonable inferences must be construed in Plaintiff's favor, it is quite clear that Plaintiff properly plead his breach of contract action.

An implied contract arises when a student enrolls in a university. If the student complies with the terms prescribed by the university, the student will obtain the degree they seek. Gally v.

7

Colombia Univ., et.al 22 F. Supp. 2d 199, 206 (S.D.N.Y.). "Implicit in this contract is that the university must act in good faith in dealing with the student". *Id.*(internal citations omitted). "Terms of the implied contract are supplied by the bulletins, circulars, and regulations made available to the student. *Id.*(citing Clarke v. Trustees of Colombia Univ., 1996 U.S. Dist. LEXIS 15620 (S.D.N.Y.,1996).

The court in Ward v. N.Y.U. 2000 U.S. Dist. LEXIS 14067 at Footnote 13 stated: "Courts in this jurisdiction have acknowledged that a student can sue for a breach of contract. When a student enrolls at a university, an implied contract arises whereby, if the student complies with the conditions of the university, he or she will obtain the degree she is pursuing". *See also* Mostaghim v. Fashion Inst. of Tech. 2002 U.S. Dist. LEXIS 10968 (S.D.N.Y) 2002 (finding that college's Rights and Responsibilities Manual supported a claim for breach of contract).

As more fully detailed in the Plaintiff's affidavit in paragraphs 12 through 17(see attached), it is clear that there was an implied contract between the parties in that Plaintiff complied in every way with the conditions of the university, but in contrast, it is the Defendant who failed to honor and respect their own conditions. Moreover, the Student Handbook, which is cited extensively in the Plaintiff's affidavit and attached in the Defendant's Motion to Dismiss Exhibit A, provides for certain rules and regulations that, while kept by Plaintiff, were routinely flouted by Ross itself.

Although, more fully detailed in the Plaintiff's attached affidavit, one particular fact is worth reiterating. The Plaintiff, on June 29, 2006 was "administratively withdrawn" from Ross for his failure to enroll in the spring 2006 AICM course. Presumably, such notice was predicated on Ross' position that Plaintiff failed the course (although Plaintiff's grade in the AICM course

8

was not released until August 14, 2006). Plaintiff did not enroll in the AICM course due to his belief that he had passed the AICM course and that he had completed all of the Basic Science courses given at the Dominican Campus. Moreover, the Student Handbook, at page 9, states: "Following the 12-week AICM, there is a 17-week scheduled break during which students remain fully enrolled". Plaintiff was on such a scheduled break when he was "administratively withdrawn". This is a startling example of how the Defendant has contravened its own rules with regards to the Plaintiff.

Given these facts, and under the standard of review for a motion to dismiss and the elements of an implied contract between a student and a university, as well as the support the University Student Handbook provides for such a contract, it is easily concluded that the Plaintiff has properly plead a sustainable breach of contract cause of action under the case law cited herein.

Another instance of a breach of contract by Defendant is their inscrutable behavior regarding the Plaintiff's USMLE Step 1 application. In that instance, the Defendant accepted Plaintiff's application, along with the $695 fee Plaintiff paid, certified his application with the school's sealed rubber stamp (see exhibit A), and sponsored Plaintiff for the Step 1 exam, of which Plaintiff took on July 27, 2009. Then only, for Defendant to withdraw its sponsorship and block Plaintiff's grade for the Step 1 exam the day before his grade was to be released.

Defendant, however, in its motion to dismiss has conveniently chosen to ignore these blatant and unanswerable violations of its own rules and, instead, characterizes the Plaintiff as just a "disgruntled student" complaining about a failed grade. When, viewing Plaintiff's assertions, and in the most favorable light to Plaintiff, it is clear that what occurred here was much more than that. On the contrary, Defendant's acts have resulted in their breaching the

9

implied contract that was formed between the Plaintiff and the defendant pursuant to the relationship between a student and a university.

Lastly, Defendant in its moving papers argues that the Plaintiff, in its amended complaint fails to identify any specific rules or regulations breached by Ross. Magistrate Reyes, however, in his Report and Recommendations clearly stated that the Ross Student Handbook can be referenced even if it is not attached.

## **Plaintiff Has Properly Plead**

## **A Claim for Fraud**

Daly v. Kochanowicz 884 N.Y.S.2d 144 N.Y.A.D. 2 Dept., 2009. The essential elements of a cause of action for fraud are representation of a material existing fact, falsity, scienter, deception and injury' " ( *Ross v. DeLorenzo,* 28 A.D.3d 631, 636, 813 N.Y.S.2d 756, quoting *New York Univ. v. Continental Ins. Co.,* 87 N.Y.2d 308, 318, 639 N.Y.S.2d 283, 662 N.E.2d 763; *see Jablonski v. Rapalje,* 14 A.D.3d 484, 487, 788 N.Y.S.2d 158). With regard to the plaintiff's reliance on the alleged misrepresentation, the plaintiff must establish not only that he or she actually relied on the misrepresentation, but that this reliance was reasonable or justifiable ( *see McMorrow v. Dime Sav. Bank of Williamsburgh,* 48 A.D.3d 646, 647-648, 852 N.Y.S.2d 345; *Dong Sheng Lu v. Equitable Co.,* 6 A.D.3d 650, 651, 775 N.Y.S.2d 554; *Stuart Silver Assoc. v. Baco Dev. Corp.,* 245 A.D.2d 96, 98, 665 N.Y.S.2d 415; *see also Shovak v. Long Is. Commercial Bank,* 50 A.D.3d 1118, 1121, 858 N.Y.S.2d 660; *Orlando v. Kukielka,* 40 A.D.3d 829, 831, 836 N.Y.S.2d 252).

In addition, Fed. R. Civ. P. 9(b) requires causes of action grounded in fraud to be plead with particularity. Ward v. N.Y. Univ., et al., 2000 U.S. Dist. LEXIS 14067*18-19(S.D.N.Y.). "[T]he complaint must: i) specify the fraudulent statements; ii) identify the speaker, iii) state

10

where and when the statements were made; and iv) explain why the statements were fraudulent." Ward citing Mills v. Pola Molecular Corp., 12F.3d 1170, 1175 (2d Cir., 1993). Additionally, a plaintiff must put forward proof of scienter by "alleging facts 'giving rise to a strong inference of fraudulent intent.'" Id. (quoting Shields v. Cityrust Bancorp., 25 F.3d 1124, 1127-28 (2d Cir., 1994). Such a showing can be accomplished by "alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness.´ Shields, at 1128.

In the instant case, the complaint clearly states a case for fraud. The complaint alleges that the plaintiff was advised by Dr. Fernandez, the Assistant Dean of Clinical Science, that he received a 94% in May 2006 and Plaintiff had passed all five parts of the AICM, but in August 2006 the grade was listed as an "F". Furthermore, plaintiff was certified to take the USMLE 1 by the Defendant. According to the Defendants' Handbook at page 13 "Students become eligible to take the USMLE Setp 1 when they have passed all courses in the Basic Science Curriculum, successfully completed the Advanced Intergration to Clinical Medicine (AICM) clerkship, and have passed the NBME Comprehensive Basic Sciences Exam". The application for this exam indicated that the Plaintiff had passed all five (5) parts of the AICM course; and it included certification that he was enrolled at the Defendant, School. However, the USMLE 1 test score was not released because the plaintiff was told that he was not enrolled in the school and therefore was not authorized to take the exam.

The complaint further alleges that on August 14, 2006 the plaintiff learned that he was not required to take the AICM, but instead could have taken the NBME as a prerequisite for the USMLE 1.

The Defendant has also engaged in fraud. The Defendant made false representations to Plaintiff regarding my grades on the AICM course. On August 14, 2006 the Defendant released

11

Plaintiff's AICM grade and listed it as an "F", a failing grade. Yet, he passed all five parts of the AICM course and was in possession of those passing grades.

The Defendant falsely represented in its June 29, 2006 letter signed by Michael Rendon, the University Registrar that the Plaintiff was being administratively withdrawn from the Defendant's school of medicine for failing to register for the May 2006 AICM course. The assertion in that letter is false and in contradiction to the Defendant Ross school of medicine's rules and regulations.

The Defendant's Dean of Clinical Studies, Nancy Perri has falsely represented that she had reviewed Plaintiff's my grades from the five part AICM course and her assertion that Plaintiff failed is false. Dr. Perri reviewed the grades in secrecy and without including the Academic Review Committee, as well as not allowing Plaintiff "The right to inspect and review the student's record" as mandated on page 25 of the Student Handbook. Furthermore, this was done in violation of the U.S. Family and Educational Rights and Privacy Act (FERPA), which Defendant Ross adopted as part of its administrative procedures in page 25 of the Student Handbook mentioned herein. Thus, Dr. Perri rode roughshod over the Defendant's own procedures and safeguards in order to falsely issue the failing grade, a fraudulent and knowingly untrue act.

The foregoing false representations were committed in furtherance of the Defendant's ongoing practice of denying its older students placement in hospital training due to their limited placement opportunities. The Defendant's falsely withheld and then misrepresented Plaintiff's grade in the AICM course as a means of having the results of the USMLE exam blocked in order to avoid attempting to place Plaintiff in a training program so that its preferred younger students, of which Plaintiff was not, would have a better chance to be placed in said program.

Based upon the foregoing, the Plaintiff has properly pleaded fraudulent reporting of his grades. Thus, the Defendants' Motion should be denied.

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that this Honorable Court issue and Order (1) denying Defendant's motion to dismiss in its entirety: (2) allowing Plaintiff an opportunity to amend his complaint and remedy any deficiencies should the Court grant any part of Defendant's motion to dismiss and(3) granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated:  Brooklyn, New York
        September 10, 2009

Respectfully submitted,

_____
**COSTELLO & COSTELLO, P.C.**
**BY:  SALVATORE D. COMPOCCIA**
Attorney for Respondent
5919 20th Avenue
Brooklyn, New York 11204
(718) 331-4600
Our File No. 6970