UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

ANAND DASRATH,　　　　　　　　　　　　　　　　CASE NO.: CV-07-2433

　　　　　　　　　　Plaintiff,　　　　　　　　　　　(C. Amon) (R. Reyes)

　　- against -

ROSS UNIVERSITY SCHOOL OF MEDICINE,

　　　　　　　　　　Defendant.

------------------------------------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF ROSS UNIVERSITY SCHOOL OF MEDICINE'S MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO RULES 12(b)(1) AND (6)


CULLENandDYKMANLLP

Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850
Telephone (516) 357-3700

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
ANAND DASRATH,                                    Case No.: CV 07 2433

                              Plaintiff,          (C. Amon)
        - against -                               (R. Reyes)

ROSS UNIVERSITY SCHOOL OF MEDICINE,

                              Defendant.
-----------------------------------------------------------------X
```

### MEMORANDUM OF LAW IN SUPPORT OF ROSS UNIVERSITY SCHOOL OF MEDICINE'S MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO RULES 12(b)(1) AND (6)

#### PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of Defendant Ross University School of Medicine ("defendant" or "Ross University") in support of its motion to dismiss pursuant to F.R.C.P. 12(b)(1) and (6). Anand Dasrath ("plaintiff" or "Dasrath"), a former Ross University student alleges: 1) a violation of the Age Discrimination Act ("ADA") of 1975; 2) breach of contract; 3) fraud; and 4) tortious interference with contractual relations. Plaintiff's complaint should be dismissed as: (1) this Court lacks subject matter jurisdiction over plaintiff's ADA claim because he failed to comply with the statutory prerequisites to commencing suit under the ADA; and (2) plaintiff fails to state a cause of action for fraud, breach of contract and tortious interference with contractual relations.

1

## FACTUAL BACKGROUND

Ross University is a medical school located on the island of Dominica in the West Indies. For foreign medical school graduates to become licensed to practice medicine in the United States, students are required to take several qualifying exams. The United States Medical Licensing Examination Step 1 ("USMLE Step 1 Exam") is the first of several exams required to be taken by foreign medical school students. To be eligible to sit for the USMLE Step 1 Exam, a student is required to take and successfully complete a prerequisite class known as Advanced Introduction to Clinical Medicine ("AICM").

Plaintiff was enrolled as a student at Ross University during the spring semester of 2006. See Am. Compl. ¶ 6. As is also demonstrated in his Complaint, plaintiff took the AICM course. Id. Plaintiff, however, disputes his failing grade in the class, which prevented him from sitting for the USMLE Step 1 Exam. Id. at ¶ 10. Plaintiff was administratively withdrawn from enrollment at Ross University when he failed the required AICM class and did not re-take it. Id. at ¶¶ 8-9. Plaintiff *believes* that "his grades were changed, withheld, and/or inaccurately reported." Id. at ¶ 10. His supposition, however, is not sufficient to defeat a motion to dismiss. This action is nothing more than a disgruntled student's attempt to grieve his failing grade in a court of law. As will be demonstrated herein, the complaint should be dismissed in its entirety.

## PROCEDURAL BACKGROUND

On June 15, 2007, plaintiff filed the original complaint against Ross University (the "Original Complaint") alleging the identical causes of action as are asserted in the Amended Complaint except the Original Complaint does not include a claim for tortious interference with contractual relations and the Amended Complaint omits the New York Executive Law §296

2

cause of action. Ross University filed a Motion to Dismiss the Original Complaint and plaintiff cross-moved to stay the proceedings in order to satisfy the ADA's notice requirements and to exhaust his administrative remedies. The motion was referred to Magistrate Ramon E. Reyes who issued a Report and Recommendation dated August 6, 2008 (the "Report and Recommendation"). In it, the Magistrate found that plaintiff failed to comply with the statutory notice and exhaustion of the ADA's administrative remedies. The Magistrate recommended that Ross University's motion be granted without prejudice to plaintiff's refiling an action after he fully complied with the ADA's notice and administrative exhaustion requirements. The Magistrate dismissed plaintiff's remaining claims with prejudice.

On March 31, 2009, this Court adopted, in part, the Report and Recommendation (the "Order"). Specifically, the Court denied, *inter alia*, plaintiff's request for a stay and granted Ross University's motion to dismiss the ADA claim for lack of subject matter jurisdiction without prejudice to refiling *after compliance with the ADA's notice and administrative exhaustion requirements.* This Court did not adopt the Magistrate's recommendation that all remaining claims be dismissed with prejudice allowing plaintiff leave to amend his pleading. As will be demonstrated herein the Amended Complaint should be dismissed in its entirety with prejudice. Plaintiff fails to properly allege, and will be unable to demonstrate, that he complied with the ADA as directed by this Court. Moreover, his remaining claims fail to set forth a cause of action.

3

## ARGUMENT

## POINT I

## FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES WARRANTS DISMISSAL OF PLAINTIFF'S AGE DISCRIMINATION ACT CLAIM

Defendant seeks dismissal of plaintiff's ADA claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Under Rule 12(b)(1), a jurisdictional challenge can be facial or factual. Standard Inv. Chartered, Inc. v. Nat'l Assoc. of Sec. Dealers, Inc., No. 07-2014, 2007 U.S. Dist. LEXIS 71287, at *17 (S.D.N.Y. Sept. 26, 2007). While a facial challenge challenges the legal basis of subject matter jurisdiction, "a factual challenge challenges *the jurisdictional facts themselves.*" Id. (citing Poodry v. Tonawanda Band of Seneca Indians, 85 F.3d 874, 887 n.15 (2d Cir. 1996)) (emphasis added).

Where jurisdictional facts are placed in dispute by a factual challenge to jurisdiction, the court has the power and obligation to determine the issues of fact by reference to evidence outside the pleadings, such as affidavits. Id. at *17-18. A district court retains considerable latitude in determining what procedures it will use in determining the facts pertinent to jurisdiction and the plaintiff bears the burden of proving subject matter jurisdiction. Id. By this motion, Ross University makes a factual challenge to the jurisdictional grounds alleged in the Amended Complaint in support of plaintiff's ADA claim as plaintiff failed to allege that he complied with the statutory pre-requisite.

Prior to commencing an action under the ADA, 42 U.S.C. §6104(e)(1) requires that, thirty (30) days prior to commencing the action, notice of the action must be given by registered mail, to the Secretary of Health and Human Services, the United States Attorney General and the defendant. This notice must set forth the alleged violation of the ADA, the relief requested, the

4

court in which the action shall be brought and whether attorney's fees will be demanded. 42 U.S.C. § 6104(e)(2).

In addition, prior to commencing an action under the ADA, a plaintiff is required to exhaust the administrative remedies set forth in 42 U.S.C. §6104(f). Under 42 U.S.C. § 6104(f):

> Administrative remedies shall be deemed exhausted upon the expiration of 180 days from the filing of an administrative complaint during which time the Federal department or agency makes no finding with regard to the complaint, or upon the day that the Federal department or agency issues a finding in favor of the recipient of financial assistance, whichever occurs first.

Failure to exhaust administrative remedies or provide the required notice requires dismissal of the ADA claim. Harris v. New York State Educ. Dept., 419 F. Supp. 2d 530, 535 (S.D.N.Y. 2006); Barea v. State Univ. of New York at Albany, No. 05-1523, 2006 U.S. Dist. LEXIS 46681, at *16 (N.D.N.Y. July 10, 2006); Heckman v. Univ. of North Carolina, 19 F. Supp. 2d 468, 473 (M.D.N.C. 1998); Hilow v. Rome City Sch. Dist., No. 91-567, 1994 U.S. Dist. LEXIS 8953, at *15 (N.D.N.Y June 29, 1994). As will be demonstrated herein, plaintiff failed to comply with the statute.

### A.     Plaintiff Fails To Sufficiently Allege Exhaustion Of Administrative Remedies

In his Amended Complaint, plaintiff makes the conclusory allegation that "[a]ll administrative remedies relating to the Age Discrimination claim have been exhausted." See Am. Compl. ¶ 11. Plaintiff, however, has not specifically alleged that he filed an administrative complaint with the appropriate Federal department or agency. Nor has he specifically alleged that 180 days expired from that filing, nor that the agency issued a determination. See 42 U.S.C. § 6104(f). Plaintiff's failure to make such specific pleadings warrants dismissal of plaintiff's

5

ADA claim unless plaintiff can present evidence that he did, in fact, exhaust his administrative remedies. Hilow, 1994 U.S. Dist. LEXIS 8953, at *15 (plaintiff who merely stated she "fulfilled all jurisdictional prerequisites to the filing of this suit" but did not allege she filed a complaint with the relevant federal funding agency or that she notified the appropriate parties 30 days prior to filing the complaint was ordered by the court to provide evidence of compliance of these prerequisites or face dismissal). It is hard to imagine that if plaintiff actually had proof that he had exhausted his administrative remedies he would fail to attach that proof to the Complaint. This is particularly suspect in light of the fact that his previous complaint was dismissed for lack of such proof. His statement that "all administrative remedies have been exhausted" is simply not enough especially when this Court afforded him ample time to do so.

**B.    Plaintiff Fails To Allege Compliance With Statutorily Mandated Notice Requirements**

In addition, plaintiff's ADA claim should be dismissed as plaintiff does not even allege that he provided the required notice under the ADA. 42 U.S.C. § 6104(e)(1). As previously mentioned, notice is to be given by registered mail to the Secretary of Health and Human Services, the United States Attorney General, and the defendant, Ross University. Id. We know from the Perri Moving Affidavit that, at the very least, that Ross University was never provided with that notice. Perri Aff. ¶ 13. Failure to specifically plead or provide any evidence that such notice was provided requires dismissal of plaintiff's ADA claim. Hilow, 1994 U.S. Dist. LEXIS 8953, at *15; Curto v. Smith, 248 F. Supp. 2d 132, 145 (N.D.N.Y. 2003) (ordering plaintiff to produce documentation of exhaustion of administrative remedies or face dismissal of ADA claims) aff'd per curiam, Curto v. Edmunson, 392 F.3d 502, 503 (2d Cir. 2004).

Plaintiff does not mention in his Amended Complaint that he adhered to the statutory

notice requirements of the ADA, nor will he present any evidence that he exhausted his administrative remedies. Plaintiff's conclusory allegation is insufficient to establish subject matter jurisdiction. As such, the Court lacks subject matter jurisdiction over the ADA cause of action and that claim should be dismissed with prejudice unless plaintiff can present actual evidence that he satisfied the jurisdictional prerequisites to filing an ADA claim. DiLaura v. Power Auth. of New York, 982 F.2d 73, 79 (2d Cir. 1992); Hilow, 1994 U.S. Dist. LEXIS 8953, at *15; Curto, 248 F. Supp. 2d at 145.

## POINT II

## PLAINTIFF'S ACADEMIC GRIEVANCE CLAIM IS CLOAKED IN BREACH OF CONTRACT AND SHOULD BE DISMISSED

A.   **Dismissal Is Warranted When Complaint Seeks Review Of An Academic Determination**

Enrollment at a university gives rise to an implied contract "whereby, if the student complies with the conditions prescribed by the university, he or she will obtain the degree she is pursuing." Ward v. New York Univ., No. 99-8733, 2000 U.S. Dist. LEXIS 14067, at *9 S.D.N.Y. Sept. 28, 2000).[1] A student may sue for breach of contract, however, "not every dispute between a student and a university is amenable to a breach of contract claim. . . ." Gally v. Columbia Univ., 22 F. Supp. 2d 199, 206 (S.D.N.Y. 1990); Baldridge v. State, 293 A.D.2d 941, 942, 740 N.Y.S.2d 723, 725 (3d Dep't 2002). Indeed, "the application of contract principles to the student-university relationship does not provide judicial recourse for every disgruntled student." Gally, 22 F. Supp. 2d at 207.

---

[1] As held in the Report and Recommendation, the parties' previous briefs assumed that New York law governed Plaintiff's state law claims, which is a sufficient basis to apply New York law to this matter. See Krumme v. Westpoint Stevens, Inc., 238 F.3d 133, 138 (2d Cir. 2000).

7

In the present case, although not stated as such, plaintiff's breach of contract claim is based on his dissatisfaction with his grade in the AICM course. See Am. Compl. ¶¶ 19-23. Plaintiff's breach of contract claims flow directly from this "F" grade as (1) plaintiff was academically withdrawn after he did not re-enroll for the AICM course after receiving his "F" grade, and (2) Defendant was not able to sponsor plaintiff for the USMLE Step 1 Exam because defendant failed the AICM course. Plaintiff, however, admits that he failed the AICM course and New York courts have consistently held that court should not intervene in educational institution's decisions regarding a student's academic performance. Susan M. v. New York Law Sch., 76 N.Y.2d 241, 245, 556 N.E.2d 1104, 1106 (1990) ("[s]trong policy considerations militate against the intervention of courts in controversies relating to an educational institution's judgment of a student's academic performance"). As such, plaintiff's breach of contract claim should be dismissed.

In addition, plaintiff's breach of contract claim fails as the Amended Complaint does not identify any specific rules or regulations allegedly breached by Ross University. See Chira v. Columbia Univ., 289 F. Supp. 2d 477, 485-86 (S.D.N.Y. 2003) ("failure to identify the specific contract . . . allegedly breached makes it very difficult to properly characterize the nature of [plaintiff's] allegations . . . [and] . . . this deficiency in [the] pleadings is fatal to [plaintiff's] breach-of-contract claim"); Kraft v. Yeshiva Univ., No. 00-4899, 2001 U.S. Dist. LEXIS 16152, at *14 (S.D.N.Y. Oct. 5, 2001) (dismissing breach of contract cause of action because plaintiff "failed to point to a specific school policy, rule or regulation that was not adhered to").

Finally, a review of Ross University's rules and regulations reveals that defendant's actions have been in complete compliance with the policies contained in the Ross University Handbook (the "Handbook"). The Handbook states the "University Registrar enters an

8

administrative withdrawal in the student's record when any of the following apply: '[t]he student . . . [d]oes not return to the campus to register for the following semester and attend classes in Week One of a semester.'" See the Handbook pg. 23.[2] Plaintiff does not allege that he attempted to re-enroll in the semester following his failure to re-take the AICM. Thus, Ross University's rules and regulations required Plaintiff's administrative withdrawal as he did not return to campus to register for the semester following his failure. See id. Therefore, Plaintiff fails to point to any school rule or regulation that defendant breached and this claim should be dismissed.

Similarly, a review of defendant's rules and regulations reveals that there was no breach of contract when Ross University did not sponsor plaintiff for the USMLE Step 1 Exam. Ross University's Handbook states that "students become eligible to take the USMLE Step 1 when they . . . successfully completed the AICM clerkship . . ." See id. at 13. Plaintiff admits that he received an "F" in the AICM course. Therefore, under Ross University's rules, when plaintiff failed the AICM course, plaintiff became ineligible to take the Exam and, thus, there was no breach of contract when defendant did not sponsor plaintiff for the USMLE Step 1 Exam. See id. at 23. Therefore, plaintiff's breach of contract claim should be dismissed.

**B.   Plaintiff's Fraud Claim Is Grounded In The Same Facts As His Breach Of Contract Claim And Should Be Dismissed**

As stated above, plaintiff's cause of action for breach of contract should be dismissed. In

---

[2] As noted in the Report and Recommendation of Magistrate Reyes, although Plaintiff did not incorporate the Handbook in his complaint, the Handbook may properly be considered by the Court upon this motion to dismiss for two reasons. First, the Handbook sets forth the terms of the contractual relationship between Plaintiff and Ross University and, thus, is integral to his breach of contract claims. See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995). Second, the Handbook is accessible on the Internet and, therefore, the Court may take judicial notice of the Handbook. See (http://www.rossmed.edu.dm/Academic_Info/Medstdthdbk.pdf); Wang v. Pataki, 396 F. Supp. 2d 446, 458 n.2 (S.D.N.Y. 2005); Ligon v. Doherty, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002).

9

addition, "New York law does not allow a plaintiff to assert a breach of contract claim and a fraud claim grounded on the same set of underlying facts." Hirsch v. Columbia Univ., 293 F. Supp. 2d 372, 379-380 (S.D.N.Y. 2003); see Orix v. Credit Alliance, Inc. v. R. E. Hable Co., 256 A.D.2d 114, 115, 682 N.Y.S.2d 160, 161 (1st Dep't 1998) (a party that asserts a cause of action for breach of contract is precluded from seeking the same damages as a fraud claim).

Here, it is clear that plaintiff's fraud cause of action is essentially identical to his breach of contract cause of action. Plaintiff's breach of contract claim alleges that Ross University was required to "accurately record plaintiff's grades" and that Ross University breached that contract by administratively withdrawing plaintiff from school. Plaintiff's Am. Compl. ¶¶ 20, 22-23. Similarly, in his cause of action for fraud, plaintiff alleges that Ross University made false representations (1) when Ross University released plaintiff's AICM grade and listed it as an "F" and (2) when Ross University informed plaintiff that he was being administratively withdrawn from school for failing to register for the May 2006 AICM course. Id. at ¶¶ 25-26. Both the fraud and contract claims are based on the same set of facts.

Both causes of action are based on plaintiff's allegations that (1) Ross University improperly gave plaintiff an "F" grade in the AICM course and (2) Ross University's subsequent administrative withdrawal of plaintiff was improper. As such, plaintiff's cause of action for fraud should be dismissed as it is based on the same underlying facts as his breach of contract claim. Hirsch, 293 F. Supp. 2d at 379-380; Orix, 256 A.D.2d at 115, 682 N.Y.S.2d at 161.

## POINT III

### PLAINTIFF'S FRAUD CLAIM IS DEFECTIVE ON ITS FACE

Plaintiff's cause of action for fraud fails, however, as plaintiff has not pled the essential

10

elements of fraud. Under New York law, to state a cause of action for fraud a plaintiff must allege (1) a representation of material fact, (2) the falsity of the representation, (3) knowledge by the party making the representation that it was false when made, (4) justifiable reliance by the plaintiff and (5) resulting injury. Lerner v. Fleet Bank, N.A., 459 F.3d 273, 291 (2d Cir. 2006); Merrill Lynch & Co. v. Allegheny Energy, Inc., 500 F.3d 171, 181 (2d Cir. 2007). If a party fails to allege every element of fraud, the fraud claim will be dismissed. Lerner, 459 F.3d at 291; Wint v. ABN Amro Mortgage Group, Inc., 19 A.D.3d 588, 589, 800 N.Y.S.2d 411, 412 (2d Dep't 2005). Additionally, under Rule 9 (b) of the Federal Rules of Civil Procedure there are additional pleading requirements with respect to the allegations of fraud. To comply with Rule 9(b), the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Acito v. IMCERA Group, Inc., 47 F.3d 47, 51 (2d Cir. 1995) (quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993)).

Plaintiff alleges that defendant falsely reported his grade as "F" since he believed he "passed all five parts of the AICM course." See Am. Compl. ¶25. Again, and as described in POINT I, supra, a court of law is not the appropriate avenue to grieve grades. Further, even if misrepresentation of an academic grade is an appropriate basis for a fraud claim, plaintiff has failed to allege with the requisite specificity reliance thereon. In fact, it is unclear how plaintiff could possibly claim he relied in any way on those alleged misrepresentations when he claims that he was in possession of his passing grade at the same time he received the official failing grade. Am. Compl. ¶ 25. Thus, plaintiff's claim for fraud should be dismissed because he has failed to allege reliance on the allegedly fraudulent statement. Lerner, 459 F.3d at 291.

## POINT IV

## PLAINTIFF FAILS TO STATE A CLAIM OF
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

Plaintiff's cause of action for tortious interference with contractual relations fails as a matter of law as Ross University cannot be sued for tortious interference of a contract to which it was a party. Plaintiff alleges that "a valid contract and/or agreement between the parties [was] formed" and that Ross University "intentionally interfered with this contract" by (1) administratively withdrawing Plaintiff from school, (2) withdrawing its sponsorship of the USMLE exam and (3) refusing to provide Plaintiff with his overall grades in the AICM course.

New York law is clear: "only a stranger to a contract, such as a third party, can be liable for tortious interference with a contract." Koret, Inc. v. Christian Dior, S.A., 161 A.D.2d 156, 157, 554 N.Y.S.2d 867, 869 (1st Dep't 1990); Flash Elec., Inc. v. Universal Music & Video Distrib. Corp., 312 F. Supp. 2d 379 (E.D.N.Y. 2004). Thus, even assuming Plaintiff's claims are true, Ross University cannot be liable for tortious interference with its own contract with Plaintiff because Ross University was a party to that contract. For the reasons set forth in Point II, plaintiff's breach of contract claim should be dismissed. Similarly, plaintiff's claim for tortious interference with contractual relations fails as a matter of law and should be dismissed. Koret, 161 A.D.2d at 157, 554 N.Y.S.2d at 869.

## CONCLUSION

Based on the foregoing, Ross University respectfully submits that its motion to dismiss the Amended Complaint should be granted in its entirety.

Dated: Garden City, New York
July 22, 2009

                                        Respectfully submitted,

                                        Cullen and Dykman LLP

By: _____
      Jennifer A. McLaughlin (JM 5678)
      Attorneys for Defendant
      100 Quentin Roosevelt Boulevard
      Garden City, New York 11530

Of Counsel:
Jennifer A. McLaughlin (JM 5678)
Justin F. Capuano (JC 5853)