UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

ANAND DASRATH,                                    CASE NO.: CV-07-2433

                Plaintiff,                    (C. Amon) (R. Reyes)

  - against -

ROSS UNIVERSITY SCHOOL OF MEDICINE,

                Defendant.

------------------------------------------------------------------- X

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF ROSS UNIVERSITY SCHOOL OF MEDICINE'S MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO RULES 12(b)(1) AND (6)


CULLENandDYKMANLLP

Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850
Telephone (516) 357-3700

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
ANAND DASRATH,  	Case No.: CV 07 2433
	(C. Amon)
      Plaintiff,	(R. Reyes)

  - against -

ROSS UNIVERSITY SCHOOL OF MEDICINE,

      Defendant.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF ROSS UNIVERSITY SCHOOL OF MEDICINE'S MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO RULES 12(b)(1) AND (6)

### PRELIMINARY STATEMENT

Defendant Ross University School of Medicine ("defendant" or "Ross University") submitting this Memorandum of Law in further support of its motion to dismiss pursuant to F.R.C.P. 12(b)(1) and (6). Plaintiff's submission in opposition to defendant's motion fails to rectify plaintiff's failure to exhaust the statutory prerequisites to asserting an Age Discrimination Act ("ADA") claim. Similarly, plaintiff fails to explain how his breach of contract and fraud claims are nothing more than veiled attempts to grieve a failing grade – a function left solely to academic administrators and not a court of law.

### ARGUMENT

To survive a motion to dismiss, a party cannot simply allege "labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 at 555, 127 S. Ct. 1955 at 1965 (2007). In order to state a claim, a party's factual allegations must "raise a right to

1

relief above the speculative level..." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. In fact, the Supreme Court recently reaffirmed and clarified Twombly by stating that Rule 8 demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). A claim must be "plausible on its face." Id. The court must be equipped by the plaintiff's pleading to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This standard asks for more than a "possibility that a defendant has acted unlawfully." Id. The court is required to engage in a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. As will be demonstrated herein, plaintiff has failed to meet his obligation to provide grounds entitling him to relief.

## POINT I

## PLAINTIFF ADMITS HE DID NOT COMPLY WITH STATUTORY PREREQUISITES TO COMMENCING THIS ACTION

Plaintiff concedes that the ADA requires that notice of the action be given 30 days prior to commencing suit to the Secretary of Health and Human Services, the United States Attorney General, and Ross University. See Plaintiff's Memorandum of Law p.5. He also acknowledges the requisite information that this notice must contain: the alleged violation of the ADA, the relief requested, the court in which the action shall be brought, and whether attorney's fees will be demanded. Id. However, he neither attests to such notice being given nor attaches copies of the requisite notice to his affidavit.

Similarly, plaintiff concedes that 42 U.S.C.§6104(f) requires an exhaustion of administrative remedies which occurs upon the expiration of 180 days from filing the administrative complaint or from the date the agency finds in favor of the recipient of financial assistance. However, he asserts only that it "can be validly argued that

2

plaintiff's administrative remedies were effectively exhausted." See Id. at p.6. It is respectfully submitted that neither the allegations in the complaint nor his explanation on this motion survives dismissal.

Plaintiff submits in opposition to this motion to dismiss a letter to the State Attorney General of New Jersey dated nearly two years after the purported discrimination. The letter acknowledges recent correspondence received from plaintiff and notes that the State Attorney General only has jurisdiction to investigate claims under state discrimination statutes. Plaintiff also attaches a letter dated February 4, 2009 from the Department of Health and Human Services[1] which advises plaintiff that the discrimination complained of occurred more than 180 days before filing the administrative complaint and the information filed was not sufficient to extend the 180 day deadline. Plaintiff has confirmed for this Court that a timely administrative complaint was never filed thus barring this action under the ADA. Plaintiff's failure to exhaust necessary and available administrative remedies results in dismissal for failure to state a claim. See Brownscombe v. Dep't of Campus Parking, 203 F.Supp.2d 479, 483 (D. Md. 2002) (conversations with school administrators does not constitute exhaustion of remedies). As noted by plaintiff himself, the Department of Health and Human Services "would not hear [his] claim." Dasrath Affidavit at ¶26. It is simply not enough

---

[1] Plaintiff contends that the Department of Health and Human Services is not the appropriate entity with which to assert a claim based on its own guidelines. See Plaintiff's Memorandum of Law pg. 7. Assuming *arguendo* that this is true, plaintiff further concedes that not only did plaintiff fail to file a timely claim – he failed to file a claim with the appropriate agency.

3

that plaintiff "had every intention of fulfilling"[2] the requirements of 42 U.S.C. §6104, et seq. See Plaintiff's Memorandum of Law pg. 7.

## POINT II

### PLAINTIFF FAILS TO STATE A BREACH OF CONTRACT CLAIM

Both parties agree that enrollment in a university gives rise to an implied contract – if the student meets the conditions proscribed by the university he or she will obtain the degree pursued. Ward v. New York Univ., No. 99-8733, 2000 U.S. Dist. LEXIS 14067 at 9 (S.D.N.Y. Sept. 28, 2000). However, plaintiff does not allege that he met the conditions proscribed by the school – simply because he can't. As explained in defendant's moving memorandum of law, plaintiff failed what is referred to in this litigation as the AICM course. The AICM course was a pre-requisite to obtaining "the degree pursued" and to sit for what is referred to in this litigation as the USMLE Step 1 Exam. Ross University complied with its own rules and regulations when it administratively withdrew plaintiff for failure to re-enroll to remedy his failing grade. (See Handbook, p. 13).

Plaintiff alleges in his amended complaint that "pursuant to contract, Defendant was to accurately record Plaintiff's grades and sponsor Plaintiff to take the USMLE Step 1 examination." See Amended Complaint at ¶ 20. This identical allegation is found in

---

[2] It should be noted that the intentions of plaintiff described on this motion stand in stark contrast to plaintiff's former counsel Albert Adam Breud, II, Esq.'s letter to this Court in support of his application to be relieved as counsel. According to that letter plaintiff believed that "he is exempt from the notice and exhaustion of administrative remedies applicable to the ADA cause of action" which would've caused Mr. Breud to "violate various rules of [Professional Conduct]" if he continued to represent plaintiff. See Docket Entry 48, p.2.

4

Dasrath's original complaint on which Magistrate wrote the following in his Report and Recommendation when granting defendant's motion to dismiss:

> Dasrath has failed to identify any contractual provision that necessitated giving him a passing grade, nor has he properly alleged that Ross University acted in an arbitrary or irrational manner nor in bad faith. Instead, Dasrath's complaint leads to the conclusion that Ross University was merely exercising its proper academic judgment by giving Dasrath an "F" in the AICM course.

See Report and Recommendation, Docket Entry 40 at p. 13. Plaintiff fails to identify in his amended complaint, or in his submission on this motion, what contractual provision assures him of a passing grade. This is especially critical since academic grading is in the province of academia, not courts. See Susan M. v. New York Law Sch., 76 N.Y.2d 241, 245, 556 N.E.2d 1104, 1106 (1990) ("[s]trong policy considerations militate against the intervention of courts in controversies relating to an educational institution's judgment of a student's academic performance").

Plaintiff further alleges in the amended complaint that "defendant was in breach of its contractual obligation to plaintiff in administratively withdrawing Plaintiff from its school of medicine without justification." See Amended Complaint at ¶ 22. Moreover, he alleges that Ross University had "no valid reason" for withdrawing its sponsorship of plaintiff for the USMLE exam. As Magistrate Reyes explained when evaluating an identical allegation in plaintiff's original complaint:

> Dasrath's remaining allegations in support of his breach-of-contract claim all flow directly from his "F" in the AICM course, in that Ross University withdrew its sponsorship of Dasrath to take the USMLE and withdrew him from enrollment as a student at the university. These allegations are immaterial to the resolution of Dasrath's breach-of-contract claim because Dasrath has yet again failed to allege that, once it was determined that Dasrath failed the

5

> AICM course, Ross University's subsequent actions were
> in breach of any contract that it had with Dasrath. In fact, it
> appears that Ross University's subsequent actions were in
> accordance with its proscribed rules and regulations.

See Report and Recommendation, Docket Entry 40 at p 13-14 (internal citations omitted). As set forth in defendant's moving Memorandum of Law, it is well-settled that courts will not supplant its judgment for that of educators. See Susan M. v. New York Law Sch., 76 N.Y.2d 241, 245, 556 N.E.2d 1104, 1106 (1990) ("[s]trong policy considerations militate against the intervention of courts in controversies relating to an educational institution's judgment of a student's academic performance"). As was also mentioned by Magistrate Reyes in his Report and Recommendation:

> Permitting Dasrath to proceed on a facially inadequate
> breach-of-contract claim would merely allow him to
> subvert the ADA's administrative exhaustion requirement,
> and would impermissibly entangle this Court in Ross
> University's subjective judgment over grading.

See Report and Recommendation at p. 15. Thus Ross University's motion to dismiss plaintiff's breach of contract claim should be granted.

### POINT III

### PLAINTIFF'S FRAUD CLAIM SHOULD BE DISMISSED

Ross University seeks dismissal of plaintiff's fraud claims on two grounds: (1) New York law prohibits plaintiff from asserting breach of contract and fraud based on the same set of underlying facts (See defendant's MOL at pp. 9-10); and (2) plaintiff's fraud claim is defective on its face. (See defendant's MOL at pp. 10-11). Plaintiff fails to address the fact that his contract and fraud claim are based on identical facts and

6

therefore on that ground alone the cause of action should be dismissed. In addition, plaintiff's woeful attempt to resuscitate his fraud cause of action is unavailing.

As mentioned in Ross University's moving Memorandum of Law, not only does plaintiff fail to plead the essential elements of fraud, he fails to allege facts that "give rise to a strong inference of fraudulent intent." Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Plaintiff simply does not assert "motive and opportunity to commit fraud" or "conscious misbehavior or recklessness." Id.

In support of his fraud claim plaintiff states that he "passed all five parts of the AICM course" yet received a failing grade. See Amended Complaint ¶ 25. He alleges that a letter reflecting the administrative withdrawal of plaintiff was "false" and an administrator's review of plaintiff's grade was similarly "false." See Amended Complaint ¶¶26-27. As a result of his failing grade – which plaintiff essentially alleges is "false" and was "falsely withheld" – Ross University withdrew its sponsorship of plaintiff to sit for the USMLE Step 1 Exam. See, plaintiff's Memorandum of Law at 11-12. However, these alleged falsities amount to nothing more than a grievance over a failed grade and concern over the timing in which he purportedly received the grade – not fraud.

Plaintiff alleges no set of facts under which Ross University's calculation of his grade constituted a "material misrepresentation". Plaintiff does not point to statements that were untrue or that he detrimentally relied on these statements. Similarly he fails to allege facts that would infer a strong inference of fraudulent intent. He merely states in conclusory fashion that Ross University acted in a "wonton, willful, and malicious manner." It is well-settled that Rule 8 requires more than "labels and conclusions." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

7

Plaintiff's fraud claim, like his others, is simply another attempt to grieve his failing grade and consequential inability to complete the USMLE Step 1 exam. It should be dismissed.

## POINT IV

### PLAINTIFF FAILS TO ADDRESS DEFENDANT'S MOTION TO DISMISS HIS TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS CLAIM

Plaintiff offers no argument in opposition to this motion to dismiss plaintiff's claim for tortious interference with contractual relations. Presumably because plaintiff is unable to dispute the fact that his tortious interference with contractual relations cause of action fails as a matter of law since Ross University cannot be sued for tortious interference of a contract to which it was a party. See Koret, Inc. v. Christian Dior, S.A., 161 A.D.2d 156, 157, 554 N.Y.S.2d 867, 869 (1st Dep't 1990); Flash Elec., Inc. v. Universal Music & Video Distrib. Corp., 312 F. Supp. 2d 379 (E.D.N.Y. 2004). As such, plaintiff's tortiuous interference with a contract cause of action should be dismissed.

## CONCLUSION

Based on the foregoing, Ross University respectfully submits that its motion to dismiss the Amended Complaint should be granted in its entirety.

Dated: Garden City, New York
       September 28, 2009

                                    Respectfully submitted,

                                    Cullen and Dykman LLP

By:    _____
                                    Jennifer A. McLaughlin (JM 5678)
                                    Attorneys for Defendant
                                    100 Quentin Roosevelt Boulevard
                                    Garden City, New York 11530

Of Counsel:
Jennifer A. McLaughlin (JM 5678)
Justin F. Capuano (JC 5853)

9