UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANAND DASRATH,　　　　　　　　　　　　　　　Case No.: CV 07 2433
　　　　　　　　　　　　　　　　　　　　　　　　　(C. Amon)
　　　　　　　　　Plaintiff,　　　　　　　　　　　　(R. Reyes)

　　　　- against -

ROSS UNIVERSITY SCHOOL OF MEDICINE,　　　**ANSWER**

　　　　　　　　　Defendant.
----------------------------------------------------------------X

　　　　Defendant Ross University School of Medicine ("defendant" or "Ross University") by and through its attorneys, Cullen and Dykman, LLP, for its answer to the complaint, alleges:

## ANSWER TO PARTIES

1.　　Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the amended complaint.

2.　　Admits that Ross University is a medical school located on the island of Dominica in the West Indies, that it has offices at 7000 SW 62nd Avenue, Penthouse A, South, Miami Florida 33143 and that it is an eligible institution for Title IV funds, and except as so admitted denies the remaining allegations contained in paragraph "2" of the amended complaint.

3.　　To the extent the allegations contained in paragraph "3" of the amended complaint call for a legal conclusion, no response is required. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of the amended complaint. Defendant further refers all questions of law to the Court at the trial of this action.

4.　　To the extent the allegations contained in paragraph "4" of the amended complaint call for a legal conclusion, no response is required. To the extent a response is required, defendant

denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the amended complaint. Defendant further refers all questions of law to the Court at the trial of this action.

## ANSWER TO BACKGROUND

5. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the amended complaint.

6. Admits that plaintiff "took the 'AICM' the Advanced Introduction to Clinical Medicine course in the 2006 Spring semester" which was plaintiff's "fifth semester" at defendant university, and except as so admitted denies the remaining allegations in paragraph "6" of the amended complaint.

7. Admits that "in March of 2006, Plaintiff submitted an application to take the United States Medical Licensing Examination" and that the application submitted in 2006 included a certification by defendant that plaintiff was enrolled at defendant university *at the time of the application in March 2006* and that said application was stamped by defendant in March 2006 and except as so admitted denies knowledge or information sufficient to form a belief as to the remaining allegations in paragraph "7" of the amended complaint.

8. Admits that on or about June 29, 2006, defendant notified plaintiff he had been "administratively withdrawn" from defendant university for failure to register for the May 2006 AICM course and except as so admitted denies the remaining allegations in paragraph "8" of the amended complaint.

9. Admits that plaintiff received his grade of "F" in the AICM course on or about April 22, 2006 and that the 2006 Ross University School of Medicine Handbook of Academic Rules and Regulations dated May, 2006 states at page 13 "students become eligible to take the USMLE

Step 1 when they have passed all courses in the Basic Science Curriculum, successfully the Advanced Integration to Clinical Medicine clerkship, and, have passed the NBME Comprehensive Basic Sciences Exam." and except as so admitted denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "9" of the amended complaint.

10. Denies the allegations contained in paragraph "10" of the amended complaint.

11. Paragraph "11" does not require a response as claims relating to the Age Discrimination Act have been dismissed by this Court by order dated May 6, 2010.

## ANSWER TO FIRST CAUSE OF ACTION

12. The answers to paragraphs "1" through "12" are repeated and realleged as if fully set forth herein.

13. Paragraphs "13" through "18" do not require a response as claims relating to the Age Discrimination Act have been dismissed by this Court by order dated May 6, 2010 and all factual allegations are denied.

## ANSWER TO SECOND CAUSE OF ACTION

14. The answers to paragraphs "1" through "18" are repeated and realleged as if fully set forth herein.

15. Denies the allegations in paragraph "20" of the amended complaint.

16. To the extent this paragraph refers to allegations set forth in paragraph "7" of the amended complaint the Court is referred to defendant's answer to paragraph "7" of the amended complaint herein at paragraph "7" and admits the remaining allegations of paragraph "21" of the amended complaint.

17. Denies the allegations contained in paragraph "22" of the amended complaint.

3

18.  Denies the allegations contained in paragraph "23" of the amended complaint.

## ANSWER TO THIRD CAUSE OF ACTION

19.  The answers to paragraphs "1" through "19" are repeated and realleged as if fully set forth herein.

20.  Paragraphs "25" through "29" do not require a response as this cause of action sounding in fraud has been dismissed by this Court's order dated May 6, 2010.

## ANSWER TO FOURTH CAUSE OF ACTION

21.  The answers to paragraphs "1" through "20" are repeated and realleged as if fully set forth herein.

22.  Paragraphs "31" through "35" do not require a response as this cause of action sounding in tortuous interference has been dismissed by this Court's order dated May 6, 2010.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23.  Plaintiff fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

24.  Damages incurred by Plaintiff, if any, are the result of Plaintiff's own culpable conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

25.  Damages incurred by Plaintiff, if any, are the result of the conduct of third parties over which Defendant had or has no control.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

26.  Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

27.  Plaintiff's claims are barred in whole or in part by the applicable statute of frauds.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

28.     Plaintiff's claims are barred by the doctrines of waiver, estoppel, ratification, and laches.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

29.     Defendant did not breach any duty owed to Plaintiff.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

30.     Defendant has at all times herein acted in good faith.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

31.     Plaintiff is not entitled, as a matter of law, to recover from Defendant either the amount or kind of damages sought.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

32.     Plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

33.     Plaintiff's claims are barred by documentary evidence.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

34.     While denying all allegations in the complaint regarding liability, the injury and damages allegedly sustained by Plaintiff, to the extent Plaintiff may be able to prove any injuries and/or damages, Plaintiff is not entitled to an award of attorneys' fees and/or costs of suit.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

35.     Plaintiff's claims are barred by the parol evidence rule.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

36.  Plaintiff has failed to demonstrate this Court's subject matter jurisdiction over the claims asserted herein as plaintiff has failed to meet the jurisdictional amount in controversy.

WHEREFORE, Defendant demands judgment dismissing the Plaintiff's amended complaint, and for such other and further relief as the Court may deem just and proper.

CULLEN AND DYKMAN LLP

By: _____
Justin F. Capuano (JC 5853)
Attorneys for Defendant
100 Quentin Roosevelt Boulevard
Garden City, New York 11530

TO:

COSTELLO & COSTELLO, P.C.
Salvatore D. Compoccia, Esq.
5919 20th Avenue
Brooklyn, NY 11204