

# CULLENandDYKMANLLP

**JENNIFER A. McLAUGHLIN**
PARTNER
Direct: 516-357-3713
Direct Fax: 516-296-9155
E-mail: JMcLaughlin@cullenanddykman.com

Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850
Telephone (516) 357-3700 • Facsimile (516) 357-3792

November 22, 2010

Via Electronic Filing
Hon. Carol B. Amon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Dasrath v. Ross University School of Medicine
CV-07-2433 (Amon, J.) (Reyes, M.J.)

Dear Judge Amon:

This firm represents the defendant Ross University School of Medicine ("Ross University") in the above stated matter. I write to request a pre-motion conference in anticipation of Ross University moving for summary judgment. One cause of action for breach of contract remains after this Court (Amon, J.) dismissed plaintiff's claims under the Age Discrimination Act of 1975 ("ADA"), as well as his fraud and tortious interference claims. Those causes of action were dismissed by order dated May 6, 2010. Docket Entry 67.

After conducting discovery limited to plaintiff's remaining alleged breach of contract claim it is clear that there exists no triable issue of fact. Dasrath alleges that Ross University breached its contract with him since Ross University: (1) purportedly failed to timely and accurately report his grade in the Advanced Introduction to Clinical Medicine ("AICM") course during the spring 2006 semester; (2) improperly withdrew its sponsorship of him to take the United States Medical Licensing Exam Step 1 ("USMLE"), which resulted in his score never being released; and (3) improperly withdrew him from enrollment at Ross University.

Courts have held that when a student enrolls at a university, an implied contract arises between the student and the school such that "a viable contract action exists where the school was to 'provide for certain specified services, such as for example, a designated number of hours of instruction, and the school failed to meet its obligation.'" Ward v. New York Univ., 2000 U.S. Dist. LEXIS 14067, at *8 (S.D.N.Y. 2000), (quoting Paladino v. Adelphi Univ., 454 N.Y.S.2d

CULLENandDYKMANLLP

November 22, 2010
Page 2

868, 873 (2d Dep't 1982)). However, "not every dispute between a student and a university is amenable to a breach of contract claim . . . ." Gally v. Columbia Univ., 22 F. Supp. 2d 199, 206 (S.D.N.Y. 1998). Significantly, "claims that sound in tort and ask the Court to involve itself in the subjective professional judgments of trained educators will not survive a motion to dismiss merely because the plaintiff couches [his] claims in terms of breach of contract." Id. In fact, "the mere allegation of mistreatment without the identification of a specific breached promise or obligation does not state a claim on which relief can be granted." Id. at 206-07. In other words, "the application of contract principles to the student-university relationship does not provide judicial recourse for every disgruntled student." Id. at 207. Breach of contract claims brought by students against their universities are "subject to judicial review only 'to determine whether the defendants abided by their own rules, and whether they have acted in good faith or their action was arbitrary or irrational.'" Babiker v. Ross Univ., 2000 U.S. Dist. LEXIS 6921, at *23-24 (S.D.N.Y. 2000) (citations omitted) (Summary judgment granted dismissing breach of contract claim against University)). Ross University abided by its own rules and acted in good faith such that summary judgment is warranted.

As for the "timeliness" of receiving his grade, Dasrath can point to no contractual provision that would require Ross University to report grades at a certain time. Moreover, he admits receiving his failing grade just days after the course concluded and also admits discussing his failing grade with his professor several days after receiving the failing grade. Additionally, Dasrath can point to no evidence that Ross University acted in an arbitrary or irrational manner or in bad faith when issuing the failing grade. Ross University was merely exercising its proper academic judgment by giving Dasrath an "F" in the AICM course.

Dasrath's remaining allegations in support of his breach of contract claim all flow directly from his "F" in the AICM course, in that Ross University withdrew its sponsorship of Dasrath to take the USMLE and withdrew him from enrollment as a student at the university when Dasrath failed to re-register for the AICM course. Once it was determined that Dasrath failed the AICM course, Ross University's subsequent actions were not in breach of any contract that it had with Dasrath. In fact, Ross University's subsequent actions were in accordance with its proscribed rules and regulations. There is simply no evidence that Ross University arbitrarily, irrationally or in bad faith when it withdrew its sponsorship for Dasrath to take the USMLE and administratively withdrew him from enrollment as is required by its rules.

*CULLENandDYKMAN*LLP

November 22, 2010
Page 3

     Finally, allowing Dasrath to proceed to trial on an inadequate breach of contract claim would subvert the ADA's administrative exhaustion requirement, a claim dismissed by this Court, and would impermissibly entangle this Court in Ross University's subjective judgment over grading. For the reasons set forth herein, it is respectfully requested that Your Honor engage the parties in a pre-motion conference.

                                                       Respectfully yours,

                                                Jennifer A. McLaughlin (JM 5678)

JAM:ms

cc:    Joseph R. Costello, Esq.