# COSTELLO & COSTELLO, P.C.
### ATTORNEYS AT LAW

| | | |
|---|---|---|
| JOSEPH G. COSTELLO<br>JOSEPH R. COSTELLO*<br><br>*ALSO ADMITTED IN N.J., P.A.,<br>DISTRICT OF COLUMBIA | 5919 20TH AVENUE<br>BROOKLYN, N.Y. 11204<br>(718) 331-4600<br>FAX (718) 331-2400<br>WWW.COSTELLOCOSTELLO.COM | 17 NOTTINGHAM DRIVE<br>HOWELL, N.J. 07731<br>(732) 730-2390 |

**Please Reply to the Brooklyn Office**

Writer's Direct Email: jrc@costellocostello.com

**Via Electronic Filing**

**Hon. Carol B. Amon**
**United States District Judge**
**United States District Court**
**Eastern District of New York**
**225 Cadman Plaza East**
**Brooklyn, N.Y. 11201**

Re:     Anand Dasrath v. Ross University School of Medicine
        07 CV-2433 (CBA) (RER)
Our File No.   6970

Dear Judge Amon:

      This office represents the Plaintiff, Anand Dasrath (Dasrath) in the above referenced matter. I am writing in response to the Defendant's request for a pre-motion conference in a letter dated November 22, 2010. In furtherance, I too am requesting a pre-motion conference in anticipation of this office moving for summary judgment. The sole cause of action remaining in this case is the breach of contract action.

      Depositions in this matter have concluded. There are some outstanding discovery issues where Plaintiff is to follow up in writing pursuant to the depositions of the Defendants held herein. Further, Plaintiff anticipates serving Requests for Admissions.

      Plaintiff contends that (1) a contract was created when Defendant, twice, certified him to sit for the United States Medical Licensing Exam Step 1 (USMLE Step 1), and (2) the Defendant improperly withdraw its sponsorship of him to take the USML Exam Step1. In order to be eligible to sit for the USMLE Step 1, a student must have passed the defendant's Basic Science Curriculum, completed the Advanced Introduction to Clinical Medicine (AICM) course, and passed the National Board of Medical Examiners (NBME) Comprehensive Basic Sciences Exam. Only then can a student be certified to sit for the USMLE Step 1 exam. It is undisputed that Dasrath was certified to sit for the USMLE Step 1. It is also undisputed that Dasrath did, in fact, take the USMLE Step 1. What is in dispute is whether Dasrath was given a failing grade in the AICM course. As will be set forth herein, it is evident that Dasrath could not have been given such a grade.

In December of 2005 Dasrath completed the Basic Science Curriculum. In March of 2006, he completed the essentials of the AICM course. In March of 2006, he passed the National Board Medical Exams (NBME). Based upon this passing grade, he then submitted an application for certification to sit and take the USMLE Step 1 Exam. Said exam was schedule to be administered on June 30, 2006. However, the application he submitted was rejected on April 17, 2006 because the governing body for the USMLE, the ECFMG, wished to verify his age. Thereafter, and again on April 27, 2006, he completed and submitted a second application to Ross University for certification and sponsorship for the USMLE Step 1. He was thereafter certified and sponsored by the Defendant, Ross University to sit for the USMLE Step 1 Exam and did so on July 27, 2006.

Following the completion of the AICM course, Dasrath was on a 17-week scheduled break from school. However, he remained fully enrolled as a student at Ross University as stated on page 9 of the Ross University School of Medicine Student Handbook of Academic Rules and Regulations. (This Student Handbook is a part of the case file).

It was not until August 14, 2006 that Dasrath learned he had failed to register for a course, he had already completed and passed, to wit: the AICM. As a result of the alleged failure to register for the AICM, he was thereafter marked "administratively withdrawn". As a result, he was precluded from sitting for the USMLE Step I Exam. At no point in time prior to August 14, 2006 did Dasrath receive an academic transcript with a failing grade for the AICM course. Even assuming that he had failed the AICM course, which he did not, according to the Defendant's Student Handbook as stated above, a student may not be marked withdrawn during that 17-week break period. Thus, between April 27, 2006 and August 14, 2006, Dasrath remained fully enrolled as a student. Therefore, the Defendant improperly withdrew Dasrath and improperly withdrew its sponsorship of him to sit for the USMLE Step 1.

Defendant seems to argue the "timeliness" of Dasrath receiving his grade, and that he can point to no contractual provision requiring Ross to report grades at a certain time. However, the issue is not whether Dasrath received his grade in a timely fashion. Rather, the fact remains that Dasrath was eligible to sit for the USMLE Step 1 and in order to be eligible to sit for the USMLE Step 1; a student must have passed the defendant's Basic Science Curriculum, completed the AICM course, and passed the NBME Exam. Therefore, in order for Dasrath to sit for the USMLE Step 1, Ross University would have had to have issued him a passing grade in the AICM course, which in turn allowed him to be certified and sponsored him to sit for the USMLE Step 1 Exam.

On July 27, 2006, Dasrath did in fact sit for the USMLE Step 1 Exam. It was only after several weeks after this date, that Ross University issued the alleged failing grade. Therefore, by Ross University allowing Dasrath to sit for the USMLE Step 1 Exam, he would have had to have passed the AICM course.

Under New York law, a student can sue his school for breach of contract. See Gally v. Columbia University, 22 F.Supp.2d 199, 206 (S.D.N.Y.1998); Clarke v. Trustees of Columbia University, No. 95 Civ. 10627(PKL), 1996 WL 609271, at (S.D.N.Y. Oct. 23, 1996); Keles v. New York University, No. 91 Civ. 7457(SWK), 1994 WL 119525, (S.D.N.Y. Apr. 6, 1994),

**COSTELLO & COSTELLO, P.C.**

aff'd, 54 F.3d 766 (1995); Olsson v. Board of Higher Education, 49 N.Y.2d 408, 413-414 (1980). When a student enrolls at a university, an implied contract arises: if the student complies with the terms prescribed by the university, he will obtain the degree he seeks. See Gally, 22 F.Supp.2d at 206; Keles, 1994 WL 119525. The terms of the implied contract are supplied by bulletins, circulars, and regulations made available to the student. See Clark, 1996 WL 609271, Keles, 1994 WL 119525, Vought v. Teachers College, Columbia University, 511 N.Y.S.2d 880, 881 (1987); Sweeny v. Columbia University, 704 N.Y.S.2d 617, 618 (2d Dept.2000).

However, because the decisions that educational institutions make about academic standards involve "the subjective judgment of professional educators," claims regarding such matters are subject to judicial review only "to determine whether [the defendants] abided by their own rules, and whether they have acted in good faith or their action was arbitrary or irrational." Gertler v. Goodgold, 487 N.Y.S.2d 565, 569 (1985); see also Clarke, 1996 WL 609271; Keles, 1994 WL 119525; Garg v. Albert Einstein College of Medicine, 747 F.Supp. 231, 236 (S.D.N.Y.1990); Sweeny, 704 N.Y.S.2d at 618. "The issue in determining a motion for summary judgment ... is whether any genuine issue of material fact remains as to whether defendants acted in bad faith or in an arbitrary or irrational manner." Clarke, 1996 WL 60927.

By subsequently withholding his AICM grade, then administratively withdrawing him as of June 29, 2006, issuing a failing grade for the AICM course on August 14, 2006, and then blocking the release of his score for the USMLE Step 1 Exam, and then subsequently withdrawing its sponsorship of him to take the USMLE Step 1 Exam, it is quite obvious that Defendant Ross University breached the contract that Defendant's counsel admits the parties entered into when Dasrath enrolled at the Defendant school.

Very truly yours,

**COSTELLO & COSTELLO, P.C.**
**BY: JOSEPH R. COSTELLO**
**JRC/**
CC: Justin Capuano, Esq.