**C**ULLEN*and***D**YKMAN**LLP**

JENNIFER A. McLAUGHLIN
PARTNER
Direct: 516-357-3713
Direct Fax: 516-296-9155
E-mail: JMcLaughlin@cullenanddykman.com

Garden City Center
100 Quentin Roosevelt Boulèvard
Garden City, New York 11530-4850
Telephone (516) 357-3700 • Facsimile (516) 357-3792

December 17, 2010

Via Electronic Filing
Hon. Carol B. Amon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Dasrath v. Ross University School of Medicine
     CV-07-2433 (Amon, J.) (Reyes, M.J.)

Dear Judge Amon:

  This firm represents the defendant Ross University School of Medicine ("Ross University") in the above stated matter. We write, pursuant to this Court's Individual Motion Practices and Rules, in response to Plaintiff Anand Dasrath's ("Dasrath") letter request dated December 10, 2010 ("Dasrath Letter"), for a pre-motion conference. Your Honor has already scheduled a conference on January 10, 2011 in response to defendant's November 22, 2010 application to move for summary judgment. We address plaintiff's contentions in the Dasrath Letter herein in anticipation of this conference.

  Both parties agree on the following:

  ...because the decisions that educational institutions make about academic standards involve 'the subjective judgment of professional educators,' claims regarding such matters are subject to judicial review only 'to determine whether [the defendants] abided by their own rules, and whether they have acted in good faith or their action was arbitrary or irrational...(citations omitted)... 'the issue is determining whether any genuine issue of material fact remains as to whether defendants acted in bad faith or in an arbitrary or irrational manner...' (citations omitted)

Dasrath Letter p. 3.

  It is respectfully submitted that there are no issues of material fact remaining as to whether defendant acted in bad faith or in an arbitrary or irrational manner. All consequences that followed after Mr. Dasrath failed the Advanced Introduction to

*Founded 1850*

*CULLENandDYKMANLLP*

Clinical Medicine ("AICM") course (a passing score was required to be eligible to take the United States Medical Licensing Exam ("USMLE")), is not a result of bad faith or arbitrary or capricious actions on the part of the university. In fact, plaintiff concedes that "what is in dispute is whether Dasrath was given a failing grade in the AICM course." Dasrath Letter, p. 1. However, it is undisputed, and in fact well-settled, that decisions that educational institutions make about academic standards, which obviously includes grades in coursework, is subjective and not subject to judicial review. Dasrath Letter, p. 3. Thus, whether or not Dasrath's failing grade was deserved is not subject to judicial review and any claims that defendant breached a contract with Mr. Dasrath when issuing that failing grade should be dismissed.[1]

Second, plaintiff's allegation that defendant "withheld" plaintiff's AICM grade, thereby breaching a contract with Mr. Dasrath, is equally unavailing. Dasrath Letter p. 3. As will be demonstrated in defendant's motion for summary judgment, plaintiff conceded at his deposition that he received his failing grade a mere 3 weeks after completing the course and that he discussed the grade with his professor that same week. The fact that he received a transcript of his grade three months later is of no moment and certainly does not amount to bad faith or arbitrary or capricious activity – especially in light of the fact that Mr. Dasrath received his grade three months earlier.

Third, plaintiff's allegation that defendant breached a contract with plaintiff by "administratively withdrawing plaintiff from school" should be summarily dismissed. As stated above, both parties agree that if an institution abides by its own rules and there is no evidence of acting in bad faith, arbitrary or irrational, summary judgment is warranted. As will be demonstrated in defendant's motion for summary judgment, a review of Ross University's rules and regulations reveals that its actions were in compliance with the Ross University Handbook (the "Handbook"). The Handbook states the "University Registrar enters an administrative withdrawal in the student's record when any of the following apply: "[t]he student…[d]oes not return to the campus to register for the following semester and attend classes in Week One of a semester." See page 23 of the Handbook. Plaintiff does not allege that he attempted to re-enroll in the semester following his failure of the AICM course. That semester ended in April, 2006 – plaintiff failed to return to campus to register for the semester starting on May 22, 2006. Thus, Ross University's rules and regulations required Plaintiff's administrative withdrawal.[2] There simply is no issue of fact to be determined in this regard.

Fourth, plaintiff's allegation that defendant "blocked" Mr. Dasrath's score on the USMLE Step I Exam is not a viable breach of contract claim against defendant. If ECFMG, the independent examining board administering the USMLE Step I Exam, did not release a score, that allegation should be directed at ECFMG. Moreover, plaintiff's

---

[1] Significantly, Dasrath has presented no evidence, whatsoever, that Dasrath's failing grade was given in error.

[2] The Dasrath Letter refers to a 17 week break after the semester in which he took the AICM course – however, this break applies only to students in good standing. Nowhere in the handbook does it suggest that students cannot be administratively withdrawn from the school for failing to remediate a failing course during this time.

*CULLENandDYKMAN*LLP

allegation that defendant "withdrew its sponsorship of Mr. Dasrath to take the USMLE Step 1 exam" is not in breach of any contract – again, as will be demonstrated on defendant's motion for summary judgment, defendant could not sponsor plaintiff to take the exam since passing the AICM is a required pre-requisite.

Mr. Dasrath and his counsel in the Dasrath Letter contend that he "could not have been given" a failing grade in the AICM course because he applied for and was certified to take the USMLE Step 1 Exam. However, his "certification" was in connection with his applications in March and April 2006 prior to completing the AICM course. However, between the time of his application and the exam given on July 27, 2006 his status changed – namely, he failed the AICM course. He also contends that he "could not have been given" a failing grade in the AICM course since he sat for the USMLE Step 1 Exam in July 2006. Dasrath knew of his status change, and that defendant could not sponsor him to take the USMLE Step 1 Exam, as evidenced by the action commenced on July 21, 2006 by plaintiff in the Supreme Court of the State of New York, Queens County (Index No. 15989/06), in which he moved by order to show cause to compel defendant to sponsor his sitting for the exam despite his failing grade. That motion was denied and the case was dismissed. *He sat for the exam anyway*. Plaintiff's blatant fabrication that he was "certified and sponsored by the Defendant, Ross University to sit for the USMLE Step 1 Exam and did so on July 27, 2007" should not be countenanced by this Court. Dasrath Letter p. 2.

For the foregoing reasons, and the reasons set forth in Ross University's letter application dated November 22, 2010, it is respectfully requested that defendant be permitted to move for summary judgment.

Respectfully yours,

Jennifer A. McLaughlin (JM 5678)

JAM:ms

     VIA ECF
cc:    Joseph R. Costello, Esq.