# COSTELLO & COSTELLO, P.C.
#### ATTORNEYS AT LAW

| | | |
|---|---|---|
| JOSEPH G. COSTELLO<br>JOSEPH R. COSTELLO*<br><br>*ALSO ADMITTED IN N.J., P.A.,<br>DISTRICT OF COLUMBIA | 5919 20TH AVENUE<br>BROOKLYN, N.Y. 11204<br>(718) 331-4600<br>FAX (718) 331-2400<br>WWW.COSTELLOCOSTELLO.COM | 17 NOTTINGHAM DRIVE<br>HOWELL, N.J. 07731<br>(732) 730-2390 |

**Please Reply to the Brooklyn Office**

Writer's Direct Email: jrc@costellocostello.com

December 29, 2010

**Via Electronic Filing**
**Hon. Carol B. Amon**
**United States District Judge**
**United States District Court**
**Eastern District of New York**
**225 Cadman Plaza East**
**Brooklyn, N.Y. 11201**

Re:  Anand Dasrath v. Ross University School of Medicine
       07 CV-2433 (CBA) (RER)
Our File No.   6970

Dear Judge Amon:

This office represents the Plaintiff, Anand Dasrath (Dasrath) in the above referenced matter. I am writing in response to Defendant Ross University School of Medicine's ("Ross") letter of December 17, 2010.

Plaintiff reiterates his position that there are no triable issues of fact pertaining to this matter. It cannot be argued that Defendant Ross failed the Plaintiff, Mr. Dasrath, in the Advanced Introduction to Clinical Medicine course (AICM). If Mr. Dasrath had indeed failed the said course, he **could not** have been certified to sit for the United States Medical Licensing Exam Step 1 (USMLE Step 1). As set forth in Ross' Academic Rules and Regulations at page 13, in order to be eligible to sit for the USMLE Step 1, a student must have passed the defendant's Basic Science Curriculum, completed the AICM course, **and** passed the National Board of Medical Examiners (NBME) Comprehensive Basic Sciences Exam. Only then can a student be certified to sit for the USMLE Step 1 exam. It is undisputed that Mr. Dasrath was certified to sit for the USMLE Step 1. It is also undisputed that Dasrath did, in fact, take the USMLE Step 1 on July 27, 2006. It was not until **after** this date that Mr. Dasrath received notification via an academic transcript of his alleged failing grade.

Ross' allegation that Mr. Dasrath received his failing grade three (3) weeks after completing the AICM course is without merit. If Mr. Dasrath received a failing grade, no matter the time frame in which he became aware of it, the fact remains that Ross certified him to sit for the USMLE Step 1 and in Defendant's December 17, 2010 letter to Your Honor at page 2, line

COSTELLO & COSTELLO, P.C.

number 1, it is conceded that "a passing score was required to be eligible to take the United States Medical Licensing Exam (USMLE)".

Defendant's statement that Mr. Dasrath was administratively withdrawn is also without merit. Mr. Dasrath completed the AICM course by April of 2006, and Mr. Dasrath did not learn of his failing grade until August 14, 2006. As set forth on page 9 of Ross' Academic Rules and Regulations, following completion of the AICM course, Mr. Dasrath was on a 17-week scheduled break from school, during which a student may not be marked withdrawn, and remained fully enrolled as a student. Therefore, it was not necessary for Mr. Dasrath to re-enroll for the said AICM course in the following semester. By withdrawing Mr. Dasrath during that period, Ross failed to abide by its own Rules and Regulations.

It should be noted that Defendant's attorneys are attempting to paint a picture that this case was previously decided in the State Court. Although it is true that the action was commenced in State Court, it was not decided on its merits. Rather, the case was dismissed without prejudice for the Plaintiff to commence the case in the appropriate Court – namely the Eastern District of New York.

In addition, it is far from a "blatant fabrication" that Mr. Dasrath was certified and sponsored by Ross to sit for the USMLE Step 1; rather, it is verifiable truth. Mr. Dasrath's application to sit for the USMLE Step 1 was both "signed" and "stamped" by Defendant. Additionally, as previously stated, Mr. Dasrath sat for the USMLE Step 1 exam on July 27, 2006. Since a student is only eligible to sit for the exam after meeting the eligibility criteria, following which his application is "signed" and "stamped," the fact that Mr. Dasrath sat for the exam is *de facto* evidence that he met the eligibility criteria. If there was any fabrication on Mr. Dasrath's part, then one must ask why did Defendant "sign" and "stamp" his certification to sit for the USMLE Step 1, and then, at a later point in time, withdraw its sponsorship of him? According to Ross' policies, a student is not eligible to sit for the USMLE **unless** that student is certified by Ross to sit for said exam. Hence, how can this be a fabrication?

On July 27, 2006, Mr. Dasrath sat for the USMLE Step 1. By subsequently withholding Mr. Dasrath's AICM grade, then notifying him on August 14, 2006 that he had been administratively withdrawn as of June 29, 2006 and issuing a failing grade for the AICM course on August 14, 2006, then blocking release of Mr. Dasrath's score on the USMLE Step 1 Exam, and then subsequently withdrawing its sponsorship of him to take the USMLE Step 1 Exam, which Mr. Dasrath had already taken, it is clear that Defendant Ross breached the contract that Defendant's counsel admits the parties entered into when Mr. Dasrath enrolled at the Defendant school.

Very truly yours,

COSTELLO & COSTELLO, P.C.
BY:   JOSEPH R. COSTELLO
JRC/
CC: Justin Capuano, Esq.