UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANAND DASRATH,                                    Case No.: CV 07 2433

                        Plaintiff,                 (C. Amon)
                                                     (R. Reyes)

    - against -

ROSS UNIVERSITY SCHOOL OF MEDICINE,

                        Defendant.

------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF ROSS UNIVERSITY SCHOOL OF MEDICINE'S SUMMARY JUDGMENT MOTION PURSUANT TO RULE 56



CULLENandDYKMANLLP

Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850
Telephone (516) 357-3700

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND ..................................................................................................... 1

PROCEDURAL BACKGROUND ............................................................................................. 2

STANDARD OF REVIEW ........................................................................................................ 3

ARGUMENT    PLAINTIFFS' CONTRACT CLAIM FAILS AS A MATTER OF
LAW SINCE THE UNIVERSITY HAS FOLLOWED ITS
ESTABLISHED POLICIES AND PROCEDURES AND HAS
NOT ACTED IN BAD FAITH OR CONTRARY TO LAW ..................... 4

    A.    Ross University followed its Policies and Procedures When
Administratively Withdrawing Plaintiff for Failing to Remediate a
Failing Grade in the AICM Class ............................................................... 7

    B.    Ross University's Administration of Grades to Plaintiff Was
Neither Contrary to any Policy Nor Arbitrary or Capricious ...................... 8

    C.    Allegations Concerning the Release of Plaintiff's USMLE Step 1
Exam Score Cannot Form the Basis of a Breach of Contract Claim
Against Ross University ............................................................................ 10

CONCLUSION ........................................................................................................................ 11

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) ........................................ 3

*Babiker v. Ross Univ. Sch. of Med.*, 2000 U.S. Dist. LEXIS 6921, at *3-*10, *25-*26
   (S.D.N.Y. 2000), *aff'd* 2004 U.S. App. LEXIS 1118 (2d Cir. 2004) .......................... 5-6

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ............................................................ 3

*D'Amico v. City of New York*, 132 F. 3d 145, 149 (2d Cir. 1998) ...................................... 4

*Fradd-Wolff v. Vassar Coll.*, 932 F. Supp. 88, 92-93 (S.D.N.Y. 1996) .............................. 6

*Gally v. Columbia Univ. in N.Y. City*, 22 F. Supp.2d 199 (S.D.N.Y. 1998) ....................... 3

*Keles v. New York Univ.*, 1994 U.S. Dist. LEXIS 4202, at *20-*22
   (S.D.N.Y. 1994) ..................................................................................................... 4, 6-7

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ....... 3

*Susan M. v. N.Y. Law Sch.*, 76 N.Y.2d 241, 245, 556, N.E.2d 1104, 1106 (1990) ............ 4

**Statutes**

Fed. R. Civ. P. 56(e) ............................................................................................................. 3

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
ANAND DASRATH,                                                   Case No.: CV 07 2433
                                                                 (C. Amon)
                                                                 (R. Reyes)
                                           Plaintiff,
        - against -

ROSS UNIVERSITY SCHOOL OF MEDICINE,

                                           Defendant.
-------------------------------------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT OF ROSS UNIVERSITY SCHOOL OF MEDICINE'S SUMMARY JUDGMENT MOTION PURSUANT TO RULE 56

### PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of Defendant Ross University School of Medicine ("Defendant" or "Ross University") in support of its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff's amended complaint in this action contains one cause of action for breach of contract as the remaining causes of action were dismissed by this Court on May 7, 2010. (SMF 9)[1]. For the reasons set forth herein, Plaintiff's breach of contract cause of action should also be dismissed.

### FACTUAL BACKGROUND

Ross University is a medical school located on the island of Dominica in the West Indies. For foreign medical school graduates to become licensed to practice medicine in the United States, students are required to take several qualifying exams. The United States Medical Licensing Examination Step 1 ("USMLE Step 1 Exam") is the first of several exams required to be taken by foreign medical school students. To be eligible to

---

[1]   All references to defendant's Statement of Material Facts are referred to herein as "SMF."

1

sit for the USMLE Step 1 Exam, a student is required to (among other prerequisites) take and successfully complete a prerequisite class known as Advanced Introduction to Clinical Medicine ("AICM") and be enrolled at the university.

Plaintiff was enrolled as a student at Ross University during the spring semester of 2006 and was a student in the AICM course. *See* Amended Complaint at ¶ 6. At the same time, Plaintiff was applying to take the USMLE Step 1 Exam. However, his eligibility to sit for the USMLE Step 1 Exam was revoked when Plaintiff received his failing grade in the AICM course and failed to return to campus to remediate the failed course. Plaintiff disputes his failing grade in the class. *Id.* at ¶ 10.

Plaintiff was also administratively withdrawn from enrollment at Ross University when he failed the required AICM class and did not re-take it. *Id.* at ¶¶ 8-9. Plaintiff *believes* that "his grades were changed, withheld, and/or inaccurately reported." *Id.* at ¶ 10. His supposition does not support a breach of contract claim against Ross University and is insufficient to defeat a motion for summary judgment.

## PROCEDURAL BACKGROUND

On June 15, 2007, Plaintiff filed a complaint against Ross University (the "Original Complaint") and Ross University moved to dismiss. The motion was referred by this Court to Magistrate Ramon E. Reyes who issued a Report and Recommendation dated August 6, 2008 (the "Report and Recommendation") dismissing the Original Complaint in its entirety. (Docket Entry 40). On March 31, 2009, this Court adopted, in part, the Report and Recommendation allowing Plaintiff leave to amend his pleading. (Docket Entry 45).

Plaintiff filed an Amended Complaint on June 18, 2009. Ross University moved to dismiss the Amended Complaint and this Court granted its motion to dismiss all claims except the breach of contract cause of action. (Docket Entry 67). That remaining cause of action, as will be shown more fully below, is nothing more than a claim by a disgruntled student that he should have passed a course that he failed. *Gally v. Columbia Univ. in N.Y. City*, 22 F. Supp.2d 199, 206 (S.D.N.Y. 1998) ("not every dispute between a student and a university is amenable to a breach of contract claim..."). As such, Plaintiff's Amended Complaint sounding in breach of contract should be dismissed.

## STANDARD OF REVIEW

Ross University is entitled to judgment as a matter of law since there are no genuine issues of material fact before the Court. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Summary judgment may be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Plaintiff may not rest upon mere allegations in his pleading. See Fed. R. Civ. P. 56(e). Plaintiff must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Specifically, Plaintiff will need to proffer "some hard evidence showing that its version of the events is not wholly fanciful." *D'Amico v. City of New York*, 132 F. 3d 145, 149 (2d Cir. 1998). It is respectfully submitted that Plaintiff will be unable to survive summary judgment as the only "evidence" presented by Plaintiff in discovery was wholly fanciful.

## ARGUMENT

## PLAINTIFF'S CONTRACT CLAIM FAILS AS A MATTER OF LAW SINCE THE UNIVERSITY HAS FOLLOWED ITS ESTABLISHED POLICIES AND PROCEDURES AND HAS NOT ACTED IN BAD FAITH OR CONTRARY TO LAW

It is well-settled that courts will not intervene in an educational institution's decisions regarding a student's academic performance. *Susan M. v. N.Y. Law Sch.*, 76 N.Y.2d 241, 245, 556, N.E.2d 1104, 1106 (1990) ("[s]trong policy considerations militate against the intervention of courts in controversies relating to an educational institution's judgment of a student's academic performance.") In *Keles v. New York Univ.*, 1994 U.S. Dist. LEXIS 4202, at *20-*22 (S.D.N.Y. 1994), the court, in reviewing a student's breach of contract claim against a defendant university, noted:

> although the relationship between [plaintiff-student] and [defendant-university] may be analyzed as a contractual one, it is well established under New York law that judicial review of a university's academic decisions is limited to a determination of whether the university acted arbitrarily, capriciously, irrationally, in bad faith or contrary to law
>
> . . .[t]o determine whether a university has acted in bad faith, arbitrarily or capriciously, its actions must be judged against its own stated policies and regulations. Generally, however, determinations regarding a student's academic performance are entitled to great deference and are rarely found to be arbitrary, as such determinations require the special expertise of educations and play an important role in preserving the integrity of the credentials conferred by the educational institution. (internal citations omitted).

As such, a plaintiff-student asserting a breach of contract claim against a university must demonstrate that the university acted arbitrary, capriciously and against

4

its own stated policies and regulations in order to defeat summary judgment. For example, in *Babiker v. Ross Univ. Sch. of Med.*, 2000 U.S. Dist. LEXIS 6921, at *25-*26 (S.D.N.Y. 2000), *aff'd* 2004 U.S. App. LEXIS 1118 (2d Cir. 2004) summary judgment was awarded on plaintiff's breach of contract claim since the university acted in accordance with the procedures set forth in its Handbook, and, as such, "no rational jury could find that the university acted in an arbitrary or irrational manner in dismissing [plaintiff]." *Id.* Strikingly similar to Plaintiff's claim in this case, the plaintiff in *Babiker* alleged that the university had breached its contract with plaintiff by wrongly and unjustly dismissing him and refusing to award him a medical degree. *Babiker*, 2000 U.S. Dist. LEXIS 6921, at *3-*10. However, the court noted that a university will not be found liable for breach of contract if it acted in accordance with the procedures set forth in its handbook and did so in a way that was not arbitrary and capricious. *Id.* at 22.

In *Babiker*, the Student Handbook required that students take and pass portions of the USMLE in three attempts. If not, the student would be expelled. The Student Handbook also required that a student to be in good standing in order to participate in clinical studies. Despite these requirements, the plaintiff, who had failed portions of the USMLE three times, continued to participate in clinical studies, and then was expelled for doing so. Plaintiff sued defendant for a number of things, including breach of contract. Plaintiff alleged that the defendant had breached its contract with plaintiff for wrongly and unjustly dismissing him and refusing to award him a medical degree. *Babiker*, 2000 U.S. Dist. LEXIS 6921, at *3-*10.

The Court's holding first discussed the "implied contract" that arises between a student and a university when the student enrolls, such that if a student complies with the

5

terms prescribed by the university, he will obtain the degree he seeks. *Id.* at *22. Implicit in this contract is an understanding that the university will not act in an arbitrary and capricious manner. *See id.* Since the university followed the procedures in its Student Handbook, and in so doing did not act in an arbitrary and capricious manner, the university was granted summary judgment dismissing plaintiff's complaint, including his breach of contract claim in its entirety.

Similarly, in *Fradd-Wolff v. Vassar Coll.*, 932 F. Supp. 88 (S.D.N.Y. 1996), plaintiff sued defendant university alleging that defendant had breached a contract between plaintiff and defendant, as plaintiff alleged that defendant had failed to follow procedures outlined in its student handbook with regard to investigating and adjudicating a disciplinary charge against plaintiff. Defendant moved for summary judgment on this claim. The Court granted defendant's motion for summary judgment because "the undisputed facts indicate that it substantially observed its established procedures in investigating and adjudicating the charge against plaintiff." *Id.* at 92. Further, plaintiff, in opposition, had failed to demonstrate a question of fact as to whether defendant substantially observed its established procedures. *Id.* at 93.

Moreover, in *Keles*, 1994 U.S. Dist. LEXIS 4202, plaintiff sued defendant for terminating him from its graduate school after plaintiff had failed a qualifying test a number of times. Plaintiff sued for breach of contract, arguing that he had a contract with defendant as set forth in the defendant's Guidelines which, when plaintiff had started at the school, permitted him to take the exam an indefinite number of times, but then were amended over time to limit the amount of times the exam could be taken. *Id.* at *19. After analyzing the Guidelines (the original and amended) the Court found that defendant had

acted in accordance with all of them as even the original required him to pass the exam within a certain amount of time despite allowing him to take it an indefinite number of times. *Id.* Thus, treating defendant's motion to dismiss as a summary judgment motion, the Court granted defendant summary judgment.

The law is clear that without evidence that a university acted in an arbitrary or capricious manner and in contravention of its stated policies and procedures, a student's breach of contract claim will not withstand summary judgment. Plaintiff's allegations that Ross University breached a contractual relationship with him by (1) failing to timely report his grade; (2) issuing an administrative withdrawal; (3) preventing him to sit for the USMLE Step 1 Exam; and (4) improperly withholding Plaintiff's USMLE Step 1 Exam score is devoid of merit.

### A.  Ross University Followed its Policies and Procedures When Administratively Withdrawing Plaintiff for Failing to Remediate a Failing Grade in the AICM Class

The Student Handbook provides that an administrative withdrawal is required when a student does not return to campus to register for the following semester. *See* Fernandez Affidavit, Exh. D, p. 23. If a student fails a course, he or she must re-register for that course to remediate the failing grade or else they are considered academically withdrawn from the university. *See* Fernandez Aff. ¶ 21-22. Plaintiff was well aware of this requirement, as he had failed courses prior to his academic withdrawal and took those courses over immediately after the failing grade was issued in order to remain enrolled in the university. *See* McLaughlin Aff., Exh. L, p. 32. It is undisputed that to remediate a failing grade one must re-take the course and failure to return to campus to re-register and take that course will result in academic withdrawal.

As demonstrated in the Fernandez Affidavit, Plaintiff failed the Advanced Introduction to Clinical Medicine ("AICM") course. Plaintiff learned of and discussed his failing AICM grade with his professor on April 24, 2006. *See* Fernandez Aff. ¶¶ 15, Exh. B. He discussed the fact that he would need to re-register to take the AICM course that began in the semester commencing on May 22, 2006 to ameliorate the failing grade. *See* Fernandez Aff. ¶17 and Exh. C. Plaintiff never registered to take the AICM course and instead chose a course of action to challenge that failing grade in a court of law that resulted in the state court litigation commenced in July 2006 (which was dismissed) and ultimately the action commenced in this Court. *See* Fernandez Aff. ¶19 and Exh. C. Failing to return to campus to register to take the AICM course in the semester following his failure of the AICM course resulted in academic withdrawal in accordance with the Student Handbook. *See* Fernandez Aff. ¶21 and Exh. D, p.23. Moreover, by failing the AICM course Plaintiff was not eligible for a sixteen-week vacation break afforded to students in good standing who successfully complete the AICM course and during which time they remain fully enrolled. *See* Fernandez Aff. ¶¶48-49. Thus, it cannot be said that Ross University breached any agreement by issuing the academic withdrawal based on Plaintiff's failure to return to campus and register to take the AICM course commencing on May 22, 2006.

**B.    Ross University's Administration of Grades to Plaintiff Was Neither Contrary to any Policy Nor Arbitrary or Capricious**

Dr. Fernandez taught the AICM course from January 16, 2006 to April 7, 2006. Out of 1,000 possible points for the AICM, Plaintiff received 426.6, which is a failing grade. *See* Fernandez Aff. ¶ 11, Exh. A. This grade was posted on "eCollege" which is a secure website by which students can review their grades. As previously discussed,

8

Plaintiff acknowledged receiving this grade in an email to Dr. Fernandez dated April 22, 2006 wherein Plaintiff responded to Dr. Fernandez' email alerting all students that the AICM course grades were posted on eCollege. Dr. Fernandez spoke with Plaintiff via telephone and during that conference the failing grade was discussed as well as the fact that Plaintiff needed to repeat the AICM course in the semester starting on May 22, 2006. *See* Fernandez Aff. ¶ 15, Exh. C. There is nothing in the record to suggest that issuance of the failing grade, and posting the failing grade within two weeks after the conclusion of the AICM course via eCollege defied any practice or policy or was arbitrary or capricious.

In the same vein, there is nothing in the record that would suggest that grades are required to be transmitted to students via any other method, including via transcript. In fact, there is nothing in the Handbook that requires Ross University to administer transcripts to students in any timeframe or at all. *See* Fernandez Aff. ¶60. Ross University issues school transcripts as a courtesy to its students either on request or by regular mailings. *See* Fernandez Aff. ¶52. As mentioned, individual course grades are available through eCollege in advance of the grade being available on an official school transcript. *See* Fernandez Aff. ¶ 53. Thus, under no circumstance could the method or timeliness of the administration of the AICM grade to Plaintiff amount to breach of any contract and as such Plaintiff's breach of contract claim should be dismissed as a matter of law.

9

C.  **Allegations Concerning the Release of Plaintiff's USMLE Step 1 Exam Score Cannot Form the Basis of a Breach of Contract Claim Against Ross University**

The USMLE Step 1 Exam, administered by an entity known as the Educational Commission for Foreign Medical Graduates ("ECFMG"), is one of several qualifying exams which foreign medical school graduates must complete and pass before becoming licensed to practice medicine in the United States. *See* Fernandez Aff. ¶ 25. It is not administered by Ross University. Ross University provides information on a student's application to take the exam that would reflect whether certain information on the application is accurate and whether, *at the time of the application*, the applicant is "officially enrolled" or "a graduate" of Ross University. *See* Fernandez Aff. ¶29. As demonstrated in the Fernandez Affidavit, at the time Plaintiff applied for the USMLE Step 1 Exam, Plaintiff was enrolled at Ross University. *See* Fernandez Aff. ¶ 31-33.

However, by the time the exam was administered, Plaintiff was administratively withdrawn from the university as a result of his failing grade in the AICM course, and his failure to re-register to re-take the failing class. *See* Fernandez Aff. ¶¶ 22-23, Exh. E. Successful completion of the AICM course and enrollment at the university is a prerequisite to taking the USMLE Step 1 Exam. Fernandez Aff. ¶¶ 35 and 37. Despite these requirements, Plaintiff sat for the exam anyway and asserts in this lawsuit that Ross University improperly failed to sponsor him to take the exam and that Ross University is improperly withholding release of Plaintiff's USMLE Step 1 Exam score in breach of an unidentified contract to perform such tasks. As demonstrated above, Plaintiff became ineligible for the exam when his status at Ross University changed and he was no loner enrolled at the university. Thus, Ross University could no longer "sponsor" Plaintiff to

10

take the exam. With regard to the release of his score, it should be noted that the examining board (ECFMG) has determined that Plaintiff engaged in "irregular behavior" in connection with his failure to notify ECFMG of a change in Plaintiff's eligibility to take the USMLE Step 1 Exam and has barred Plaintiff admission to all ECFMG administered examinations. *See* McLaughlin Aff, Exh. E. Any claim that ECFMG has improperly withheld examination scores lies with ECFMG and not Ross University.

## CONCLUSION

Based on the foregoing, Ross University respectfully submits that its motion for summary judgment pursuant to Rule 56 dismissing Plaintiff's breach of contract claim be granted in its entirety.

Dated: Garden City, New York
March 3, 2010

Respectfully submitted,

CULLEN AND DYKMAN LLP

By: _____
Jennifer A. McLaughlin (JM 5678)
Attorneys for Defendant
100 Quentin Roosevelt Boulevard
Garden City, New York 11530

Of Counsel:
Jennifer A. McLaughlin (JM 5678)
Justin F. Capuano (JC 5853)

11