UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
ANAND DASRATH,                                        Case No.: CV 07 2433
                                                      (C. Amon)
                                                      (R. Reyes)
                                    Plaintiff,

        - against -

ROSS UNIVERSITY SCHOOL OF MEDICINE,


                                    Defendant.
----------------------------------------------------------------X

### STATEMENT OF MATERIAL FACTS
### PURSUANT TO LOCAL RULE 56.1

Defendant, Ross University School of Medicine ("Ross" or "Ross University"), by and

through its attorneys, Cullen and Dykman LLP, submits the following Statement of Material

Facts of which it contends there is no genuine issue, in accordance with Local Rule 56.1:

### PARTIES

1.      Plaintiff is an individual residing in Queens County, New York and was a

medical student at Ross University from May 2004 to May 22, 2006 at which time he was

administratively withdrawn from Ross University because he failed a required course and did

not re-enroll to remediate the failing grade the semester immediately following.  (Amended

Compl. ¶5; Affidavit of Doctor Enrique S. Fernandez sworn to on February 27, 2011 (the

"Fernandez Affidavit") ¶ 6).

2.      Ross University is a corporation organized and existing under the laws of the

Commonwealth of Dominica in the Eastern Caribbean with its principal office located at Ross

University Boulevard, Portsmouth, Dominica, West Indies. (Fernandez Affidavit ¶ 2).

1

3.      Doctor Nancy Perri is and at all times referenced in the Amended Complaint was the Vice President of Academic Affairs at Ross University.  (Fernandez Affidavit ¶ 4).

4.      Doctor Enrique S. Fernandez is the Senior Associate Dean for Clinical Sciences at Ross University.  (Fernandez Affidavit ¶ 1).

5.      In 2006, Dr. Fernandez was the Associate Dean for Clinical Sciences and Director of the Advanced Introduction to Clinical Medicine course ("AICM").  (Fernandez Affidavit ¶ 3).

## THE COMPLAINT

6.      The original complaint in this action was filed with the United States District Court for the Eastern District of New York on June 15, 2007 (Docket Entry 1) which was dismissed with leave to re-file an amended complaint.  (Docket Entry 45).

7.      The Amended Complaint was filed with this Court on June 18, 2009.  (Docket Entry 56).

8.      The Amended Complaint was also subject to a motion to dismiss. (Docket Entry 64).

9.      This Court's order of May 7, 2010 dismissed three of the four causes of action in the Amended Complaint.  (Docket Entry 67).

10.     The only surviving cause of action in the Amended Complaint alleges that Ross University breached an alleged contractual agreement with Plaintiff. (Amended Compl. ¶ 19-23).

11.     Plaintiff alleges in the Amended Complaint that Ross University breached an alleged contract with Plaintiff by: (1) failing to accurately record his grades; (2) administratively withdrawing Plaintiff; and (3) withdrawing its sponsorship of Plaintiff to take

2

the U.S. Medical Licensing Examination, Step One Exam (the "USMLE Step 1 Exam"). (Amended Compl. ¶ 19-23).

## THE AICM COURSE

12.　　Ross University's academic year is divided into trimesters. (Fernandez Affidavit ¶ 9).

13.　　In their fifth semester, students take the AICM course. (Affidavit of Jennifer A. McLaughlin sworn to on March 3, 2011 (the "McLaughlin Affidavit"), Exhibit M, Perri Dep. at pg. 24, ln. 20-22); (Fernandez Affidavit ¶ 9).

14.　　Plaintiff took the AICM course taught by Dr. Fernandez from January 16, 2006 to April 7, 2006. (Fernandez Affidavit ¶ 10).

15.　　Out of 1,000 possible points for the AICM, Plaintiff received 426.6, which is a failing grade. (Fernandez Affidavit ¶ 11 and Exhibit A).

16.　　After students complete a course and grades are finalized, their grades are posted on "eCollege" for the students to view. (Fernandez Affidavit ¶ 12).

17.　　ECollege is a system whereby students can log in to a secured website to review their grades. (Fernandez Affidavit ¶ 12).

18.　　Plaintiff learned of his failing AICM grade via eCollege at least as early as April 22, 2006. (Fernandez Affidavit ¶ 13-14 and Exhibit B; McLaughlin Affidavit, Exhibit L, Dasrath Dep. at pg. 77, ln. 14-17; pg. 79, ln. 8-11).

19.　　On April 22, 2006 Plaintiff acknowledged via email that he saw his "failing grade" in the AICM course and asked Dr. Fernandez to review Plaintiff's failing AICM grade. (Fernandez Affidavit ¶ 14 and Exhibit B).

3

20.     Plaintiff admits that he learned of his failing grade before sending the April 22nd email to Dr. Fernandez.  (McLaughlin Affidavit, Exhibit L, Dasrath Dep. at pg. 89, ln. 19-22).

21.     On April 24, 2006 Plaintiff participated in a telephone conversation with Dr. Fernandez regarding Plaintiff's failing AICM grade.  (Fernandez Affidavit ¶ 15; McLaughlin Affidavit, Exhibit L, Dasrath Dep. at pg. 80, ln. 12- pg. 81, ln. 14).

22.     Dr. Fernandez reviewed Plaintiff's failing grade prior to the April 24, 2006 telephone conversation with Plaintiff.  (Fernandez Affidavit ¶ 16).

23.     In the April 24, 2006 telephone conversation Dr. Fernandez discussed with Plaintiff, among other things, Plaintiff re-taking the class in the semester scheduled to begin on May 22, 2006 as reflected in a memorandum memorializing the discussion.  (Fernandez Affidavit ¶ 17 and Exhibit C).

24.     Plaintiff also discussed his failing grade with Dr. Perri, the Vice President of Academic Affairs, on May 8, 2006.  (McLaughlin Affidavit, Exhibit L, Dasrath Dep. at pg. 83, ln. 18 – pg. 84, ln. 13; Exhibit M, Perri Dep. at pg. 49, ln. 9-13; Plaintiff's Exhibit 1).

25.     Plaintiff does not dispute that he received his failing grade via eCollege on or before April 22, 2006.  (McLaughlin Affidavit, Exhibit L, Dasrath Dep. at pg. 77, ln. 14-17; pg. 79, ln. 8-11).

26.     Plaintiff never registered to re-take the AICM course. (Fernandez Affidavit ¶ 19).

27.     Plaintiff believes he should have passed the AICM course and calls the grade he received "phony."  (McLaughlin Affidavit, Exhibit L, Dasrath Dep. at pg. 114, ln. 10-23).

## PLAINTIFF'S ADMINISTRATIVE WITHDRAWAL

28.     The Ross University Student Handbook of Academic Rules and Regulations ("Handbook") provides that an administrative withdrawal is required when the student does not return to campus to register for the following semester. (Fernandez Affidavit ¶ 21, Exhibit D at pg. 23).

29.     If a student fails a course, they need to re-register for that course in order to remediate the failing grade or else they are academically withdrawn from Ross University. (Fernandez Affidavit ¶ 21 and Exhibit D at pg. 23; McLaughlin Affidavit, Exhibit M, Perri Dep. pg. 73, ln. 4-16).

30.     Plaintiff admits that if a student fails a course at Ross University, that student is required to repeat the course. (McLaughlin Affidavit, Exhibit L, Dasrath Dep. at pg. 32, ln. 18-21).

31.     Plaintiff had failed courses at Ross University prior to failing the AICM and acknowledges having to repeat those classes the semester following the failed course. (McLaughlin Affidavit, Exhibit L, Dasrath Dep. at pg. 32, ln. 19-21).

32.     Plaintiff admits he never registered to retake the AICM course. (McLaughlin Affidavit, Exhibit L., Dasrath Dep. at pg. 111, ln. 5-21;  Dasrath Dep. at pg. 126, ln. 6-12).

33.     Plaintiff believes he did not need to re-register for the AICM course because he passed the AICM course. (McLaughlin Affidavit, Exhibit L., Dasrath Dep. at pg. 153, ln. 12-21).

34.     Plaintiff's failure to reregister and attend the AICM course that began on May 22, 2006 required Plaintiff to be administratively withdrawn from Ross University. (Fernandez Affidavit ¶ 22 and Exhibit D at p. 23).

5

35.     Plaintiff was notified of the administrative withdrawal on June 29, 2006 by letter. (Fernandez Affidavit ¶ 23 and Defendant's Exhibit E).

36.     Plaintiff was never denied the opportunity to return to Ross University to continue his studies – he just chose not to.  (McLaughlin Affidavit, Exhibit L, Dasrath Dep. at pg. 122, ln. 5- pg. 123, ln. 3).

### USMLE STEP ONE EXAM

37.     The USMLE Step 1 Exam, administered by an organization called Educational Commission for Foreign Medical Graduates ("ECFMG"), is one of several qualifying exams which foreign medical school graduates must complete and pass before becoming licensed to practice medicine in the United States.  (Fernandez Affidavit ¶ 25).

38.     Ross University students apply to sit for the USMLE Step 1 Exam while their fifth semester AICM course is in progress.  (Fernandez Affidavit ¶ 26).

39.     Students must be enrolled at Ross University both at the time they apply to take the examination and on the date the examination is administered.  (Fernandez Affidavit ¶ 27).

40.     Ross University certifies students to take the USMLE while the AICM course is in progress under the assumption that they are going to pass the course or continue to make satisfactory progress in their studies by retaking the failed AICM course.  (Fernandez Affidavit ¶ 28; McLaughlin Affidavit, Exhibit M, Perri Dep. at pg. 31, ln. 4-7).

41.     As part of the application process, a Ross University official is asked to certify the "photograph, signature and information" entered in the application is accurate as well as checking a box to indicate whether the applicant is "officially enrolled" or "a graduate" of Ross University.  (Fernandez Affidavit ¶ 29).

42.     Plaintiff submitted for Ross University certification two applications to take the USMLE Step 1 exam.  (Fernandez Affidavit ¶ 30).

43.     The first application was submitted to Ross University for approval in March, 2006 but was rejected by ECFMG because of an issue with Plaintiff's birth date.  (Fernandez Affidavit ¶ 31, McLaughlin Affidavit, Exhibit L, Dasrath Dep. at pg. 133, ln. 2-11).

44.     The second application was submitted to Ross University for certification on May 5, 2006 in order to ameliorate the birth date problem.  (Fernandez Affidavit ¶ 32; McLaughlin Affidavit, Exhibit L, Dasrath Dep. at pg. 133, ln. 12-25).

45.     At the time of Plaintiff's second application dated May 5, 2006, Plaintiff was still enrolled at Ross University and the applications reflected as such.  (Fernandez Affidavit ¶ 33; McLaughlin Affidavit, Exhibit L, Dasrath Dep. at pg. 134, ln. 19-22).

**PLAINTIFF BECOMES INELIGIBILE TO TAKE THE USMLE STEP ONE EXAM**

46.     According to the Handbook, to be eligible to take the USMLE Step 1 Exam, a student must have:  (1) passed all courses in the basic science curriculum during the first four semesters; (2) have successfully completed the fifth semester AICM course; and (3) have passed National Board of Medical Exams ("NBME').  (Fernandez Affidavit ¶ 35 and Exhibit D at p. 13;  McLaughlin Affidavit, Exhibit M; Perri Dep. at pg. 66, ln. 19- pg. 67, ln. 11; pg. 29, ln. 20-25).

47.     Plaintiff passed all courses in the basic science curriculum and passed the NBME but did not pass the AICM course.  (Fernandez Affidavit ¶ 36).

48.     Moreover, ECFMG requires that a student be enrolled in medical school both at the time the individual applies for the examination and at the time the individual takes the examination.  (Fernandez Affidavit ¶ 37 and Exhibit F).

49.    Plaintiff was not eligible to take the USMLE Step 1 Exam because he failed the AICM course and because he was not an enrolled student based on his status as "administratively withdrawn." (Fernandez Affidavit ¶ 39; McLaughlin Affidavit, Exhibit M; Perri Dep. at pg. 41, ln. 15-17; Exhibit "F").

50.    Plaintiff admits that he had to pass the AICM course to be eligible for the USMLE Step 1 exam. (McLaughlin Affidavit , Exhibit L; Dasrath Dep. at pg. 128, ln. 13-20; pg. 157, ln. 14-21).

### THE JULY 27, 2006 USMLE STEP 1 EXAM

51.    Plaintiff was aware that he failed the AICM course on or before April 22, 2006 and that he was administratively withdrawn from Ross University by the letter dated June 29, 2006. (Fernandez Affidavit ¶ 40).

52.    Several days before the July 27, 2006 USMLE Step 1 Exam was scheduled to be administered, Plaintiff moved by order to show cause in the Supreme Court of the State of New York, Queens County (Index No. 15989/2006) to compel Ross University to reenroll Plaintiff in the University and to sponsor Plaintiff for the USMLE Step 1 exam. (Fernandez Affidavit ¶ 41; McLaughlin Affidavit, Exhibit N).

53.    The case was dismissed. (Fernandez Affidavit ¶ 42; McLaughlin Affidavit, Exhibit O).

54.    Plaintiff took the USMLE Step 1 Exam despite his ineligibility. (McLaughlin Affidavit, Exhibit L, Dasrath Dep. at pg. 145, ln. 8-11).

### ECFMG WITHHOLDS PLAINTIFF'S SCORE AND BARS PLAINTIFF FROM SITTING FOR FUTURE EXAMS

55.    In an October 1, 2009 meeting, the ECFMG Medical Educational Credentials Committee conducted a review of Plaintiff's failure to notify ECFMG of a change in his

eligibility to take the USMLE Step 1 exam and despite his ineligibility sitting for the July 27, 2006 exam. (McLaughlin Affidavit, Exhibit P).

56.     The ECFMG Medical Educational Credentials Committee determined that Plaintiff engaged in irregular behavior in connection with his failure to notify ECFMG of a change in Plaintiff's eligibility to take the USMLE Step 1 exam and Plaintiff's taking the USMLE Step 1 exam on July 27, 2006 when he was not eligible to take the exam. (McLaughlin Affidavit, Exhibit P).

57.     The ECFMG Medical Educational Credentials Committee barred Plaintiff from admission to all ECFMG examinations and from ECFMG Certification for an unspecified period of time. (McLaughlin Affidavit, Exhibit P).

58.     ECFMG, not Ross University, withheld the release of Plaintiff's USMLE Step 1 exam scores because Plaintiff was not eligible to take the exam. (McLaughlin Affidavit, Exhibit P).

59.     Plaintiff has admitted that ECFMG – not Ross University – refuses to release his USMLE Step 1 exam score. (McLaughlin Affidavit, Exhibit L, Dasrath Dep. at pg. 145, ln. 22-25; pg. 144, ln. 1-8).

## SCHOOL TRANSCRIPT

60.     There is nothing in The Ross University Student Handbook of Academic Rules and Regulations ("Handbook") that requires Ross University to administer transcripts to students in any timeframe or at all. (Fernandez Affidavit ¶ 51).

61.     Ross University issues school transcripts as a courtesy to its students either on request or by regular mailings. (Fernandez Affidavit ¶ 52).

62.     Individual course grades are available through eCollege in advance of the grade being available in an official school transcript. (Fernandez Affidavit ¶ 53).

63.     Plaintiff requested a transcript on or about May 15, 2006. (Fernandez Affidavit ¶ 54).

64.     At that time the fifth semester AICM course grade was not yet posted to his school transcript. (Fernandez Affidavit ¶ 55).

65.     Plaintiff requested a transcript on or about August 1, 2006. (Fernandez Affidavit ¶ 56 and Exhibit J).

66.     At that time the fifth semester AICM course grade was reflected in his school transcript. (Fernandez Affidavit ¶ 57 and Exhibit C).

67.     The fact that there is no grade listed on the transcript requested by Plaintiff in May does not indicate that he in fact passed the AICM course. (Fernandez Affidavit ¶ 58).

68.     Similarly, Plaintiff's contention that he did not receive the failing grade until he received a transcript reflecting the grade in August 2006 does not indicate that he did not "officially" fail until such time. (Fernandez Affidavit ¶ 59).

**PLAINTIFF BECOMES INELIGIBLE FOR THE POST-AICM SEMESTER BREAK**

69.     Students who successfully pass the fifth semester AICM course are eligible for a 16 week vacation period. (Fernandez Affidavit ¶ 48).

70.     Students would only remain enrolled at Ross University during this 16 week period if they successfully completed the AICM course. (Fernandez Affidavit ¶48; McLaughlin Affidavit, Exhibit M; Perri Dep. at pg. 43, ln. 15-19).

71.     Because Plaintiff failed the AICM course, he was required to reregister for the AICM course that began on May 22, 2006. (Fernandez Affidavit at ¶ 49 and Exhibit C).

72.     Plaintiff, however, did not reregister or attend the AICM course that began on May 22, 2006.  (Fernandez Affidavit ¶ 49).

73.     Plaintiff was not eligible for the 16 week vacation period.  (Fernandez Affidavit ¶ 49).

Respectfully submitted,

CULLEN AND DYKMAN LLP

By: _____
      Jennifer A. McLaughlin (JM 5678)
      Attorneys for Defendant
      100 Quentin Roosevelt Boulevard
      Garden City, New York  11530
      (516) 357-3700

To:     Costello & Costello, P.C.
        Joseph R. Costello
        5919 20th Avenue
        Brooklyn, New York 11204