UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ANAND DASRATH,                                    Case No.: CV 07 2433

                     Plaintiff,                   (C. Amon)
                                                  (R. Reyes)

    - against -

ROSS UNIVERSITY SCHOOL OF MEDICINE,

                     Defendant.

-----------------------------------------------------------X

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF ROSS UNIVERSITY'S SUMMARY JUDGMENT MOTION PURSUANT TO RULE 56



CULLENandDYKMANLLP

Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850
Telephone (516) 357-3700

# TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES………………………………………… | ii |
| PRELIMINARY STATEMENT…………………………………… | 1 |
| STATEMENT OF FACTS………………………………………….. | 1 |
| DEFENDANT'S FACTS ARE UNDISPUTED AS PLAINTIFF FAILED TO SUBMIT A RULE 56.1 COUNTERSTATEMENT OF MATERIAL FACT………………… | 2 |
| PLAINTIFF'S FAILURE TO SUBMIT A MEMORANDUM OF LAW IN OPPOSITION WARRANTS SUMMARY JUDGMENT………………………….. | 2 |
| ARGUMENT………………………………………………………… | 3 |

POINT I

| PLAINTIFF HAS FAILED TO PRESENT ANY LAW OR FACT THAT WOULD WARRANT DENIAL OF SUMMARY JUDGMENT…………………………………….. | 3 |
|---|---|

POINT II

| PLAINTIFF'S BREACH OF CONTRACT CLAIM FAILS AS A MATTER OF LAW…………………………………………….. | 4 |
|---|---|
| A. Plaintiff's Failing Grade in the AICM Course Was Neither Contrary to any Policy Nor Arbitrary or Capricious……………........ | 4 |
| B. Ross University Properly Administratively Withdrew Plaintiff for Failing to Remediate a Failing Grade in the AICM Class……………………………………… | 7 |
| C. Ross University Did Not Block Plaintiff's USMLE Step 1 Score…………………………………………... | 9 |
| CONCLUSION……………………………………………………. | 11 |

## TABLE OF AUTHORITIES

Page

*Derienzo v. Metro. Transp. Auth.*,
01 Civ. 8138, 2006 U.S. Dist. LEXIS 63350
(S.D.N.Y. Sept. 1, 2006)……………………………………………………  2

*Keles v. New York Univ.*,
1994 U.S. Dist. LEXIS 4202 (S.D.N.Y. 1994)……………………………..  3

*Nawanko v. Williams*,
2008 U.S. Dist. LEXIS 77850
(E.D.N.Y 2008) (Amon, J.)…………….....…………………………….. 2

*Owasso Indep. School Dist. v. Falvo*,
534 U.S. 426, 433 (2002)…………………………………………………….. 7

*Raber v. Wilson-Coker*,
362 F.3d 190, 201 (2d Cir. 2004)…………………………………………….. 5

*Rivera v. Inc. Vill. of Farmingdale*,
06 CV 2613, 2011 U.S. Dist. LEXIS 34185,
(E.D.N.Y. March 30, 2011)…………….....…………………………….. 7

*Susan M. v. N.Y. Law Sch.*,
76 N.Y.2d 241, 556 N.E.2d 1104 (1990)………………...…………………….. 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
ANAND DASRATH,                                       Case No.: CV 07 2433
                                                     (C. Amon)
                                                     (R. Reyes)
                       Plaintiff,

   - against -

ROSS UNIVERSITY SCHOOL OF MEDICINE,

                       Defendant.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF ROSS UNIVERSITY'S SUMMARY JUDGMENT MOTION PURSUANT TO RULE 56

### PRELIMINARY STATEMENT

This memorandum of law, along with the Affidavits of Dr. Enrique Fernandez and Jennifer A. McLaughlin and attached exhibits, previously submitted with defendant's motion for summary judgment, is respectfully submitted in further support of Defendant Ross University School of Medicine's ("Defendant" or "Ross University") motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth herein, Defendant's motion for summary judgment dismissing plaintiff's sole cause of action for breach of contract should be granted.

### STATEMENT OF FACTS

The facts relevant to this memorandum of law have been set forth more fully in Ross University's Statement of Material Facts Pursuant to Local Rule 56.1 and, for the sake of brevity, will not be repeated herein, except as specifically cited below.

1

## DEFENDANT'S FACTS ARE UNDISPUTED AS PLAINTIFF FAILED TO SUBMIT A RULE 56.1 COUNTERSTATEMENT OF MATERIAL FACT

It should be noted at the outset that plaintiff did not submit a Rule 56.1 counterstatement of material facts with his opposition to Ross University's motion for summary judgment. Failure to submit this required statement warrants a finding that all of Ross University's factual assertions in support of its motion are uncontroverted and were thus deemed to be admitted. *Derienzo v. Metro. Transp. Auth.*, 01 Civ. 8138, 2006 U.S. Dist. LEXIS 63350, *4-5 (S.D.N.Y. Sept. 1, 2006). Pursuant to the plain terms of Local Rule 56.1, those uncontroverted assertions, which have a proper foundation in the record, should be admitted. *Id.* (citing *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003)).

## PLAINTIFF'S FAILURE TO SUBMIT A MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION WARRANTS SUMMARY JUDGMENT

In addition, Plaintiff's failure to submit a memorandum of law in opposition to defendant's motion for summary judgment is a violation of Local Rule 7.1(a). As expressly provided in the Rule, Plaintiff's failure to comply with Local Rule 7.1(a) constitutes separate grounds to resolve the instant motion against the plaintiff by default. *See Nawanko v. Williams*, 2008 U.S. Dist. LEXIS 77850 at *7 (E.D.N.Y 2008) (Amon, J.) (denying summary judgment because, among other things, Plaintiff failed to submit a 56.1 statement and memorandum of law).

## ARGUMENT

### POINT I

**PLAINTIFF FAILS TO PRESENT ANY LAW OR FACT THAT WOULD WARRANT DENIAL OF SUMMARY JUDGMENT**

Plaintiff's affidavit submitted in opposition to Ross University's motion for summary judgment (the "Dasrath Aff."), although somewhat disjointed, essentially makes one argument: Plaintiff did not fail the AICM course. Plaintiff's opposition, however, fails to show that Ross University breached any contractual obligation it had to Plaintiff. Instead, Plaintiff simply asks the Court to give him an "A" in the AICM course despite the fact that the undisputed evidence shows Plaintiff failed the course.

It is well-settled, however, that courts will not intervene in an educational institution's decisions regarding a student's academic performance. *Susan M. v. N.Y. Law Sch.*, 76 N.Y.2d 241, 245, 556 N.E.2d 1104, 1106 (1990) ("[s]trong policy considerations militate against the intervention of courts in controversies relating to an educational institution's judgment of a student's academic performance."). In addition, under New York law, judicial review of a university's academic decisions is limited to a determination of whether the university acted arbitrarily, capriciously, irrationally, in bad faith or contrary to law. *Keles v. New York Univ.*, 1994 U.S. Dist. LEXIS 4202, at *20-*22 (S.D.N.Y. 1994). As such, a plaintiff-student asserting a breach of contract claim based on the academic decisions of a university must demonstrate that the university acted arbitrary, capriciously and against its own stated policies and regulations to defeat summary judgment. *Keles*, 1994 U.S. Dist. LEXIS 4202. Plaintiff simply has not

3

presented any triable issue of fact to demonstrate an arbitrary and irrational action on the part of Ross University that violated its own stated policies and regulations.

## POINT II

### PLAINTIFF'S BREACH OF CONTRACT CLAIM FAILS AS A MATTER OF LAW

Unfortunately, Plaintiff's affidavit is simply too disorganized and convoluted in its reasoning to permit a paragraph by paragraph counter to all of Plaintiff's conclusory allegations. Additionally, most of Plaintiff's claims are completely unsupported by any facts, whatsoever. Therefore, Ross University will simply bring to the Court's attention the indisputable facts that contradict Plaintiff's conclusory claims.

### A. Issuing a Failing Grade in the AICM Course Was Neither Contrary to any Policy Nor Arbitrary or Capricious

Plaintiff claims throughout his affidavit in opposition to this motion that he must have passed the AICM course since he received a certification of completion. The certification of completion, however, is simply a document certifying that the AICM class was completed, not that it was *successfully* completed. See McLaughlin Aff., Ex. 5, pg. 80-81. Even if this court were in a position to determine whether or not plaintiff failed the course, Plaintiff points to nothing that would demonstrate that he in fact passed the course or that would indicate the certificate of completion represented a passing grade or that by later issuing a failing grade defendant would be breaching any contract with plaintiff.

Similarly, plaintiff's claim that the 426.6 points received out of 1,000 possible points available for the AICM course is somehow "fabricated" because students received scores based on a 100 percent scale and not on a point system is unsupported, inane and

4

of no import. His unsupported and conclusory statement that over the course of time "Ross has produced several failing grades for the same AICM course based on several different grading procedures, which in turn makes any of the issued failing AICM grades erroneous and arbitrary" is without merit. Plaintiff earned one final failing grade for the AICM course and one final failing grade was issued based on his failure to achieve the requisite point level in the course.[1] See Fernandez Aff., Ex. "A".

Plaintiff's claim that Ross University failed to post his grade on his official transcript as of May 22, 2006 (the date Plaintiff was required to retake the AICM course), is meaningless. Plaintiff was notified of his failing grade one month before May 22, 2006 when his grade was posted on "eCollege".[2] Plaintiff acknowledged receiving this grade in an email to Dr. Fernandez, dated April 22, 2006, wherein Plaintiff responded to Dr. Fernandez' email alerting all students that the AICM course grades were posted on eCollege. Dr. Fernandez spoke with Plaintiff via telephone and during that conference the failing grade was discussed as well as the fact that Plaintiff needed to repeat the AICM course in the trimester starting on May 22, 2006. See Fernandez Aff. ¶ 15, Exh. C.

Plaintiff does not dispute that he received the failing grade in the AICM course on or about April 22, 2006, he simply states that Ross has not "yet been able to substantiate its claim of issuing a failing grade for the AICM course," i.e., he believes he passed the class :

---

[1] Plaintiff also mentions a review of Plaintiff's grade by Dr. Perri as ordered by Magistrate Judge Ramon Reyes, however, that review – as counsel for Ross University has had to repeatedly state to Plaintiff's counsel – was part of settlement negotiations and, as such, is inadmissible.

[2] Contrary to Plaintiff's brand new argument that posting the grade to a secure website violated The Family Educational Rights and Privacy Act ("FERPA"); FERPA does not confer a private right of action. See Raber v. Wilson-Coker, 362 F.3d 190, 201 (2d Cir. 2004). Additionally, filing records on a secure database does not violate FERPA. Owasso Indep. School Dist. v. Falvo, 534 U.S. 426, 433 (2002).

> 21. In the Defendant's moving papers, it is claimed that I learned of my failing AICM grade via E-College as early as April, 22 2006 (citation omitted). However, Ross has not yet been able to substantiate its claim of issuing a failing grade for the AICM course.

Dasrath Aff. ¶21. There is nothing in the record to suggest that issuance of the failing grade, and posting the failing grade within two weeks after the conclusion of the AICM course via eCollege defied any practice or policy or was arbitrary or capricious.

In fact, there is nothing in the record that would suggest that grades are required to be transmitted to students via any other method, including via transcript. In fact, there is nothing in the Handbook that requires Ross University to administer transcripts to students in any timeframe or at all. *See* Fernandez Aff. ¶60. Ross University issues school transcripts as a courtesy to its students either on request or by regular mailings. *See* Fernandez Aff. ¶52. There simply is no evidence that the lack of a grade listed on plaintiff's transcript from April 22, 2006 to May 22, 2006 or any time thereafter amounts to a passing grade or breach of any contract concerning this grade.

Plaintiff states in his affidavit that the Student Handbook reads "A student…will receive grades…on his/her transcript." *See* Dasrath Affidavit at ¶ 19. Plaintiff seeks to mislead this court by editing the language in the handbook. The Student Handbook states "A student **electing to withdraw from the School prior to the time of the first examinations** will receive grades **of W** on his/her transcript." *See* Fernandez Affidavit, Exh. D, p. 6 (emphasis added). His conduct should be sanctioned.

As mentioned, individual course grades are available through eCollege in advance of the grade being available on an official school transcript. *See* Fernandez Aff. ¶ 53. Thus, under no circumstance could the method or timeliness of the administration of the

6

AICM grade to Plaintiff amount to breach of any contract and as such Plaintiff's breach of contract claim should be dismissed as a matter of law. In addition, Plaintiff offers no fact in opposition to this motion to controvert this and, as previously mentioned, all of Ross University's facts are deemed admitted.

As to Plaintiff's claim that Ross University should have held a hearing regarding his failing AICM grade, this is the first time Plaintiff has made such a claim. It is well-settled that it is inappropriate to consider claims raised for the first time in opposition to summary judgment. *Rivera v. Inc. Vill. of Farmingdale*, 06 CV 2613, 2011 U.S. Dist. LEXIS 34185, *20-21 (E.D.N.Y. March 30, 2011).

Regardless, this claim is without merit. Under the Student Handbook:

> Students may ask the University to amend a record that they believe is inaccurate. They should write to the University Registrar, clearly identify the part of the record they want corrected, and specify why it is inaccurate.
>
> If the University decides not to amend the record as requested by the student, the University will notify the student of the decision and advise the student of his or her right to a hearing regarding the request for amendment.

Plaintiff has submitted no evidence, whatsoever, that he ever wrote to the University Registrar and requested an amendment to his record. Finally, this "claim" is part of Plaintiff's newly raised FERPA claims. As mentioned previously, there is no private cause of action under FERPA. As such, this claim fails as a matter of law.

### B. Ross University Properly Administratively Withdrew Plaintiff for Failing to Remediate a Failing Grade in the AICM Class

Plaintiff's claim that he was improperly administratively withdrawn fails as a matter of law as well. Ross University's Student Handbook provides that administrative withdrawal is required when a student does not return to campus to register for the

following trimester. *See* Fernandez Affidavit, Exh. D, p. 23. In addition, if a student fails a course, he or she must re-register for that course to remediate the failing grade or else they are considered academically withdrawn from the university. *See* Fernandez Aff. ¶ 21-22. It is indisputable that Plaintiff failed the AICM course and failed to retake that course, which began on May 22, 2006, when the next school trimester began. *See* Fernandez Affidavit ¶¶ 11 and 19.

Plaintiff's argument that he did not have to register to retake the failed AICM course and that Ross University was responsible for registering Plaintiff is nonsensical and contrary to the facts. Indeed, the Student Handbook states:

> Continuing students in the Basic Sciences **must register in person** on campus at the beginning of each semester…

*See* Fernandez Aff., Exh. D, p. 18.

It is indisputable that to remediate a failing grade one must re-take the course and failure to return to campus to re-register and take that course will result in academic withdrawal. Defendant's decision to academically withdraw plaintiff is not arbitrary capricious or against any stated policy and is, in fact, consistent with the expressed policy in the Student Handbook. *See* Fernandez Aff., Exh. D, p. 23.

For reasons known only to Mr. Dasrath, Plaintiff never registered to take the AICM course and instead chose to challenge that failing grade in a court of law. Contrary to Plaintiff's wishes, however, failing to return to campus to register to take the AICM course in the trimester following his failure of the AICM course resulted in academic withdrawal in accordance with the Student Handbook. *See* Fernandez Aff. ¶21 and Exh. D, p.23.

As to Plaintiff's claim that he could not have been academically withdrawn because he was on an authorized break from school, that break is only available to students who passed the AICM course. By failing the AICM course, Plaintiff was not eligible for that sixteen-week break. *See* Fernandez Aff. ¶¶48-49. Thus, it is clear that Ross University did not breach any agreement by issuing the academic withdrawal based on Plaintiff's failure to return to campus and register to take the AICM course commencing on May 22, 2006.

C.  **Ross University Did Not Block Plaintiff's USMLE Step 1 Score**

Plaintiff makes passing reference to an allegation that Ross University blocked the release of his USMLE Step 1 exam scores. As stated more fully in Ross University's motion for summary judgment, this is simply not true.

The USMLE Step 1 Exam is administered by an entity known as the Educational Commission for Foreign Medical Graduates ("ECFMG"). *See* Fernandez Aff. ¶ 25. It is not administered by Ross University. Ross University provides information on a student's application to take the exam that would reflect whether certain information on the application is accurate and whether, *at the time of the application*, the applicant is "officially enrolled" or "a graduate" of Ross University. *See* Fernandez Aff. ¶ 29. As demonstrated in the Fernandez Affidavit, at the time Plaintiff applied for the USMLE Step 1 Exam, Plaintiff was enrolled at Ross University. *See* Fernandez Aff. ¶ 31-33.

By the time the exam was administered, Plaintiff was administratively withdrawn from the university as a result of his failing grade in the AICM course, and his failure to re-register for the failing class. *See* Fernandez Aff. ¶¶ 22-23, Exh. E. Successful completion of the AICM course and enrollment at the university is a prerequisite to

9

taking the USMLE Step 1 Exam. Fernandez Aff. ¶¶ 35 and 37. Plaintiff, however, sat for the exam anyway and asserts in this lawsuit that Ross University improperly failed to sponsor him to take the exam. Contrary to Plaintiff's claim, there is no evidence, whatsoever, that Plaintiff was instructed to sit for the USMLE Step 1 Exam. *See* Dasrath Affidavit ¶ 28.

Plaintiff became ineligible for the exam when his status at Ross University changed and he was no longer enrolled at the university. Thus, Ross University could no longer "sponsor" Plaintiff to take the exam. Plaintiff again misquotes the Handbook by falsely claiming that academically withdrawn students may "take or re-take the USMLE through the University." *See* Dasrath Aff. ¶ 57. The Student Handbook actually states:

> Students who are administratively withdrawn, and have not passed the USMLE on their first or second attempts, may request to be sponsored to take or re-take the USMLE through the University through a process of reapplication made through the University Admissions Office. Such requests for sponsorship will be review individually, and may include certain conditions for approval.

*See* Fernandez Affidavit, Exh. D, p. 14. This provision has absolutely no bearing, whatsoever on this action as Plaintiff has failed to allege any facts, whatsoever, that any of these preconditions has occurred. This is for the simple reason that they have not occurred.

With regard to the release of his score, it should be noted again that the examining board (ECFMG) has determined that Plaintiff engaged in "irregular behavior" in connection with his failure to notify ECFMG of a change in Plaintiff's eligibility to take the USMLE Step 1 Exam and has barred Plaintiff admission to all ECFMG administered examinations. *See* McLaughlin Aff, Exh. E. Any claim that ECFMG has improperly

10

withheld examination scores lies with ECFMG and not Ross University and, as such, cannot be the basis of a breach of contract claim against Ross University.

## CONCLUSION

Based on the foregoing, Ross University respectfully submits that plaintiff's motion for summary judgment pursuant to Rule 56 dismissing Plaintiff's breach of contract claim be granted in its entirety.

Dated: Garden City, New York
April 28, 2011

Respectfully submitted,

CULLEN AND DYKMAN LLP

By: _____
Justin F. Capuano (JC 5853)
Attorneys for Defendant
100 Quentin Roosevelt Boulevard
Garden City, New York 11530

Of Counsel:
Jennifer A. McLaughlin (JM 5678)
Justin F. Capuano (JC 5853)