UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ANAND DASRATH,                                    Case No.: CV 07 2433

                              Plaintiff,          (C. Amon)
                                                  (R. Reyes)

            - against -


ROSS UNIVERSITY SCHOOL OF MEDICINE,


                              Defendant.

----------------------------------------------------------------X



### MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S SUMMARY JUDGMENT MOTION PURSUANT TO RULE 56




**Garden City Center**
**100 Quentin Roosevelt Boulevard**
**Garden City, New York 11530-4850**
**Telephone (516) 357-3700**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 1

PROCEDURAL BACKGROUND................................................................................................. 2

PLAINTIFF'S FAILURE TO SUBMIT A RULE 56.1 STATEMENT OF MATERIAL
FACT WARRANTS DISMISSAL OF THE MOTION ..................................................... 3

STATEMENT OF FACTS ........................................................................................................ 5

STANDARD OF REVIEW ........................................................................................................ 7

ARGUMENT          PLAINTIFF'S CONTRACT CLAIM FAILS AS A MATTER OF
                  LAW SINCE THE UNIVERSITY HAS FOLLOWED ITS
                  ESTABLISHED POLICIES AND PROCEDURES AND HAS
                  NOT ACTED IN BAD FAITH OR CONTRARY TO LAW..................... 8

          A.      Ross University followed its Policies and Procedures When
                  Administratively Withdrawing Plaintiff for Failing to Remediate a
                  Failing Grade in the AICM Class ............................................................. 10

                  1. Plaintiff Failed the AICM Course and Learned of His Failing
                  Grade by April 4, 2006 at the Latest......................................................... 10

                  2. Academic Withdrawal was Warranted and Consistent with the
                  Ross University Student Handbook ........................................................... 12

          B.      Ross University's Administration of Grades to Plaintiff Was
                  Neither Contrary to any Policy Nor Arbitrary or Capricious .................... 13

          C.      Allegations Concerning the Release of Plaintiff's USMLE Step 1
                  Exam Score Cannot Form the Basis of a Breach of Contract Claim
                  Against Ross University ............................................................................. 15

CONCLUSION........................................................................................................................ 17

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50, 91 L.Ed.2d 202, 246-48, 106 S. Ct. 2505, 2509-11 (1986) ................................................................................. 8

*Babiker v. Ross Univ. Sch. of Med.*, 2000 U.S. Dist. LEXIS 6921, at *25-*26 (S.D.N.Y. 2000), *aff'd* 86 Fed. Appx. 457 (2d Cir. 2004) .................................... 2, 9-10

*Cf. Photopaint Tech., LLC v. SmartLens Corp.*, 335 F.3d 152 (2d Cir. 2003) .................. 3

*Chimarev v. TD Waterhouse Investor Servs., Inc.*, 280 F. Supp. 2d 208, 223 (S.D.N.Y. 2003) ................................................................................................ 7

*Gally v. Columbia Univ. in N.Y. City*, 22 F. Supp.2d 199, 206 (S.D.N.Y. 1998) ............ 2 4

*Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ............................................. 3, 4

*Keles v. New York Univ.*, 1994 U.S. Dist. LEXIS 4202 (S.D,N.Y. 1994) ...................... 2, 9

*Nawanko v. Williams*, 2008 U.S. Dist. LEXIS 77850 at *7 (E.D.N.Y 2008) (Amon, J.). . 3

*Owasso Indep. School Dist. v. Falvo*, 534 U.S. 426, 433 (2002). .................................... 14

*Raber v. Wilson-Coker*, 362 F.3d 190, 201 (2d Cir. 2004) .............................................. 14

*Stolow v. Greg Manning Auctions, Inc.*, 258 F. Supp. 2d 236, 252-53 (S.D.N.Y. 2003)... 4

*Susan M. v. N.Y. Law Sch.*, 76 N.Y.2d 241, 245, 556 N.E.2d 1104, 1106 (1990) ............. 8

*Tadros v. Coleman*, 717 F. Supp. 996, 1006 (S.D.N.Y. 1989) ........................................... 4

*U.S. v. Gillette*, 383 F.2d 843, 848-49 (2d Cir. 1967) ......................................................... 5

*U.S. v. Maldonado-Rivera*, 922 F.2d 934, 972 (2d Cir. 1990) ......................................... 4-5

*Watt v. New York Botanical Garden*, No. 98 Civ. 1095 (BSJ), 2000 U.S. Dist. LEXIS 1611, 2000 WL 193626, at *1 n.1 (S.D.N.Y. Feb. 16, 2000). ........................................ 4

**Statutes**

Fed. R. Civ. P. 56(c) ................................................................................................. 7, 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ANAND DASRATH,                                    Case No.: CV 07 2433
                                                  (C. Amon)
                                                  (R. Reyes)
                              Plaintiff,

        - against -

ROSS UNIVERSITY SCHOOL OF MEDICINE,

                              Defendant.
------------------------------------------------------------X


## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S SUMMARY JUDGMENT MOTION PURSUANT TO RULE 56

### PRELIMINARY STATEMENT

        This memorandum of law, along with the Affidavits of Dr. Enrique Fernandez and Jennifer A. McLaughlin and attached exhibits, previously submitted in support of defendant's motion for summary judgment, is respectfully submitted on behalf of Defendant Ross University School of Medicine ("Defendant" or "Ross University") in opposition to plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

        Plaintiff's amended complaint in this action contains one cause of action for breach of contract as the remaining causes of action were dismissed by this Court on May 7, 2010.  Both parties moved for summary judgment on March 3, 2011.  For the reasons set forth herein, Plaintiff's motion for summary judgment on its breach of contract cause of action should be denied and Defendant's motion for summary judgment, submitted simultaneously herewith, should be granted.

1

## PROCEDURAL BACKGROUND

On June 15, 2007, Plaintiff filed a complaint against Ross University (the "Original Complaint") and Ross University moved to dismiss. The motion was referred by this Court to Magistrate Ramon E. Reyes who issued a Report and Recommendation dated August 6, 2008 (the "Report and Recommendation") dismissing the Original Complaint in its entirety. (Docket Entry 40). On March 31, 2009, this Court adopted, in part, the Report and Recommendation allowing Plaintiff leave to amend his pleading. (Docket Entry 45).

Plaintiff filed an Amended Complaint on June 18, 2009. Ross University moved to dismiss the Amended Complaint and this Court granted its motion to dismiss all claims except the breach of contract cause of action. (Docket Entry 67). Both parties moved for summary judgment on March 3, 2011. Defendant in its motion for summary judgment contends that as a matter of law plaintiff cannot sustain a breach of contract cause of action against defendant and as such his complaint should be dismissed as a matter of law. *Gally v. Columbia Univ. in N.Y. City*, 22 F. Supp.2d 199, 206 (S.D.N.Y. 1998) ("not every dispute between a student and a university is amenable to a breach of contract claim…"). As will be demonstrated herein, plaintiff is not entitled to summary judgment as he fails to demonstrate as a matter of law that Ross University acted arbitrary, capriciously and against its own stated policies and regulations. *Keles v. New York Univ.*, 1994 U.S. Dist. LEXIS 4202, at *20-*22 (S.D.N.Y. 1994); *Babiker v. Ross Univ. Sch. of Med.*, 2000 U.S. Dist. LEXIS 6921, at *25-*26 (S.D.N.Y. 2000), *aff'd* 86 Fed. Appx. 457 (2d Cir. 2004).

2

## PLAINTIFF'S FAILURE TO SUBMIT A RULE 56.1 STATEMENT OF
## MATERIAL FACT WARRANTS DISMISSAL OF THE MOTION

It should be noted at the outset that plaintiff did not submit a Rule 56.1 statement of material facts with his motion for summary judgment. Failure to submit this required statement warrants denial of this motion as this Court found in *Nawanko v. Williams*, 2008 U.S. Dist. LEXIS 77850 at *7 (E.D.N.Y 2008)(Amon, J.). "The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001). The 108 paragraph affidavit of plaintiff coupled with the 119 paragraph attorney affirmation and combined exhibits clearly requires this court to "hunt" through the record to ascertain which facts are material and undisputed.

Plaintiff's memorandum of law compounds this problem by raising facts that are either mistakes or simply invented out of whole cloth. *Cf. Photopaint Tech., LLC v. SmartLens Corp.*, 335 F.3d 152 (2d Cir. 2003). In Plaintiff's Memorandum of Law at page 7, plaintiff states that his breach of contract claim is based on "Ross University's April 1 1996 decision to dismiss plaintiff." However, plaintiff was not enrolled at Ross University in 1996. Plaintiff goes on to state, without support, that he participated in clinical rotations at St. Luke's Hospital and "by participating in clinical rotations without notifying the university and without having first passed Step I he was not in good standing" Pl. Mem. of Law p. 7. There is nothing in the record or the affidavits submitted on this motion that relates or refers to participation in clinical rotations at St. Luke's Hospital. In fact, plaintiff's affidavit directly contradicts this claim: "I was never

registered for, nor did I do a clinical clerkship course at any hospital." Dasrath Aff. ¶ 93. The brief submitted in support of plaintiff's motion is confusing to say the least.

The affidavits submitted in support are equally unhelpful. Even if plaintiff's affidavit were to be considered for purposes of Local Rule 56.1 it has little to no evidentiary value. It is well-settled that an unsupported, self-serving Rule 56.1 Statement which contains conclusory statements cannot be used to contradict basic facts or create a genuine issue of material fact. *Stolow v. Greg Manning Auctions, Inc.*, 258 F. Supp. 2d 236, 252-53 (S.D.N.Y. 2003); *Tadros v. Coleman*, 717 F. Supp. 996, 1006 (S.D.N.Y. 1989) ("Self-serving, conclusory allegations cannot defeat [a summary judgment motion]."). In fact, Local Rule 56.1 "[has been interpreted] to provide that 'where there are no[] citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion.'" *Holtz*, 258 F.3d at 73-74 (quoting *Watt v. New York Botanical Garden*, No. 98 Civ. 1095 (BSJ), 2000 U.S. Dist. LEXIS 1611, 2000 WL 193626, at *1 n.1 (S.D.N.Y. Feb. 16, 2000)). Failure to provide any citations in a 56.1 Statement of Material Facts will leave any such factual allegation without evidentiary value. *Chimarev v. TD Waterhouse Investor Servs., Inc.*, 280 F. Supp. 2d 208, 223 (S.D.N.Y. 2003).

Out of the 108 paragraph affidavit submitted by plaintiff more than half of the purported undisputed factual allegations are evidenced only by his own self-serving deposition testimony and interrogatory responses. His lawyer's equally lengthy factual affidavit cannot form the basis for support of any undisputed facts as it is well-settled attorney affirmations cannot form the basis of facts in support of summary judgment when the attorney has no personal knowledge of the alleged facts. *U.S. v. Maldonado-*

*Rivera*, 922 F.2d 934, 972 (2d Cir. 1990); *U.S. v. Gillette*, 383 F.2d 843, 848-49 (2d Cir. 1967). For these reasons alone, summary judgment should be denied. To the extent this Court considers plaintiff's motion without the benefit of a Rule 56.1 Statement, plaintiff's motion is addressed factually and substantively herein.

## **STATEMENT OF FACTS**

Ross University is a medical school located on the island of Dominica in the West Indies. For foreign medical school graduates to become licensed to practice medicine in the United States, students are required to take several qualifying exams. The United States Medical Licensing Examination Step 1 ("USMLE Step 1 Exam") is the first of several exams required to be taken by foreign medical school students. To be eligible to sit for the USMLE Step 1 Exam, a student is required to (among other prerequisites) take and successfully complete a prerequisite class known as Advanced Introduction to Clinical Medicine ("AICM") and be enrolled at the university. It is undisputed that to be eligible to sit for the USMLE Step 1 Exam a student must pass the AICM course. *See* Affidavit of plaintiff Anand Dasrath in support of his motion for summary judgment sworn to on March 2, 2011, ¶ 37 ("Dasrath Aff.").

Plaintiff was enrolled as a student at Ross University during the spring semester of 2006 and was a student in the AICM course. It is undisputed that plaintiff took and completed the AICM course. *See* Dasrath Aff. ¶ 34. Plaintiff's lawsuit challenges the failing grade that he was issued in the AICM course by calling it "fabricated." *See* Dasrath Aff. ¶¶ 62 and 82. As will be demonstrated herein, his allegations of a "fabricated" grade should <u>not</u> be entertained by a court of law and even if it were there is no evidence submitted that he was entitled to a passing grade, or that the consequences

5

that followed as a result of the failing grade was not warranted.  Under all circumstances plaintiff's grade dispute claim does rise to the level of breach of contract.

At the same time plaintiff was enrolled in the AICM course, plaintiff was applying to take the USMLE Step 1 Exam. Dasrath Aff. 30.  However, his eligibility to sit for the USMLE Step 1 Exam was revoked when Plaintiff received in or about April, 2006 a failing grade in the AICM course and failed to return to campus to remediate the grade during the semester commencing on May 22, 2006.  It is undisputed that plaintiff is required to re-take a failed course in the semester immediately following the course failure. Dasrath Aff. ¶ 69.  In fact, plaintiff did just this when he failed courses he took prior to the AICM course.  *See* Dasrath Aff. ¶ 69; Dasrath Dep. pg. 32-33.  However, plaintiff did not return to campus to remediate the failing AICM course grade at any time. Plaintiff contends only, without any evidentiary support, that it was not incumbent upon him to register for the class claiming that "Ross decided if a student should be registered."  This is despite the clear language in the Ross University School of Medicine Student Handbook of Academic Rules and Regulations ("Student Handbook") that states the following:

> Continuing students in the Basic Sciences must register in person campus at the beginning of each semester…

*See* Fernandez Affidavit, attached as Exhibit 1 to the McLaughlin Affidavit sworn to on March 31, 2011, Exh. D, p. 18 ("Fernandez Aff.").

It is undisputed that Plaintiff was also administratively withdrawn from enrollment at Ross University when he failed the required AICM class and did not re-take the course.  Dasrath Aff. ¶ 76.  Plaintiff contends only that he was given the June 29, 2006 notice without warning and was not advised of the consequences of the status of

6

being academically withdrawn.  Dasrath Aff. ¶ 76.  However, he does not dispute that

failing a required course and failing to remediate that required course is a basis for

academic withdrawal.  Dasrath Aff. ¶ 76-77; Fernandez Aff. ¶¶ 6, 21-22. Based on his

academic withdrawal and failure to complete the AICM course, Dasrath was not eligible

to take the USMLE Step I exam.  The eligibility requirement is also evidenced by the

Student Handbook:

> Students become eligible to take the USMLE Step 1 when
> they have passed all courses in the Basic Science
> Curriculum, successfully completed the Advanced
> [Introduction] to Clinical Medicine clerkship, and, passed
> the NBME Comprehensive Basic Sciences Exam.

Fernandez Aff., Exhibit D. pg. 13

Since a failing grade was issued, and plaintiff cannot and does not contend that he

ever remediated the failing grade in a course required to remain enrolled at Ross

University and to sit for the USMLE Step 1 Exam, plaintiff is not entitled to summary

judgment that defendant breached a contract with him by issuing a failing grade in the

AICM course, by marking him academically withdrawn when he failed to remediate the

failed course, and for his ineligibility to sit for and receive a score for the USMLE Step 1

Exam.

## STANDARD OF REVIEW

It is well-settled that summary judgment is appropriate where "the pleadings. . .

together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ.

P. 56(c).  Summary judgment must be denied unless the movant shows that there are no

material issues of fact in dispute and it is entitled to judgment as a matter of law.  Fed. R.

7

Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50, 91 L.Ed.2d 202, 246-48, 106 S. Ct. 2505, 2509-11 (1986).   As shown more fully in Ross University's parallel motion for summary judgment, there are no genuine issues of material fact before the Court, however, the facts on which there is no genuine dispute, establish that Ross University, not plaintiff, is entitled to summary judgment.   Moreover, plaintiff has not demonstrated as a matter of law that Ross University acted arbitrary, capricious and against its own stated policy and regulations.   As such, it is respectfully submitted that Plaintiff's motion for summary judgment should be denied.

## ARGUMENT

### PLAINTIFF'S CONTRACT CLAIM FAILS AS A MATTER OF LAW SINCE THE UNIVERSITY HAS FOLLOWED ITS ESTABLISHED POLICIES AND PROCEDURES AND HAS NOT ACTED IN BAD FAITH OR CONTRARY TO LAW

It is well-settled that courts will not intervene in an educational institution's decisions regarding a student's academic performance. *Susan M. v. N.Y. Law Sch.*, 76 N.Y.2d 241, 245, 556 N.E.2d 1104, 1106 (1990) ("[s]trong policy considerations militate against the intervention of courts in controversies relating to an educational institution's judgment of a student's academic performance.")   In *Keles v. New York Univ.*, 1994 U.S. Dist. LEXIS 4202, at *20-*22 (S.D.N.Y. 1994), the court, in reviewing a student's breach of contract claim against a defendant university, noted:

> although the relationship between [plaintiff-student] and [defendant-university] may be analyzed as a contractual one, it is well established under New York law that judicial review of a university's academic decisions is limited to a determination of whether the university acted arbitrarily, capriciously, irrationally, in bad faith or contrary to law

8

> . . .[t]o determine whether a university has acted in
> bad faith, arbitrarily or capriciously, its actions must
> be judged against its own stated policies and
> regulations.  Generally, however, determinations
> regarding a student's academic performance are
> entitled to great deference and are rarely found to be
> arbitrary, as such determinations require the special
> expertise of educations and play an important role
> in preserving the integrity of the credentials
> conferred by the educational institution. (internal
> citations omitted).

As such, a plaintiff-student asserting a breach of contract claim based on the academic decisions of a university must demonstrate that the university acted arbitrary, capriciously and against its own stated policies and regulations not only to defeat summary judgment but also must meet this standard as a matter of law.  Plaintiff agrees that this is the standard to be applied.  *See* Plaintiff's Memorandum of Law in Support of Summary Judgment ("Pl. Mem. of Law"), p. 7 (citation omitted); *Keles v. New York Univ.*, 1994 U.S. Dist. LEXIS 4202 (S.D,N.Y. 1994).  Plaintiff fails to meet this standard as a matter of law.

As cited in defendant's brief in support of defendant's motion for summary judgment, in *Babiker v. Ross Univ. Sch. of Med.*, 2000 U.S. Dist. LEXIS 6921, at *25-*26 (S.D.N.Y. 2000), *aff'd* 86 Fed. Appx. 457 (2d Cir. 2004) summary judgment was awarded to the university dismissing plaintiff's breach of contract claim since the university acted in accordance with the procedures set forth in its Handbook, and, as such, "no rational jury could find that the university acted in an arbitrary or irrational manner in dismissing [plaintiff]." *Id.*  Strikingly similar to Plaintiff's claim in this case, the plaintiff in *Babiker* alleged that the university had breached its contract with plaintiff by wrongly and unjustly dismissing him and refusing to award him a medical degree.

9

*Babiker,* 2000 U.S. Dist. LEXIS 6921, at *3-*10. However, the court noted that a university will not be found liable for breach of contract if it acted in accordance with the procedures set forth in its handbook and did so in a way that was not arbitrary and capricious. *Id.* at 22.

It is respectfully submitted that Plaintiff has failed to demonstrate that Ross University acted in a arbitrary and capricious manner and not in accordance with its own Student Handbook when it (1) issued a failing grade in the AICM course; (2) issued the failing grade by a secure email system which was received by plaintiff two weeks after the course ended; (3) issued an administrative withdrawal when plaintiff failed to return to campus to re-take the failed course as is required by its Student Handbook; which (4) resulted in his ineligibility to take and receive a score from the examining body administering the USMLE Step 1 Exam as is also set forth in the Student Handbook.

**A.      Ross University Followed its Policies and Procedures
         When Administratively Withdrawing Plaintiff for
         Failing to Remediate a Failing Grade in the AICM Class**

**1.      Plaintiff Failed the AICM Course and Learned of His Failing Grade
         by April 24, 2006 at the Latest**

Presumably this court will not disturb the failing grade issued to plaintiff. However, even if this court were to undertake a review of the failing grade in the AICM course, plaintiff 426.6 out of 1,000 possible points, which is a failing grade. *See* Fernandez Aff., ¶11, Exhibit "A". To controvert this failing grade, plaintiff claims in this motion that he must have passed since: he received a certification of completion for the AICM course; his transcript did not reflect a failing grade between April 22, 2006 to May 22, 2006; the registrar did not register him to re-take the course and issue a bill to re-take

the course; and there are inconsistencies in one of the evaluation forms reflecting his failing grade. *See* Dasrath Aff. ¶¶ 34, 40, 44, 71, 89, 90, 93.

The certification of completion is just that – a document certifying that the class was completed. *See* McLaughlin Aff., Ex. 5, pg. 80-81. Plaintiff points to nothing in the record that would indicate that this indicated a passing grade in the ACIM course or that by later issuing a failing grade defendant would be breaching any contract with plaintiff. Plaintiff learned of and discussed his failing AICM grade with his professor on April 24, 2006. *See* Fernandez Aff. ¶ 15, Exh. B. Specifically, on April 24, 2006 plaintiff responded to an email alerting all students in the AICM course that the ACIM grades were available via defendant's secure internet system. In response plaintiff stated: "I see a failing grade as my final grade." Fernandez Aff., Exh. "B". Despite this evidence, plaintiff circuitously reasons that since his grade was not yet available on his transcript between April 22, 2006 through May 22, 2006, despite being available electronically, he could not have failed the class. Dasrath Aff. ¶¶ 40-52, 62.

Individual course grades are available through eCollege in advance of the grade being available on an official school transcript. *See* Fernandez Aff. ¶ 53. However, Ross University issues school transcripts as a courtesy to its students either on request or by regular mailings. *See* Fernandez Aff. ¶ 52. There simply is no evidence that the lack of a grade listed on plaintiff's transcript from April 22, 2006 to May 22, 2006 or any time thereafter amounts to a passing grade or breach of any contract concerning this grade. Finally, plaintiff's self-serving and fanciful manufactured allegations concerning idiosyncrasies in an evaluation form issued in the class does not rise to the level of any

11

breach.  Plaintiff failed the AICM course and has not proved as a matter of law that by issuing a failing grade defendant breached any contract with plaintiff.

### 2.      Academic Withdrawal was Warranted and Consistent with the Ross University Student Handbook

Failing to return to campus to register to take the AICM course in the semester following his failure of the AICM course resulted in academic withdrawal in accordance with the Student Handbook.  *See* Fernandez Aff. ¶ 21 and Exh. D, p.23.  The Student Handbook provides that an administrative withdrawal is required when a student does not return to campus to register for the following semester.  *See* Fernandez Aff., Exh. D, p. 23.  If a student fails a course, he or she must re-register for that course to remediate the failing grade or else they are considered academically withdrawn from the university. *See* Fernandez Aff. ¶ 21-22.  An administrative withdrawal is entered in the student's record when he fails to "return to the campus to register for the following semester and attend classes in Week One of a semester."  *See* Fernandez Aff., Exh. D, p. 23.  Plaintiff was well aware of this requirement, as he had failed courses prior to his academic withdrawal and took those courses over immediately after the failing grade was issued in order to remain enrolled in the university.   *See* McLaughlin Aff., Exh. L, p. 32.

Nonetheless, in Plaintiff's Memorandum of Law at page 7, Plaintiff states that his breach of contract claim is based on "Ross University's April 1 1996 decision to dismiss plaintiff."   However, Plaintiff was not enrolled at Ross University in 1996 but was considered *academically withdrawn* in 2006.  Assuming plaintiff is relying on the 2006 academic withdrawal as the basis of his breach of contract claim, academic withdrawal was warranted in that it is required when the student fails to return the following semester to repeat a failing course.  Defendant's decision to academically withdraw plaintiff is not

arbitrary capricious or against any stated policy and is, in fact, consistent with the expressed policy in the Student Handbook. *See* Fernandez Aff., Exh. D, p. 23.

Plaintiff claim suggests: "students do not have access to registration procedures. Rather, Ross decided if a student should be registered, and if so, for what class(es)" is nonsensical. Dasrath Aff. ¶ 70. The Student Handbook states:

> Continuing students in the Basic Sciences **must register in person**
> campus at the beginning of each semester…

*See* Fernandez Aff., Exh. D, p. 18.

Moreover, by failing the AICM course Plaintiff was not eligible for a sixteen-week vacation break afforded to students in good standing who successfully complete the AICM course and during which time they remain fully enrolled. *See* Fernandez Aff. ¶¶ 48-49. It cannot be said that as a matter of law Ross University breached any agreement by issuing the academic withdrawal based on Plaintiff's failure to return to campus and register to take the AICM course commencing on May 22, 2006. Plaintiff's motion for summary judgment should be denied.

**B.     Ross University's Administration of Grades to Plaintiff**
**        Was Neither Contrary to any Policy Nor Arbitrary or Capricious**

Dr. Fernandez taught the AICM course from January 16, 2006 to April 7, 2006. As described in the Fernandez Affidavit, out of 1,000 possible points for the AICM, Plaintiff received 426.6, which is a failing grade. *See* Fernandez Aff. ¶ 11, Exh. A. This grade was posted on "eCollege" which is a secure website by which students can review their grades. As previously discussed, Plaintiff acknowledged receiving this grade in an email to Dr. Fernandez dated April 22, 2006 wherein Plaintiff responded to Dr. Fernandez's email alerting all students that the AICM course grades were posted on

eCollege.  Plaintiff's claim that he did not know about the website in which a student could access his grades is defied by the email in which all students are advised that the AICM course grades are available and Mr. Dasrath responds by stating "I see a failing grade as my final grade." Fernandez Aff., Exh. B. Dr. Fernandez spoke with Plaintiff via telephone during which the failing grade was discussed as well as the fact that Plaintiff needed to repeat the AICM course in the semester starting on May 22, 2006.  *See* Fernandez Aff. ¶ 15, Exh. C.

There is nothing in the record to suggest that issuance of the failing grade, and posting the failing grade within two weeks after the conclusion of the AICM course via eCollege defied any practice or policy or was arbitrary or capricious.  Plaintiff concedes that posting of grades within two weeks of its issuance was consistent with defendant's practice.  Dasrath Aff. ¶ 43.  However, all while feigning the existence of a website access his grades, plaintiff contends the failing grade was not posted on an *academic transcript* prior to the academic withdrawal.  He points to no such requirement in the Student Handbook.

Plaintiff attempts, to suggest, for the first time in this lawsuit, that by posting the grade to a secure website was a violation of the The Family Educational Rights and Privacy Act ("FERPA").  However, not only is there no FERPA allegation mentioned in the Amended Complaint, FERPA does not confer a private right of action.  *See Raber v. Wilson-Coker*, 362 F.3d 190, 201 (2d Cir. 2004) ("FERPA was not designed to convey rights on individual plaintiffs").  Moreover, the United States Supreme Court has held that filing records on a secure database does not violate FERPA.  *Owasso Indep. School Dist. v. Falvo*, 534 U.S. 426, 433 (2002).

In conclusion, there is nothing in the record that would suggest that grades are required to be transmitted to students via any method, including via transcript.  In fact, there is nothing in the Handbook that requires Ross University to administer transcripts to students in any timeframe or at all.  *See* Fernandez Aff. ¶ 60, Exhibit D.  Ross University issues school transcripts as a courtesy to its students either on request or by regular mailings.  *See* Fernandez Aff. ¶ 52.  As mentioned, individual course grades are available through eCollege in advance of the grade being available on an official school transcript.  *See* Fernandez Aff. ¶ 53.  Thus, under no circumstance could the method or timeliness of the administration of the AICM grade to Plaintiff amount to breach of any contract and as such Plaintiff's breach of contract claim should be dismissed as a matter of law.

**C.      Allegations Concerning the Release of Plaintiff's
          USMLE Step 1 Exam Score Cannot Form the
          <u>Basis of a Breach of Contract Claim Against Ross University</u>**

The USMLE Step 1 Exam, administered by an entity known as the Educational Commission for Foreign Medical Graduates ("ECFMG"), is one of several qualifying exams which foreign medical school graduates must complete and pass before becoming licensed to practice medicine in the United States.  *See* Fernandez Aff. ¶ 25.  It is not administered by Ross University.  Ross University provides information on a student's application to take the exam that would reflect whether certain information on the application is accurate and whether, *at the time of the application*, the applicant is "officially enrolled" or "a graduate" of Ross University.  *See* Fernandez Aff. ¶ 29.  As demonstrated in the Fernandez Affidavit, at the time Plaintiff applied for the USMLE Step 1 Exam, Plaintiff was enrolled at Ross University.   *See* Fernandez Aff. ¶ 31-33.

However, by the time the exam was administered, Plaintiff was administratively

15

withdrawn from the university as a result of his failing grade in the AICM course, and his failure to re-register for the failing class. *See* Fernandez Aff. ¶¶ 22-23, Exh. E. Successful completion of the AICM course and enrollment at the university is a prerequisite to taking the USMLE Step 1 Exam. Fernandez Aff. ¶¶ 35 and 37. Despite these requirements, Plaintiff sat for the exam anyway and asserts in this lawsuit that Ross University improperly failed to sponsor him to take the exam and that Ross University is improperly withholding release of Plaintiff's USMLE Step 1 Exam score in breach of an unidentified contract to perform such tasks.

As demonstrated above, Plaintiff became ineligible for the exam when his status at Ross University changed and he was no longer enrolled at the university. Thus, Ross University could no longer "sponsor" Plaintiff to take the exam. With regard to the release of his score, it should be noted that the examining board (ECFMG) has determined that Plaintiff engaged in "irregular behavior" in connection with his failure to notify ECFMG of a change in Plaintiff's eligibility to take the USMLE Step 1 Exam and has barred Plaintiff admission to all ECFMG administered examinations. *See* McLaughlin Aff, Exh. E. Any claim that ECFMG has improperly withheld examination scores lies with ECFMG and not Ross University.

## <u>CONCLUSION</u>

Based on the foregoing, Ross University respectfully submits that plaintiff's motion for summary judgment pursuant to Rule 56 dismissing Plaintiff's breach of contract claim be granted in its entirety.

Dated:  Garden City, New York
       March 31, 2011

Respectfully submitted,

CULLEN AND DYKMAN LLP

By:    _____
Jennifer A. McLaughlin (JM 5678)
Attorneys for Defendant
100 Quentin Roosevelt Boulevard
Garden City, New York 11530

Of Counsel:
Jennifer A. McLaughlin (JM 5678)
Justin F. Capuano (JC 5853)

17