UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------x

ANAND DASRATH,

        Plaintiff,

   -against-

ROSS UNIVERSITY SCHOOL OF MEDICINE,

        Defendant.

------------------------------------------------x

<u>NOT FOR PUBLICATION</u>
**ORDER**
07-CV-2433 (CBA) (RER)

AMON, United States District Judge:

    Plaintiff Anand Dasrath ("Dasrath") commenced this action against defendant Ross University School of Medicine ("Ross University") alleging (1) violations of the Age Discrimination Act ("ADA") of 1975, 42 U.S.C. §§ 6101 et seq.; (2) breach of contract; (3) fraud; and (4) tortious interference with contractual relations. Ross University now moves to dismiss Dasrath's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) on the grounds that the Court lacks subject matter jurisdiction over the ADA claim and that Dasrath's remaining claims of fraud, breach of contract, and tortious interference with contractual relations fail to state a claim upon which relief can be granted. Oral argument was held on May 6, 2010. For the reasons set forth on the record, the Court grants Ross University's motion in part with respect to Dasrath's ADA, fraud and tortious interference with contractual relations claims. Dasrath shall be permitted to proceed only with his claim of breach of contract. The parties are directed to confer with the magistrate judge and commence discovery.

    SO ORDERED.

Dated: Brooklyn, New York
     May  6, 2010

                         _Carol Bagley Amon_
                         United States District Judge

- 1 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------X

ANAND DASRATH,

           Plaintiff,

    - against -

ROSS UNIVERSITY SCHOOL OF MEDICINE,

           Defendant.

-------------------------------------X

Case No.: CV 07 2433
(C. Amon)
(R. Reyes)

**ANSWER**

Defendant Ross University School of Medicine ("defendant" or "Ross University") by and through its attorneys, Cullen and Dykman, LLP, for its answer to the complaint, alleges:

**ANSWER TO PARTIES**

1.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the amended complaint.

2.    Admits that Ross University is a medical school located on the island of Dominica in the West Indies, that it has offices at 7000 SW 62nd Avenue, Penthouse A, South, Miami Florida 33143 and that it is an eligible institution for Title IV funds, and except as so admitted denies the remaining allegations contained in paragraph "2" of the amended complaint.

3.    To the extent the allegations contained in paragraph "3" of the amended complaint call for a legal conclusion, no response is required. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of the amended complaint. Defendant further refers all questions of law to the Court at the trial of this action.

4.    To the extent the allegations contained in paragraph "4" of the amended complaint call for a legal conclusion, no response is required. To the extent a response is required, defendant

1

denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the amended complaint.  Defendant further refers all questions of law to the Court at the trial of this action.

## ANSWER TO BACKGROUND

5.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the amended complaint.

6.     Admits that plaintiff "took the 'AICM' the Advanced Introduction to Clinical Medicine course in the 2006 Spring semester" which was plaintiff's "fifth semester" at defendant university, and except as so admitted denies the remaining allegations in paragraph "6" of the amended complaint.

7.     Admits that "in March of 2006, Plaintiff submitted an application to take the United States Medical Licensing Examination" and that the application submitted in 2006 included a certification by defendant that plaintiff was enrolled at defendant university *at the time of the application in March 2006* and that said application was stamped by defendant in March 2006 and except as so admitted denies knowledge or information sufficient to form a belief as to the remaining allegations in paragraph "7" of the amended complaint.

8.     Admits that on or about June 29, 2006, defendant notified plaintiff he had been "administratively withdrawn" from defendant university for failure to register for the May 2006 AICM course and except as so admitted denies the remaining allegations in paragraph "8" of the amended complaint.

9.     Admits that plaintiff received his grade of "F" in the AICM course on or about April 22, 2006 and that the 2006 Ross University School of Medicine Handbook of Academic Rules and Regulations dated May, 2006 states at page 13 "students become eligible to take the USMLE

2

Step 1 when they have passed all courses in the Basic Science Curriculum, successfully the

Advanced Integration to Clinical Medicine clerkship, and, have passed the NBME

Comprehensive Basic Sciences Exam." and except as so admitted denies knowledge and

information sufficient to form a belief as to the allegations contained in paragraph "9" of the

amended complaint.

10.    Denies the allegations contained in paragraph "10" of the amended complaint.

11.    Paragraph "11" does not require a response as claims relating to the Age Discrimination

Act have been dismissed by this Court by order dated May 6, 2010.

## ANSWER TO FIRST CAUSE OF ACTION

12.    The answers to paragraphs "1" through "12" are repeated and realleged as if fully set

forth herein.

13.    Paragraphs "13" through "18" do not require a response as claims relating to the Age

Discrimination Act have been dismissed by this Court by order dated May 6, 2010 and all

factual allegations are denied.

## ANSWER TO SECOND CAUSE OF ACTION

14.    The answers to paragraphs "1" through "18" are repeated and realleged as if fully set

forth herein.

15.    Denies the allegations in paragraph "20" of the amended complaint.

16.    To the extent this paragraph refers to allegations set forth in paragraph "7" of the

amended complaint the Court is referred to defendant's answer to paragraph "7" of the amended

complaint herein at paragraph "7" and admits the remaining allegations of paragraph "21" of the

amended complaint.

17.    Denies the allegations contained in paragraph "22" of the amended complaint.

3

18.  Denies the allegations contained in paragraph "23" of the amended complaint.

## ANSWER TO THIRD CAUSE OF ACTION

19.  The answers to paragraphs "1" through "19" are repeated and realleged as if fully set forth herein.

20.  Paragraphs "25" through "29" do not require a response as this cause of action sounding in fraud has been dismissed by this Court's order dated May 6, 2010.

## ANSWER TO FOURTH CAUSE OF ACTION

21.  The answers to paragraphs "1" through "20" are repeated and realleged as if fully set forth herein.

22.  Paragraphs "31" through "35" do not require a response as this cause of action sounding in tortuous interference has been dismissed by this Court's order dated May 6, 2010.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23.  Plaintiff fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

24.  Damages incurred by Plaintiff, if any, are the result of Plaintiff's own culpable conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

25.  Damages incurred by Plaintiff, if any, are the result of the conduct of third parties over which Defendant had or has no control.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

26.  Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

27.  Plaintiff's claims are barred in whole or in part by the applicable statute of frauds.

4

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

28.    Plaintiff's claims are barred by the doctrines of waiver, estoppel, ratification, and

laches.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

29.    Defendant did not breach any duty owed to Plaintiff.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

30.    Defendant has at all times herein acted in good faith.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

31.    Plaintiff is not entitled, as a matter of law, to recover from Defendant either the amount

or kind of damages sought.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

32.    Plaintiff's claims are barred by the doctrine of unclean hands.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

33.    Plaintiff's claims are barred by documentary evidence.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

34.    While denying all allegations in the complaint regarding liability, the injury and

damages allegedly sustained by Plaintiff, to the extent Plaintiff may be able to prove any

injuries and/or damages, Plaintiff is not entitled to an award of attorneys' fees and/or costs of

suit.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

35.    Plaintiff's claims are barred by the parol evidence rule.

5

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

36.   Plaintiff has failed to demonstrate this Court's subject matter jurisdiction over the claims asserted herein as plaintiff has failed to meet the jurisdictional amount in controversy.

WHEREFORE, Defendant demands judgment dismissing the Plaintiff's amended complaint, and for such other and further relief as the Court may deem just and proper.

CULLEN AND DYKMAN LLP

By: _____

Justin F. Capuano (JC 5853)
Attorneys for Defendant
100 Quentin Roosevelt Boulevard
Garden City, New York 11530

TO:

COSTELLO & COSTELLO, P.C.
Salvatore D. Compoccia, Esq.
5919 20th Avenue
Brooklyn, NY 11204

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------X     Index No. 15989/06

ANAND DASRATH

Plaintiff,

-against-                    VERIFIED COMPLAINT

ACTION FOR BREACH
OF CONTRACT

ROSS UNIVERSITY SCHOOL OF MEDICINE

Defendant.

--------------------------------X

The Plaintiff, by George M. Gilmer, complaining of the
Defendant, alleges the following:

1. The Plaintiff is a forty eight year old medical
student with an address of 99-25 209ᵗ Street, Queens
Village, New York 11427.

2. The Defendant Ross University School of Medicine has
an address at 460 West 34ᵗ Street, New York, New York
10001.

3. The Plaintiff has been a medical student in
Defendant's school since May of 2004.

4. The Plaintiff brings this action for breach of
contract because the Defendant on June 29, 2006,

medical school without cause or justification.

5. The Plaintiff has paid the school tuition in exchange for the school delivering an education to Plaintiff.

6. The school stated the reason that the Plaintiff was withdrawn for the school was because the Plaintiff did not "successfully complete" the AICM course and "pass the USMLE Step 1 Exam".

7. The Plaintiff has already taken the AICM course but has yet to receive a grade therein.

8. The Plaintiff believes that he has completed the requisite coursework in this class for him to achieve a passing grade.

9. The Plaintiff is currently registered for the USMLE Step 1 Exam which are the Medical Boards.

10. The school has stated however that it will withdraw its sponsorship of Mr. Dastagir which will deny the opportunity to take this exam.

11. The Plaintiff will suffer irreparable harm and injury if he is not re-enrolled in the school because he will be denied the opportunity to take this test.

12. By virtue of Plaintiff's enrollment in the school the school has an obligation to sponsor the Plaintiff to

*NB*

**FOR SETTLEMENT PURPOSES ONLY**
**NOT TO BE USED IN LITIGATION**

**DOES NOT WAIVE ATTORNEY-CLIENT PRIVILEGE**

## MEMORANDUM

**TO:**        JENNIFER McLAUGHLIN, ESQ.

**FROM:**    NANCY A. PERRI, M.D.

**DATE:**    FEBRUARY 06, 2008

**RE:**        ANAND DASRATH

On January 24, 2008 I reviewed Mr. Dasrath's performance in the AICM course including, but not limited to, the exam, write-ups and faculty evaluations.  I concur with the final grade of "F".

_____
NANCY A. PERRI, M.D.

COPY

1

1     UNITED STATES DISTRICT COURT

2     EASTERN DISTRICT OF NEW YORK

3     ---------------------------X

4     ANAND DASRATH,

5                    PLAINTIFF,

6       -against-    CASE NO. CV-07-2433

7     ROSS UNIVERSITY SCHOOL OF MEDICINE,

8                  DEFENDANT.

      ---------------------------X

9               DATE: October 15, 2010

10             TIME: 9:45 a.m.

11

12         EXAMINATION BEFORE TRIAL of the

13     Defendant, ROSS UNIVERSITY SCHOOL OF

14     MEDICINE, by NANCY PERRI, taken by the

15     Plaintiff, pursuant to an Order, held at the

16     offices of Cullen & Dkyman, Esqs., 44 Wall

17     Street, New York, New York, before a Notary

18     Public of the State of New York.

19

20

21

22

23

24

25

28

1

2          A. DASRATH

3     will follow-up in writing, but I will

4     call for the production of the faculty

5     names that were doing the spring

6     semester 2006 to the extent they have

7     not been provided.

8          Q.     So, what happens upon

9     completion of the AICM course with the

10    student, is he or she then matriculatd to the

11    next semester, are they then -- do they have

12    to sit for another exam?

13         A.     If the student completes the

14    advanced introduction of clinical medicine

15    program, they are then required to take and

16    pass the first step of the United States

17    medical licensing examination.

18         Q.     Is that called a step I

19    or --

20         A.     USMLE step I.

21         Q.     Is there a break in between the

22    AICM and the issuance of the USMLE step I

23    exam?

24         A.     Is there a break between the

25    step I -- I don't understand your question.

          Q.     For lack of a better term,

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

ANAND DASRATH,

                    Plaintiff,        Case No.
                                      CV-07-2433
          -against-

ROSS UNIVERSITY SCHOOL OF MEDICINE,

                    Defendant.
- - - - - - - - - - - - - - - - - X

                    October 21, 2010
                    9:55 a.m.

                    44 Wall Street
                    New York, New York

          DEPOSITION OF DR. ENRIQUE S. FERNANDEZ,

appearing as a witness on behalf of the Defendant

herein, taken by the attorneys for plaintiff,

Pursuant to Notice, held at the above-mentioned

time and place, before Alec Dazenski, a Notary

Public in and for the State of New York.

                    *** ** *** .



SEVERIN & ASSOCIATES, INC.
1 South View Court
Bayville, New York 11709
TEL. (516) 628-1402 - FAX (516) 628-0423

Dr. Fernandez - Direct

70

1    Q   Dr. Fernandez, is there anything you

2  would like to change about your testimony here

3  today?

4    A   No.

5    Q   Is there anything you would like to

6  add?

7    A   No.

8    Q   Have you taken any medication which

9  would inhibit your ability to testify here today?

10    A   No.

11    MR. COSTELLO:  I have no further

12  questions at this point.

13    MR. CAPUANO:  Off the record.

14    (Discussion off the record.)

15    MR. COSTELLO:  The certification that

16  you were just questioning stating that we

17  just provided them to you, my client tells

18  me that according to Judge Reyes they were

19  ordered to be sent to you back in March of

20  '08 so they should be part of your file.

21    MR. CAPUANO:  I'll look through it.

22  I didn't recognize them but I'll double-

23  check.  Is that it?

Exhibit J



# Mets, Inc.

13048 S.W. 133 Ct., Miami, FL 33186
Tel: 786-293-2206

## *Medical Education Training Services, I*

**Certifies:**

*DASRATH, ANAND*

has successfully completed the training for:

**Provider # FBN 3448**

Mets Inc is approved by the Florida Board of Nursing to offer continuing education. Provider number: FBN 3448

| Date | Discipline | Course Director |
|---|---|---|
| *3/1/06* | *Medical Errors, Domestic Violence, HIPAA Review* | *Vivian Gutierrez, LC* |

Exhibit G Exhibit B Exhibit C Exhibit D Exhibit E Exhibit F

AMERICAN SAFETY
& HEALTH INSTITUTE

This certifies that

DASRATH, ANAND

● *Emergency Responder*

● *First Responder*

VOID IF MORE THAN ONE COURSE CHECKED

First Responder Rev. 7/03

ASHI APPROVED CERTIFICATION CARD

Pete Gutierrez, MD

Authorized Instructor (Print Name)

Holder's Signature

| 01-31-2006 | 01-2008 |
| Date Completed | Renewal Date |
| 786-293-2206 | M.E.T.S INC |
| Training Center Phone No. | Training Center Name |

Successful completion indicates card holder has met the required knowledge and skill objectives of the curriculum as in the satisfaction of an ASHI authorized instructor. Successful completion does not guarantee future performance, nor imply state certification or licensure. The ASHI CPR curriculum is consistent with the objectives of the First Responder National Standard Curriculum (USDOT/NHTSA). Rate this program online at www.ashiinstruct.org or call (800) 682-5067

American Heart
Association.

*Learn and Live.*

Healthcare Provider
DASRATH, ANAND

This card certifies that the above individual has successfully
completed the national cognitive and skills evaluations in
accordance with the curriculum of the American Heart Association
for the Healthcare Providers (CPR & AED) Program.

Issue Date                    Recommended Renewal Date

**Please do not lose this card. A replacement fee of $10 will be charged.**

AHA
Region                          FLORIDA

Community
Training Center              M.E.T.S INC

Training
Site                            METS,INC.

Instructor                    Pete Gutierrez, MD

Holder's
Signature

©2006 American Heart Association   Tampering with this card will alter its appearance.   70-2915

70-2915

70-2915

American Heart
Association.

*Learn and Live.*

ACLS Provider

DASRATH, ANAND

This card certifies that the above individual has successfully
completed the national cognitive and skills evaluations in
accordance with the curriculum of the American Heart Association
for Advanced Cardiovascular Life Support.

01-31-2006     01-31-2008

Issue Date          Recommended Renewal Date

AHA
Region                          FLORIDA

Community
Training Center         M.E.T.S INC

Training
Site                    METS, INC.

Instructor              Pete Gutierrez, MD

Holder's
Signature

©2000 American Heart Association   Tampering with this card will alter its appearance.     70-2320

70-2320

☑ The sender of this message has requested a read receipt. Click here to send a receipt.

**Dasrath, Anand**

From:       Sena, Brijette

To:

Cc:         Fernandez, Dr. Enrique; Rendon, Michael; Reardon, Rosemary; Perri, Dr.Nancy

Subject:    Results of NBME comprehensive shelf exam

Attachments:

Sent:   Thu 3/9/2006 4:52 PM

Dear Students,
We have received the results of your NBME comprehensive exam. **Congratulations! You have passed the exam and are now eligible to sit for the USMLE Step 1 no later than 9/30/06. You will have 3 attempts or until April 30 2007 to pass Step 1.**

If you have previously submitted a USMLE application along with a waiver, you may now schedule your USMLE Sitting date as soon as you receive your scheduling permit. Be sure to notify this office of the date you schedule.

Please see below for eligible USMLE windows and deadlines to submit USMLE applications. You will be ineligible for an extension beyond the 9/30/06 date so please plan accordingly.

Windows you may apply for:         Deadline to submit application to NJ Registrar:
May 1 – July 31, 2006              March 15, 2006
June 1 – August 31, 2006          April 15, 2006    * please inform me if you are choosing this window by replying to this
email

July 1 – Sept. 30, 2006            May 15, 2006     * please inform me if you are choosing this window by replying to this email

In order to Match in 2008, you must complete the remaining 78 weeks no later than 6/31/08. As every clinical schedule is individualized, there may be gaps in the curriculum, due to site availability, time off for sitting for Step 2 and interviewing. Therefore, your exact date of completion can not yet be determined. As a guideline, you should allow for a minimum of 90 weeks to complete the remaining 78 clinical weeks. Therefore you should attempt to have receipt of passing step 1 scores and begin rotations no later than Sept. 1, 2006.

Please go to the www.ECFMG.org website. If you have not already done so, please apply for the ECFMG number. You will receive it via email in approximately 24 hours. You may then proceed to complete the Step 1 online application. Print the certification form 183, attach a passport sized picture, sign and date and send to Ross University, Office of the Registrar, 499 Thornall St., 10th Floor, Edison, NJ 08837. Please refer to the memo distributed during AICM Orientation on further instructions on how to complete the application.

The deadline to RUSM for the 4/1/06 - 6/30/06 window is no longer available, as I would have needed, as I would have needed to have the application in my office by the Feb. 15th.

If you wish to receive your score, please email me from your RUSM email address, being sure to include your ID and name.

Please note: As was discuss during AICM orientation and in the memo which was distributed, students who do not begin rotations by the end of the vacation period [16 weeks after completing AICM] must then be placed on Temporary Withdrawn status [TWD] retroactive back to the last date of attendance in the AICM and placed on less-than-half time status. While you are enrolled in the University for the purpose of taking the USMLE Exam, you are not registered for courses at least half time. DOE, as well as all lender regulations, do not allow for deferment of loans or receipt of financial aid when a student is not enrolled at least half time in classes. This means you would have to be a registered for courses in Basic Sciences or Clinical rotations in order to be deferred. The University is unable to submit enrollment verification while a student is in less than half time status. Even during the clinical curriculum, if at any time a student is not scheduled for longer than 30 days between rotations, they will be placed on less than half time status and are subject to repayment on loans. This is a gap which must be disclosed when applying for the Match and for licensure. Please refer to the memo which was distributed during the AICM Orientation for exact dates and timeline information regarding statuses.

During TWD status, loans can not be deferred through the University. Your lenders will place you on grace period and if the student does not begin rotations by the end of the grace period, the student must make arrangements with their lenders for an economic forbearance. Once the student passes the boards and begin rotations, the student must complete a reinstatement application and

http://dmexg01.rossmed.edu.dm/exchange/AnandDasrath@rossmed.edu.dm/Inbox/Results...   7/8/2006

,iew deferment forms from the lenders in to the University in order to place the loans back into deferred status.

you have further questions, feel free to contact me via email at Registrar@rossU.edu or phone at 732-978-5300 Ext. 2601.

Sincerely,
Brijette Sena
Associate Registrar of Clinical Sciences

http://dmexg01.rossmed.edu.dm/exchange/AnandDasrath@rossmed.edu.dm/Inbox/Results...

7/8/2006

RECEIVED JUN 27 2006

STUDENT DEPT.
Application Received
Data Entry Database

Fax CBUMFTOLE73NR

# ROSS UNIVERSITY
## School of Medicine
499 Thornball Street, 10th Floor
Edison, NJ 08837-2235

TEL (732)978-5300
FAX: (732)978-5306
E-MAIL: CLINICAL@ROSSMED.EDU

CAMPUS: PORTSMOUTH, DOMINICA WEST INDIES
STUDENT ID: @ 00088730 OR/07/58-9713

## CLINICAL CLERKSHIP EVALUATION FORM

The physician responsible for supervising the clerkship will complete this evaluation at the end of a clinical clerkship. Print clearly.

Medical Student ___DASRATH, ANAND___   Name of Clerkship ___Advanced Intro to Clinical Medicine___

Clerkship Duration (No. Of Weeks) ___TWELVE___   Dates: _01_ \ _16_ \ _06_ to _04_ \ _07_ \ _06_

In comparison with other medical students at the same level of clinical training, please rank the performance of the student. Select the grade evaluation from the five options listed below. Only whole numbers will be used in determining final grade.

KEY



| | |
|---|---|
| 5 | Excellent |
| 4 | Above Average |
| 3 | Average |
| 2 | Below Average |
| 1 | Fail |

Please see attached blue copy for clerkship grading policy used in calculating final grade.

_2_  Knowledge of medical sciences (basic sciences, clinical sciences)

_1_  Knowledge of assigned patients (specific medical problems, laboratory information, therapeutic modalities, follow-up)

_2_  Professionalism (reliability, thoroughness, carefulness, attendance, punctuality, interpersonal relationships with colleagues and staff, verbal and written case presentations, initiative)

_3_  Character (sensitivity to patients, patient rapport, ethical values, personal appearance, emotional stability)

Comments:

Cumulative performance scores fell >2 sd below class mean. Write-ups were deficient and not of the quality expected for a student at this level of training. Unable to better demonstrate clinical numbers/skills. Pt skills not appropriate

Hospital: H.E.T.C-Greater Miami Health Education & Training Centers   Telephone: ( 305 ) 667-5455

Address: 7000 S.W. 62nd Avenue, PH-A   City, State: Miami, FL   Zip 33143

Evaluator (Print) Enrique S. Fernández, M.D., M.S.Ed.   Date: 6/23/06

Signature ___[signature]___   Title: Director of Medical Education

After completion of rotation, return completed WHITE Copy to: Dean of Clinical Sciences, Ross University School of Medicine, 499 Thornball Street, Tenth Floor, Edison, NJ 08837-2235 within 30 days. Retain YELLOW copy for Hospital files.

CREDIT IS AWARDED ONLY FOR ORIGINAL EVALUATIONS.

D00001

1   UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF NEW YORK
2   - - - - - - - - - - - - - - - - X
3   ANAND DASRATH,

4           Plaintiff,

5                 Case No.
6       -against-    CV-07-2433

7

8   ROSS UNIVERSITY SCHOOL OF MEDICINE,

9           Defendant.

10  - - - - - - - - - - - - - - - - X

11           October 21, 2010
12           9:55 a.m.

13           44 Wall Street
14           New York, New York

15

16      DEPOSITION OF DR. ENRIQUE S. FERNANDEZ,

17  appearing as a witness on behalf of the Defendant

18  herein, taken by the attorneys for Plaintiff,

19  Pursuant to Notice, held at the above-mentioned

20  time and place, before Alec Dazenski, a Notary

21  Public in and for the State of New York.

22

23         ***   **   ***

24

25       SEVERIN & ASSOCIATES, INC.
            1 South View Court
         Bayville, New York 11709
  TEL. (516) 628-1402 - FAX (516) 628-0423

12

Dr. Fernandez - Direct

April. I don't recall the exact last date of the semester.

Q    Would it be the early part of April, the late part of April?

A    Probably the early part of April.

Q    After a student completes the AICM, is a grade given?

A    Yes.

Q    When is that grade given?

A    It's given approximately two weeks after the conclusion of the course.

Q    Is the student also given a certification of completion of that course?

A    I don't understand the question.

Q    In addition to a grade, let's say a letter or a number, is the student then certified that he or she has completed the course?

A    No.

MR. CAPUANO:    What do you mean by certified?

A    I don't understand what you mean by certified.

Q    Is a student given a certification that he or she has completed the AICM?

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25