UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X   Index No.: CV 07-2433

**ANAND DASRATH**

                              Plaintiff (s),          **AFFIDAVIT IN OPPOSITION**
                                                      **TO DEFENDANTS MOTION**
              -against-                               **FOR SUMMARY JUDGMENT**

**ROSS UNIVERSITY SCHOOL OF MEDICINE,**

                              Defendant (s).
-------------------------------------------------------------X

STATE OF NEW YORK     )
                      )
COUNTY OF KINGS       )

    **ANAND DASRATH**, being duly sworn deposes and says:

    1. I am the Plaintiff in the above entitled matter and submit this Affidavit in Opposition to the Defendants Motion for Summary Judgment and in further support of my Motion for Summary Judgment pursuant to the Federal Rules of Civil Procedure - Rule 56 and for such other and further relief as this Court deems just and proper.

    1. I am a resident of the County and Borough of Queens, New York.

    2. From May 2004 to June 29, 2006, I was a medical student at the Defendant Ross University School of Medicine (Hereinafter referred to as "Ross").

    3. In or around June 29, 2006, I was marked administratively withdrawn from Ross because it alleged that I failed the Advanced Introduction to Clinical Medicine (Hereinafter referred to as the "AICM"), course and failed to re-enroll so as to remediate the failing grade.

**THE AICM COURSE**

    4. The AICM course is a prerequisite to the United States Medical Licensing Examinations Step 1 (USMLE Step 1 Exam). The USMLE Step 1 in turn is a prerequisite for commencing Clinical Clerkships courses.

    5. To be eligible for Clinical Clerkships courses, a student must first have a passing score on the USMLE Step 1 Exam. ***See Exhibit "G1" of Plaintiffs Motion for Summary Judgment.***

- 1 -

6. I took the USMLE Step 1 Exam on June 29, 2006. However, Ross blocked the release of my score for this exam.

7. Furthermore, I was not even registered by Ross to do any Clinical Clerkship courses. This was testified to by Dr. Fernandez. *See Plaintiff's Motion, Exhibit "R", Fernandez Dep. at pg.56, ln. 5 – 7, pg.56, ln.20 – 22.*

8. Therefore, it was not possible for me to be enrolled in a Clinical Clerkship, let alone begin one.

9. Ross claims that out of a 1000 possible points for the AICM course, I received 426.6, which is a failing grade. *See Affidavit of Dr. Fernandez at para. 11 annexed to Defendants Affirmation in Opposition.*

10. However, Ross did not grade students on a 1000 point scale in the spring of 2006. Rather students were graded on a 100% scale. *See Plaintiff's Motion for Summary Judgment, Exhibit V"* (Hereinafter referred to as the "Student Handbook"), at pages 5 and 6 particularly referring to grading.

11. To date, Ross has failed to produce any actual examination materials that could indicate that I failed any part of the AICM course, although demands for same have been made upon Ross.

12. At Dr. Perri's deposition page 25 line 23, she stated that the AICM, "is a course within itself" and on page 25 line 24 that "one grade is issued for it". Over the course of time Ross has produced several failing grades for the same AICM course based on several different grading procedures, which in turn makes any of the issued failing AICM grades erroneous and arbitrary. *See Plaintiff's Motion for Summary Judgment, Exhibit "K", Perri Dep. at pg. 25, line. 23 and line 24.*

13. Ross had in fact issued a Certificate of Completion for my AICM course *See Plaintiff's Motion for Summary Judgment, Exhibit "I1".* It then subsequently issued failing grades for the same AICM course.

14. This is not the first time that Ross has issued a passing grade to me then subsequently withdrew it. At the end of my first semester Ross had issued a B+, a passing grade, for my Medical Genetics course. It then withdrew said passing grade and issued an F, a failing grade. As a result, I was compelled to pay for, and repeat a semester that I had completed. *See Exhibit "J" of the Plaintiffs Motion for Summary Judgment.*

- 2 -

15. Likewise in Dr. Fernandez's Memorandum *(See Plaintiff's Motion for Summary Judgment Exhibit "M"*, dated April 24, 2006 he was expecting "full tuition" for repeating the AICM course for which I had already been issued a Certificate of Completion.

16. Defendant claims that after students complete a course and grades are finalized, their grades are posed on "E-College" for the students to view.

17. In prior semesters, end of semester grades were issued via an academic transcript in hardcopy format, not on E-College.

18. On page 25 of Ross' University School of Medicine Student Handbook of Academic Rules and Regulations (Hereinafter Referred to as the "Student Handbook"), it is stated that Ross has adopted the Family Educational Rights and Privacy Act. (Hereinafter referred to as FERPA), *See Exhibit "B2" of Plaintiffs Motion for Summary Judgment*. For confidentiality reasons, FERPA does not approve of students grades being posted on the Internet.

19. The Student Handbook does not recognize the Internet as a means of posting student grades. On page 6 of the Student Handbook it is stated, "A student... will receive grades...on his/her transcript." In all of the Plaintiffs previous semesters he received his grades via an academic transcript, not on E-college. *See Plaintiff's Motion for Summary Judgment, Exhibit "V"*.

20. Furthermore, Ross does not post all of its students' grades on E-College.

21. In the Defendant's moving papers, it is claimed that I learned of my failing AICM grade via E-College as early as April 22, 2006. (See Dr. Fernandez's affidavit paragraph 13-14 and Exhibit "B"; McLaughlin's affidavit Exhibit "L" and Plaintiff's deposition page 77, lines 14-17 and page 79 lines 8-18). However, Ross has not yet been able to substantiate its claim of issuing a failing grade for the AICM course. Although repeated demands have been made for Ross to produce any and all of the alleged failed examinations Ross has not produced any of them. The reason is simple, they do not exist.

22. In the Spring of 2006, when I took the AICM course in Miami, Fl., Dr. Perri was the Vice President of Academic Affairs and the Dean of Clinical Sciences. As such, she was ultimately responsible for the pre-clinical AICM course. Dr. Perri was in fact, Dr. Enrique Fernandez's superior whose duty and responsibility it was to oversee that Dr.

Fernandez did not fabricate and/or assign arbitrary grades to students via the Internet or any other unreliable source.

23. In his affidavit at paragraph 4, Dr. Fernandez stated that Dr. Perri "was the Vice-President of Academic Affairs at Ross University" at all times. It was Dr. Perri's duty to review my grade when I complained to her that there was an irregularity with my AICM course grade. Although she represented that she would look into the problem, she failed to do so. And when she was ordered by The Honorable Judge Ramon Reyes on January 9, 2008 to review my grade she issued a statement that she "concurred" with the failing grade that Dr. Fernandez issued. It is to be noted that she did not set forth any valid findings as to how she reached this conclusion. Essentially, she was pre-disposed into agreeing with Dr. Fernandez.

24. Defendant further claims that on April 22, 2006 I acknowledged via e-mail that I saw my "failing grade" in the AICM course and asked Dr. Fernandez to review this failing AICM grade. (See Dr. Fernandez affidavit paragraph 14 and Exhibit "B"). It is important to note that it is stated on page 25 of the Student Handbook the student has, "The right to request the amendment of the student's educational records that the student believes are inaccurate and misleading". *See Exhibit "H1" of the Plaintiffs Motion for Summary Judgment.*

25. Ross continuously claims that I "admitted" or "acknowledged" to receiving a "failing grade" in the AICM course. A careful analysis of defense's Exhibit "B" clearly informs Dr. Fernandez that it was not possible for me to have failed the AICM course. Moreover, it is also stated on page 25 of the student handbook that, *See Exhibit "B2" of Plaintiffs Motion for Summary Judgment*:

> "If the university decides not to amend the record as requested by the student, the university will notify the student of the decision and advise the student of his or her right to a hearing regarding the request for amendment. Additional information regarding the hearing procedures will be provided when the student is notified of the right to a hearing."

- 4 -

At no point in time has Ross conducted, let alone offered, a hearing before placing a failing grade for the AICM course in my transcript. Clearly Ross is in breach of this regulation of the Student Handbook.

26. Ross merely alleges that I received a failing grade in the AICM course. The alleged failing grade was then used as a basis for issuing an administrative withdrawal letter on June 29, 2006; withdrawing its sponsorship of me for sitting the USMLE Step 1 Exam on August 14, 2006; and thereafter blocking the release of my USMLE Step 1 score on the same date. Prior to this, it was Ross that stated in an e-mail to me that I was "eligible" to take the USMLE Step 1 Exam. It then directed me to submit an application for certification and sponsorship to take the examination within the period May 1, 2006 to July 31, 2006. I followed these instructions and took the Examination on July 27, 2006.

27. In Defendant's moving papers it is also claimed that I admit to learning of my failing grade before sending the April 22, 2006 e-mail to Dr. Fernandez. (See McLaughlin's affidavit, Exhibit "L" and Plaintiffs deposition on page 89, Lines 19-22).

However, this statement is grossly mischaracterized. At no point in time have I admitted to failing the AICM course. It is argued that Ross has submitted an arbitrary failing grade.

28. McLaughlin Affidavit submitted in Support of Ross' Motion for Summary Judgment has also falsely accused me of failing the AICM course. However, at my deposition, at page 89, lines 19 to 22, I did not admit to failing the AICM course as claimed. Rather, Ross has not produced any actual examinations indicating that I failed any part of the AICM course, although requested to do so.

Moreover, Dr. Perri has stated at her deposition that upon successful completion of the AICM course the student is then instructed to sit and take the USMLE Step 1 Exam, which I did. See Dr. Perri's deposition at page 28 lines 12 to 16. At my deposition, I clearly informed defense counsel that I did not fail the AICM course. *(Dasrath Dep. at. pg.128, ln. 13 – 20; pg. 157, ln. 14 – 21).*

29. Ross next claims that on April 24, 2006 I participated in a telephone conversation with Dr. Fernandez regarding a failing grade for the AICM course. (See Dr. Fernandez affidavit paragraph 15, McLaughlin Affidavit, Exhibit L and Plaintiffs deposition page 80 line 12 and page 81 line 14). At the very least it would be irrational for Dr. Fernandez to

engage me in a discussion over a failed AICM course. It was Dr. Fernandez that issued a Certificate of Completion for the said AICM course.

30. Defendants Exhibit "L" is dated April 24, 2006 but first surfaced on November 22, 2006 while the case was in the Queens County Supreme Court. It is to be noted that that case was dismissed without prejudice because the Supreme Court lacked jurisdiction. There are significant issues with this memorandum as is set forth herein:

       (a) Dr. Fernandez has already issued a Certificate of Completion for the AICM course to the Plaintiff. *(See Plaintiff's Motion, Exhibit "J")*. One must ask, why would I have been certified if I had failed the AICM course?

       (b) In the same memorandum, *(Defendants Exhibit "L")* Dr. Fernandez advised me to take the USMLE Step 1 Exam, for which a successful completion of the AICM course is required. It becomes evident that I did not fail said course.

       (c) Based on the fact that I had already requested a review of my AICM grade in *(See Defendants Exhibit "B", dated April 22, 2006)* it is not in accordance with Ross' procedures that a failing AICM grade could be issued without first complying with FERPA's procedure as stated on page 25 of the Student Handbook: " that the student will be advised of his or her right to a hearing regarding the request for amendment". Ross has never scheduled a hearing in the matter.

       Further, since a hearing was never offered or conducted, Ross cannot contend that a failing AICM grade was officially issued. Dr. Perri's review of my grade was not really a review. Rather, she only "concurred" with Dr. Fernandez's issuance of a failing grade. She did not follow the formality of a grade review, nor did she abide by the provisions of FERPA. *See Exhibit "B2" of Plaintiffs Motion for Summary Judgment.*

       During discovery, Ross was not able to provide any actual examination materials which may indicate that I had failed any part of the AICM course. Rather, Ross provided several failing grade evaluations for the same AICM course in which only one grade evaluation is possible. (Perri dep. at page 25, line24).

31. At paragraph 16 of Dr. Fernandez' Affidavit, he claims to have reviewed the failing grade prior to our April 24, 2006 telephone conversation.

However, even before this date, Dr. Fernandez had already issued a Certificate of Completion for the AICM course. He then capriciously attempted to present a failing grade for the same course despite the fact that he has yet to produce the actual examinations on which this grade is based.

32. Defendant next claims that in that telephone conversation between myself and Dr. Fernandez, we discussed, amongst other things, my retaking of the AICM course scheduled to begin on May 22, 2006. *See Dr. Fernandez's affidavit paragraph 17 Exhibit "C*".

However, it is not reasonable to believe that Dr. Fernandez would enter into a conversation regarding my retaking the AICM course beginning May 22, 2006 for the following reasons:

(a) Dr. Fernandez had already issued a Certificate of Completion for said course. *See Plaintiff's Motion for Summary Judgment, Exhibit "I"*.

(b) As stated on page 25 of the Student Handbook, "If the University decides not to amend the record as requested by the student, the University will notify the student of the decision and advise the student of his or her right to a hearing regarding the request for amendment". *See Exhibit "B2" of Plaintiffs Motion for Summary Judgment.* This was never done by Ross.

(c) An academic transcript dated May 22, 2006 and issued by Ross' Registrar did not bear a failing grade for said AICM course. *See Plaintiff's Motion for Summary Judgment, Exhibit "V2"*.

(d) Ross did not re-register me for the AICM course; nor did it send me a bill to satisfy as would be the case if I did indeed fail the AICM course.

(e) Dr. Fernandez would not have advised me to take the USMLE Step 1 Exam in his memorandum of April 24, 2006 if indeed I failed the AICM course. The AICM course is a prerequisite for taking the USMLE Step 1 Exam. *See Exhibit "M" of Plaintiffs Motion for Summary Judgment.*

(f) I could not have been issued a certification and sponsorship by Ross to sit and take the USMLE Step 1 Exam if I had in fact failed the AICM course. *See Exhibit "D1" of Plaintiffs Motion for Summary Judgment.*

(g) At Dr. Perri's deposition, she confirmed that I would have had to pass the AICM course in order to receive certification and sponsorship to sit for the USMLE Step 1 Exam. *See Exhibit "H" of Plaintiffs Motion for Summary Judgment.* (Perri Dep. at pg. 28 ln. 12 – 16, pg. 28 ln.24).

(h) At the time that Ross' Registrar informed me of passing the National Board of Medical Examiners Comprehensive Exam (NBME) they also stated that I was now "eligible" to take the USMLE Step 1 Exam and dictated a time interval during which I must sit and take said Exam. This time interval was between May 1, 2006 to July 31, 2006. *See Exhibit "W2" of Plaintiffs Motion for Summary Judgment.* I took the USMLE Step 1 Exam on July 27, 2006 as directed by Ross.

(i) At her deposition, Dr. Perri confirmed this date as the correct date that I took the exam. *See Exhibit "C1" of Plaintiffs Motion for Summary Judgment, Dr. Perri's deposition page 57, lines 8-13.*

33. I also discussed this alleged failing grade with Dr. Perri, the Vice President of Academic Affairs on May 8, 2006. (See McLaughlin Affidavit, Exhibit "L", Dr. Perri's deposition on page 49, line 9-13 and Plaintiffs Exhibit "I").

As Vice President of Academic Affairs, it was Dr. Perri's responsibility to investigate and "amend" this record as stated on page 25 of the student handbook. *See Exhibit "B2" of Plaintiffs Motion for Summary Judgment.* Although she promised to "look into" the problem, she did not do so. This is stated in her deposition. (Perri Dep. at pg. 44, ln. 17 – 20)

## ADMINISTRATIVE WITHDRAWAL

34. Ross next claimed that I received an administrative withdrawal letter on May 22, 2006. *See Affidavit of Dr. Enrique Fernandez annexed to Defendants Affirmation in Opposition.*

35. By falsely stating that the administrative withdrawal was on May 22, 2006, Defendant is distracting attention from the following chronology of events:

(a)     I completed the AICM course on April 7, 2006 and received a Certificate of Completion for this course. Following the completion of this course, I began a scheduled 17 week break during which time I remained fully enrolled. (It is to be

- 8 -

noted that 17 weeks from April 7, 2006 is August 4, 2006). At no point in time after this, was there any reason for me to register for this course again, as I had already successfully completed it.

(b)     During this break I received a transcript dated May 22, 2006 in which there was no failing grade for the AICM course. *See Exhibit "V2" of Plaintiffs Motion for Summary Judgment.*

36. On June 23, 2006, Dr. Fernandez issued a Clinical Clerkship Evaluation Form, which in reality can be anything but valid. As set forth in the Student Handbook at page 13, "Passing Step 1 is **required** by the University to proceed to the core clinical clerkships of the curriculum". That is, in order to take a Clinical Clerkship course, a student must first have a passing score on the USMLE Step 1 Exam. In as much as I had not yet sat for the USMLE Step 1 Exam, I could not have been licensed to take such a course. In fact, I was not even registered to take a Clinical Clerkship course. This too was testified to by Dr. Fernandez. *See Plaintiff's Motion, Exhibit "R"*. Also, at the deposition of Dr. Fernandez, he testified that he did not supervise me in any Clinical Clerkship course. *See Dep. of Dr. Fernandez P.56 Lines 5-7*. *See Plaintiff's Motion for Summary Judgment, Exhibit " R"*.

Thus, it is quite evident that the Clinical Clerkship Evaluation Form is fabricated.

(d)     It was also during the 17 week break, specifically on June 29, 2006, that Ross, without justification, administratively withdrew me from its university. *See Plaintiff's Motion, Exhibit "A1"*. It is this letter that Ross would use as a prelude for blocking the release of my USMLE Step 1 Exam score.

(e)     On July 27, 2006 I sat for the USMLE Step 1 Exam. It was my understanding that these test scores would be released on August 15, 2006. However, on August 14, 2006 Ross subsequently released a transcript indicating a failing grade for the AICM course, which I had already completed and received Certification for on April 7, 2006. *See Exhibit "I1" of Plaintiffs Motion for Summary Judgment.*

(f)     It should also be noted that the June 29, 2006 administrative withdrawal letter, preceded the tentative USMLE Step 1 Exam that was scheduled to be administered on June 30, 2006. In essence, by failing to record my AICM grade in my academic transcript, Ross now had the option of thwarting with the grade for the

- 9 -

purpose of blocking the release of my USMLE Step 1 score and ultimately caused my barring at the USMLE/ECFMG office. Though this barring has been reversed on appeal, I am not allowed to participate in USMLE/ECFMG examinations until such time as this case is resolved.

37. In reality, the administrative withdrawal letter, in conjunction with the certification and sponsorship to take the USMLE Step 1 Exam became a well calculated attempt to preclude me from achieving my goal of becoming a medical doctor.

38. It is undisputed that I complied with Ross' stipulation to take the USMLE Step 1 as certified, sponsored and, not only upon the recommendation of Dr. Fernandez but also as directed by Ross itself. However, my certification and sponsorship was withdrawn on August 14, 2006; at about the same time my score for the USMLE Step 1 was scheduled to be released. *See Exhibit "F1" of Plaintiffs Motion for Summary Judgment.*

## THE USMLE STEP ONE EXAM

39. As has been set forth above, I completed the AICM course on April 7, 2006.

40. According to the Student Handbook, at page 9, it is stated, "following the 12- week AICM, there is a 17- week scheduled break during which students remain fully enrolled". *See Plaintiff's Motion for Summary Judgment, Exhibit "B1".*

41. It was after the completion of the AICM course that my 17 week recess, in which I remain "fully enrolled", as a student at Ross began.

42. According to the Student Handbook, at page 13, before a student is eligible to sit for the USMLE Step 1 Exam, he/she must pass the Basic Science Curriculum, the AICM course and the National Board of Medical Examiners (NBME) Comprehensive examination. *See Plaintiff's Motion, Exhibit "C1".*

43. Having passed said courses, and on the recommendation of Dr. Fernandez, on March 12, 2006 I made application to sit for the USMLE Step 1 Exam.

44. This aforementioned application was certified by Ross' Registrar's office. As a result of such certification, Ross had sponsored me to sit for the exam. It then forwarded my application to the United States Medical Licensing Examinations/Educational Commission for Foreign Medical Graduates (Hereinafter referred to as the USMLE/ECFMG") office; the governing body that administers the licensing

examinations. However, this first application was rejected because the USMLE/ECFMG needed to verify my date of birth.

45. Then, on May 5, 2006, I submitted a second application to Ross, who again certified it, then forwarded it to the USMLE/ECFMG office directly. That is, Ross has registered and sponsored me to take the USMLE Step 1 Exam

46. Thus, having completed the required courses, and being given certification from Ross, I became eligible to sit for the USMLE Step 1 Exam; which was going to be administered on July 27, 2006, which in fact, I did sit for, without any objection from any concerned entity. Thus, it cannot be said that I was ineligible to take the USMLE Step 1 Exam.

47. At no point in time in prior to sitting for the USMLE Step 1 exam did Ross issue a failing grade for the AICM course via my academic transcript. As has already been stated herein, if a student fails a course, Ross sends a bill to the student which is then paid for. In this case, Ross' Bursar's office did not issue a second bill for the AICM course; nor did any concerned party attempt to withdraw its certification and sponsorship of me for taking the USMLE Step 1 Exam. It wasn't until August 14, 2006, several weeks after taking the exam, did I learn that Ross withdrew its certification and sponsorship of me for the USMLE Step 1 Exam.

48. On or around November 22, 2006, Ross produced a memorandum dated April 24, 2006, which stated amongst other things that, "Dr. Fernandez conferred today by telephone with Anand Dasrath about the failing grade he earned for the fifth semester". *See Plaintiff's Motion for Summary Judgment Exhibit"M"*.

49. Prior to November 22, 2006, I did not have knowledge of this memorandum. In fact, I testified at my deposition that the first time I saw this memorandum was when the case was pending in the Supreme Court of Queens County. *See Plaintiff's Motion Exhibit "L2"*.

50. This deprived me of my right in knowing what was in my school record; if it was actually in the school records, or maybe it was fabricated. Whatever the reason, Ross again violated the Student Handbook at page 25 wherein it is stated that, "The University follows the guidelines of FERPA" and FREPA regulations afford students the right to know what is in their school record.

51. Therefore, the failure to post the grade for my AICM course in my academic transcript was an impediment to the completion of my studies at Ross. In addition, Ross cannot claim that I failed the AICM based upon its own registration process.

52. As an example of Ross' procedure for when a student fails a course, I direct the Court's attention to the failing grade that I was issued in the Medical Genetics class taken in my first semester. Upon learning of my failing grade in the Medical Genetics course, I did not register for the class a second time. Rather, Ross registered me for the class, and sent me a bill. Upon payment of the bill, I became registered for the class. *See Plaintiff's Motion Exhibit "M2"*.

53. For the AICM course, this did not happen. At the end of the Spring 2006 semester, and after I had completed the AICM course, I was issued a Certificate of Completion by Dr. Fernandez, the Course Director. At no point in time after this did I receive a bill to satisfy. Therefore, it was not possible that I failed the course. As a result, there would be no reason for me to re-take the class. *See Plaintiff's Motion Exhibit "N2"*.

54. As of June 29, 2006 Ross still had not forwarded an academic transcript bearing the AICM course grade. It was for this reason that I filed and action against Ross in the Queens County Supreme Court.

55. I believe that because of this ongoing litigation Ross may have decided to withdraw its sponsorship of me sitting for the USMLE Step 1 Exam, which it did on August 14, 2006, several weeks after having already sat for the exam and filed my case in Supreme Court. Ross also issued me a failing grade for the AICM course on my academic transcript, suspiciously, the same date. *See Plaintiff's Motion Exhibit "O2"*.

56. On the same date, (August 14, 2006) Ross withdrew its sponsorship of me for the USMLE Step 1 Exam by issuing the statement "no longer eligible, withdrawn" to the USMLE/ECFMG office.

57. It is quite clear that:

A) Ross never issued a failing grade for the said AICM course via an academic transcript before the issuance of the Administrative Withdrawal letter of June 29, 2006;

B) Ross' claim that I failed the AICM course cannot be substantiated and therefore never pre-registered me, or forwarded an invoice to me to sit for the AICM

course a second time after having completed it on April 7, 2006 and having received a certificate of completion for the AICM course;

C) Ross never issued any warning before the Administrative Withdrawal letter was issued on June 29, 2006. It was "effective immediately" as stated in the letter itself. Further, no notification came from any other concerned entity.

D) Ross never issued a warning that it would use the Administrative Withdrawal letter as a reason to withdraw its sponsorship of me to sit for the USMLE Step 1 Exam.

The above facts are in direct contrast to Ross' own regulation on page 14 of the Student Handbook wherein it is stated that withdrawn students may "take or re-take the USMLE through the University". *See Plaintiff's Motion Exhibit "P2"*.

58. Defense counsel has repeatedly accused me of admitting to failing the AICM course. Apart from being false and misleading, there is no valid justification or substantiating evidence for such a claim.

59. The e-mail posting of a grade for the student was unreliable, invalid, and against FERPA, which, as already established has been adopted by Ross. *See Exhibit "B2" of Plaintiffs Motion for Summary Judgment.* A failing grade for the AICM course via an academic transcript was sent to the student on August 14, 2006. The only thing significant about this grade was the date it was sent and the connection it has with all other events that occurred on this date set forth herein.

To reiterate, the AICM course is an Advanced Introduction to Clinical Medicine and is a prerequisite to sitting for the USMLE Step 1 Exam. The USMLE Step 1 license is the immediate prerequisite for commencing Clinical Clerkships. The AICM is not one of the Clinical Clerkship courses. Clinical clerkship courses are done exclusively at hospitals licensed by the State Board of Medicine to do so. A fabricated failing clinical clerkship evaluation was issued. *See Exhibit "K" of Plaintiffs Motion for Summary Judgement.*

60. Therefore, it is quite evident that Ross fabricated the failing AICM grade, which in turn resulted in your affiant being issued an Administrative Withdrawal letter. Thereafter, Ross blocked the release of my score for the USMLE Step 1 Exam, which was taken on July 27, 2006 and scheduled to be released on/or about the next day, August 15, 2006; the day after Ross withdrew its sponsorship of me.

61. In essence, I must have been enrolled as a medical student when I sat for the USMLE Step 1 Exam. The letter of June 29, 2006 wherein it is marked Administrative Withdrawn states that, "In order for a student to remain enrolled with RUSM (Ross), they must either be registered for courses and/or registered for the Boards." What Ross failed to recognize was *See Exhibit "A1" of Plaintiffs Motion for Summary Judgment*: (i) I was certified, sponsored and registered by Ross itself for the USMLE Step 1 Exam which is the "Boards" being referred to here, (ii) It is stated in the Student Handbook at page 9 that "Following the 12-week AICM, there is a 17-week scheduled break during which students remain fully enrolled." There is nothing in the Student handbook that states that students will be withdrawn during this 17-week break. (iii) As a matter of fact, it was Ross that last handled the Certification and sponsorship form: issued Certification, sponsorship and forwarded the documents to be registered with the USMLE. Therefore Ross should have recognized that I was registered for the "Boards." *See Exhibit "D1" of Plaintiffs Motion for Summary Judgment* (iv) Ross is in possession of my academic records and should have known that there was a Certificate of Completion for the AICM course in its Registrar's office. *See Exhibit "I" of Plaintiffs Motion for Summary Judgment.* I testified to these facts at my deposition. Thus, it is quite obvious that Ross has withdrawn me without justification. *See Plaintiff's Motion Exhibit "Q2"*.

60. In light of the foregoing it is respectfully submitted that my Motion for Summary Judgment be granted in its entirety and the Defendant's Motion for the same relief be denied.

ANAND DASRATH

Sworn to before me this

14th day of April, 2011

NOTARY PUBLIC

DORI GUTIERREZ
NOTARY PUBLIC STATE OF NEW YORK
NO. 01GU6187394
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES 05/19/2012

- 14 -