UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
ANAND DASRATH

                Plaintiff (s),

    -against-

ROSS UNIVERSITY SCHOOL OF MEDICINE,

                Defendant (s).
------------------------------------X

Index No.: CV 07-2433

**AFFIDAVIT IN REPLY**

STATE OF NEW YORK  )
                         ) 
COUNTY OF KINGS    )

**ANAND DASRATH**, being duly sworn deposes and says:

1. I am the Plaintiff in the above entitled matter and submit this Affidavit in Reply to the Defendant's Opposition to Plaintiff's Motion for Summary Judgment and in further support of my Motion for Summary Judgment pursuant to the Federal Rules of Civil Procedure - Rule 56 and for such other and further relief as this Court deems just and proper.

1. I am a resident of the County and Borough of Queens, New York.

2. From May 2004 to June 29, 2006, I was a medical student at Defendant Ross University School of Medicine (Hereinafter: referred to as "Ross").

3. On or around June 29, 2006, I was marked administratively withdrawn from Ross because it alleged that I failed the Advanced Introduction to Clinical Medicine (Hereinafter: referred to as the "AICM"), course and failed to re-enroll so as to remediate the failing grade.

4. As a result of this administrative withdrawal, Ross blocked the release of my score for the United States Medical Licensing Examination Step 1 (Hereinafter: referred to as the "USMLE Step 1 Exam") and henceforth blocked my eligibility to participate in United States Medical Licensing Examinations/Educational Commission for Foreign Medical Graduates (USMLE/ECFMG) examinations pending the outcome of this court case.

5. Ross and its Counsel argue that my allegation of a fabricated grade in the AICM course should not be entertained by a court of law and even if it were, there is no evidence

- 1 -

submitted that I was entitled to a passing grade, or the consequences that followed as a result of the failing grade was not warranted. Thus, my grade dispute does fall within the merits of a breach of contract.

## THE AICM COURSE

6. It must be reiterated that the failing Clinical Clerkship Evaluation Form that Dr. Enrique Fernandez issued was invalid for reasons which will be set forth herein. *See Exhibit "K" of Plaintiff's Motion for Summary Judgment.*

7. As stated on page 13 of Ross University's School of Medicine Student Handbook of Academic Rules and Regulations ("Student Handbook"), "Passing Step 1 is required by the University to proceed to the core clinical clerkship of the curriculum." *See Exhibit "G1" of Plaintiff's Motion for Summary Judgment at page 13.*

8. The AICM course is a prerequisite to the USMLE Step 1 Exam. The USMLE Step 1 Exam, in turn, is a prerequisite for commencing Clinical Clerkship courses. *See Exhibit "G1" of Plaintiff's Motion for Summary Judgment at page 13.*

9. Ross, in fact, issued a Certificate of Completion for my AICM course *See Plaintiff's Motion for Summary Judgment, Exhibit "I1"*. It then subsequently issued a failing grade for the same AICM course. *See Exhibit "K" of Plaintiff's Motion for Summary Judgment.*

10. Upon completing the National Board of Medical Examiners (NBME) Comprehensive examination, I was advised by Ross, "You have passed the exam and are now eligible to sit for the USMLE Step 1." *See Exhibit "J" of Plaintiff's Motion for Summary Judgment.*

11. Furthermore, I was not even registered by Ross to do any Clinical Clerkship courses. This was testified to by Dr. Fernandez. *See Plaintiff's Motion for Summary Judgment, Exhibit "R", Fernandez Dep. at pg.56, ln. 5 – 7, pg.56, ln.20 – 22.*

12. To bolster the fact that I could not have been enrolled in a Clinical Clerkship course, page 13 of the Student Handbook states that students become eligible to take the USMLE Step 1 when they have **passed** (emphasis supplied) all courses in the Basic Science curriculum, successfully completed the Advanced Introduction to Clinical Medicine and passed the NBME Comprehensive examination. Defendant has testified that this is accurate in Defendant's Statement of Facts dated March 31, 2011. *See Exhibit*

- 2 -

*"G1" of Plaintiff's Motion For Summary Judgment at page 13*, Dr. Fernandez' Affidavit ¶ 35.

13. Thereafter and on May 5, 2006, I was certified, sponsored and registered by Ross with the (USMLE/ECFMG) to take the USMLE Step 1 Exam, which I took on July 27, 2006, thereby confirming that I could not have failed the AICM course. *See Exhibit "D1" of Plaintiff's Motion for Summary Judgment.*

14. At his deposition, Dr. Fernandez conceded that I was not enrolled in a Clinical Clerkship course and was not assigned to any hospital for Clinical Clerkship. *See Exhibit "R" of Plaintiff's Motion for Summary Judgment, Fernandez Dep. at pg. 56, ln. 5-7, ln. 20–22.*

15. Dr. Fernandez also conceded that in order for me to be certified by Ross to take the USMLE Step 1 Exam, I had to have passed the AICM course. *See Fernandez Dep. at pg. 42, ln. 19–22, pg. 44, ln. 3, Exhibit "P" & "Q" of Plaintiff's Motion for Summary Judgment.*

16. In fact, Dr. Fernandez issued to me a Certificate of Completion for the AICM course. *See Exhibit "I1" of Plaintiff's Motion for Summary Judgment.*

17. It is also to be noted that Ross has adopted the Family Educational Rights and Privacy Act (FERPA) at page 25 of the Student Handbook. *See Exhibit "B2" of Plaintiff's Motion for Summary Judgment at page 25.* Pursuant to FERPA, the placement of a student's social security number as well as his photograph on his grade report is in violation of this statute. *See Exhibit "K" of Plaintiff's motion for Summary Judgment.* At his deposition, Dr. Fernandez denied placing this information on said form. However he did admit to signing the form. *A copy of Dr. Fernandez deposition is annexed hereto as Exhibit "A".*

18. Upon information and belief, Dr. Fernandez is Board-Certified in Family Medicine. State Board of Medicine regulations do not allow Clinical Clerkship instructors to conduct Clinical Clerkship instruction outside of their specialties. I was never enrolled in the Family Medicine Clinical Clerkship or any other Clinical Clerkship courses. This was testified to by Dr. Fernandez at his deposition. *See Fernandez Dep. at pg. 56, ln. 5 – 7, Plaintiff Exhibit "R".*

- 3 -

19. Furthermore, the Clinical Clerkship evaluation form was graded on a one (1) to five (5) scale. The AICM course is not a Clinical Clerkship course and should have been graded on a 100% scale as outlined in the Student Handbook at pages 5 and 6. *See Exhibit "V" of Plaintiff's Motion for summary judgment at pages 5 to 6.*

20. The alleged hospital at which the Clinical Clerkship took place was the "H.E.T.C. – Greater Miami Health Education Centers". It should be noted that this facility is not a hospital listed in the state of Florida.

21. In addition, at his deposition, Dr. Fernandez admitted that I was never assigned to a hospital for Clinical Clerkship courses. *Fernandez Dep. at pg. 56, ln. 2 - 22, See Plaintiff's Exhibit "R".*

22. However, the address provided by Dr. Fernandez on the Clinical Clerkship form is 7000 S.W. 62nd Avenue, PH-A, Miami, FL, 33143. This is not a hospital at all. Rather, it is Dr. Fernandez' office address, which he testified to *Fernandez Dep. at pg.59, ln. 11, See Plaintiff's Exhibit "X".*

23. The date that Dr. Fernandez signed the Clinical Clerkship evaluation form was June 23, 2006. This became the date that Dr. Fernandez issued the failing Clinical Clerkship evaluation. It should be noted that this date is more than two and a half months after I completed the pre-clinical AICM course as of April 7, 2006. *See Exhibit "K" of Plaintiff's Motion for summary Judgment.* From a chronological point of view and in light of the fact that there was no failing grade listed in an academic transcript dated May 22, 2006 and assuming that this invalid Clinical Clerkship evaluation was to be followed, it still does not stand to reason that Ross would have directed me to re-commence the AICM course on May 22, 2006 as Defense Counsel claimed. *See Exhibit "V2" of Plaintiff's Motion for Summary Judgment.*

24. The instruction at the bottom of the Clinical Clerkship evaluation form states, "After completion of the rotation, return completed white copy to…Ross University School of Medicine… within 30 days." It must be noted that over two and a half months had elapsed between April 7, 2006 and June 23, 2006. Therefore, this "evaluation" does not meet the criteria of Ross' own regulation that it be sent in within 30 days. *See Exhibit "K" of Plaintiff's Motion for Summary Judgment.*

- 4 -

25. It is argued from the dating, that the intent and purpose of this failing Clinical Clerkship evaluation was to serve as a basis for issuing the Administrative Withdrawal letter on June 29, 2006, two days after it was entered in the Ross Registrar's office in New Jersey. *See date stamp of June 27, 2006 on the said Clinical Clerkship evaluation, Exhibit "K" of Plaintiff's Motion for Summary Judgment.*

26. Because the failing Clinical Clerkship evaluation was invalid, the Administrative Withdrawal letter then became invalid. *See Exhibit "A1" of plaintiff's Motion for Summary Judgment.*

27. The Administrative Withdrawal letter was used to keep me out of medical school, block the release of my USMLE Step 1 Exam score and bar me from USMLE/ECFMG examinations. The barring was reversed on appeal to the USMLE/ECFMG office. However, until such time as this litigation is resolved, I am precluded from participating in USMLE/ECFMG examinations.

28. On January 9, 2008, the Honorable Judge Ramon Reyes ordered Dr. Nancy Perri to review the failing AICM grade. On January 24, 2008, she issued a one-line statement that she "concurred" with Dr. Fernandez's failing grade. However, she did not offer any findings as to how she came to that conclusion; nor was I invited to the review as allowed by FERPA and adopted by Ross at page 25 of the Student Handbook. *See exhibit "B2" of Plaintiff's motion for summary judgment at page 25.* In effect, she was predisposed to agreeing with Dr. Fernandez's failing grade. Since a proper review was not conducted and in light of the fact that Ross did not produce any actual examination/testing with failing scores for the AICM course on demand, it is hereby argued that Ross cannot administer a failing grade for my AICM course. *See Exhibit "G" of Plaintiff's Motion for Summary Judgment.*

29. The above-outlined facts clearly demonstrate that Ross has breached the contractual agreement entered into when I enrolled as a student, paid tuition and fees, and endured tremendous sacrifice for Ross to educate, train and guide me into becoming a medical doctor.

## ADMINISTRATIVE WITHDRAWAL

30. In the Defendant's statement of Facts dated March 31, 2011, the defendant claimed that my "Eligibility to sit for the USMLE Step 1 Exam was revoked when I received on or

- 5 -

about April 2006 a failing grade in the AICM course and failed to return to campus to remediate the grade during the semester commencing on May 22, 2006." As will be set forth herein, this statement is inaccurate and/or misleading.

31. To begin, the Defendant is unable to substantiate its claim that I failed any part of the AICM course. Repeated demands upon Ross to provide copies of my actual examinations/testing indicating failing score(s) during the AICM course have still not been satisfied.

32. As set forth above, Ross' claim that I took and failed a Clinical Clerkship course is without merit no matter how it tries to validate its claim that I failed the said course.

33. Several other alleged failing grades for the same AICM course have emerged, but according to Dr. Nancy Perri, as stated in her Deposition at page 25, lines 23 to 24, the AICM course "is a course within itself" and "one grade is issued for it." This makes all of the failing grades allegedly issued at the different dates invalid. *A copy of Dr. Perri's Deposition is annexed hereto as Exhibit "B"*.

34. Furthermore, Ross did not revoke its sponsorship of my sitting for the USMLE Step 1 Exam in or about April 2006; it did so on August 14, 2006, weeks after I took the USMLE Step 1 Exam on July 27, 2006. *See Exhibit "F1" of Plaintiff's Motion for Summary Judgment.* On that same day, August 14, 2006, Ross issued a failing grade on an Academic Transcript for the AICM course. Ross claims that it issued a failing grade on a "secure" website for the AICM course on April 22, 2006. However, once the invalid failing Clinical Clerkship evaluation was issued, I no longer had access to this site. *See Exhibit "K" of plaintiff's Motion for summary Judgment.*

35. Furthermore, Ross did not re-register me to re-take the AICM course commencing on May 22, 2006; nor did it send me an invoice to satisfy as would have been the case if I had, in fact, failed the AICM course. In fact, Ross' Registrar's office was in possession of a Certificate of Completion for the AICM course that I completed in the spring of 2006. Miss Jennifer McLaughlin, in her Defense Statement of Facts herein on March 31, 2011, attempts to discredit the Certificate of Completion by stating that it only states when the AICM course has ended. A careful look at the document clearly shows the statement, "I hereby certify that Dasrath, Anand has completed the Advanced Introduction to Clinical Medicine". The document was signed by Dr. Enrique Fernandez, the AICM Course

Director and he admitted the validity of the document at his Deposition. *Fernandez Dep. at pg. 14, ln. 13 – 14, See Plaintiff's Exhibit "P"*.

36. Completion of the AICM course is required before Ross can issue a certification, sponsorship and registration with the USMLE/ECFMG to take the USMLE Step 1 Exam. This much is not in dispute. Furthermore, Ross did in fact issue a certification and sponsorship, and registered me with the USMLE/ECFMG on May 5, 2006. As a result of these actions, I was entitled to, approved to sit for and did, in fact, sit for the examination as directed by Ross on July 27, 2006. *See Exhibit "D1" of Plaintiff's Motion for Summary Judgment.*

37. It is next claimed that I "failed courses" prior to taking the AICM course. (*See Miss Jennifer McLaughlin's Defense Statement of Facts herein on March 31, 2011)*. However, I only know of one course, the Medical Genetics course, taken in my first semester at Ross in which a "B+", a passing grade, was initially issued. Inexplicably, it was later withdrawn by Ross and replaced with an "F", a failing grade. In that case, Ross sent me a bill to satisfy. However, this action was not taken for the AICM course. The reason is simple: I was not required to re-take the AICM course. A Certificate of Completion for my AICM course was present in Ross Registrar's office. *See Exhibit "I1" of Plaintiff's Motion for Summary Judgment.*

38. In the Statement of Facts of her Memorandum of Law, dated March 31, 2011 at page 6, Defense Counsel, Jennifer McLaughlin, Esq. states that there is "clear language in the Ross University School of Medicine Student Handbook of Academic Rules and Regulations ("Student Handbook") that states the following:

"Continuing students in the Basic Sciences must register in person on campus at the beginning of each semester. . ."

However, the entire statement is not applicable to me for the following reasons:
1. I completed the Basic Sciences on the Dominica campus as of December 2005 and did not have to return to the Dominica campus as of that date. This is not in dispute. *(See Transcript, Exhibit "V2" of Plaintiff's Motion for Summary Judgment)*.

2. I completed the pre-clinical AICM course as of April 7, 2006 in Miami, Florida and received a Certificate of Completion for the AICM course. *See Exhibit "I1-"of Plaintiff's Motion for Summary Judgment.*

- 7 -

3. I submitted a copy of my Student Identification card in which I am identified as being in the second phase of the M.D. Program in the U.S.

39. On page 18 of the Student Handbook, it specifically states that students in the second phase of the M.D. curriculum are registered, "through the Office of the Dean of Clinical Sciences in New Jersey." *See Exhibit "C" of Plaintiff's Motion for summary Judgment at page 18.* The only thing that I can do in this registration process is satisfy a bill that is mailed to me. To date, a second bill for re-registration for the said AICM course has not been received. Furthermore, Ross' Registrar is in possession of a Certificate of Completion for the AICM course. *See Exhibit "II" of Plaintiff's Motion for Summary judgment.*

40. At page 7 of Miss McLaughlin's Statement of Facts in her Memorandum of Law dated March 31, 2011, she falsely claims that I do not "dispute" that I failed a required course. As detailed above and in previous court papers, I strongly dispute the invalid failing grade issued to me. Additionally, Miss McLaughlin falsely stated that I am in agreement with her claims in my previous Affidavit ¶ 76–77. I am not in agreement with her false claims as she mentions here.

41. Miss McLaughlin further states at page 7 of Defense's Statement of Facts dated, March 31, 2011, "Dasrath was not eligible to take the USMLE Step 1 exam." This statement is in direct contradiction to what Ross has stated and done:

- After I passed the National Board of Medical Examiners (NBME) Comprehensive examination, Ross sent me an e-mail stating, "Congratulations! You have passed the exam and are now eligible to sit for the USMLE Step 1 exam." *See Exhibit "W2" of Plaintiff's Motion for Summary Judgment.*

- Ross directed me to apply for certification and sponsorship to take the USMLE Step 1 Exam during the period of May 1, 2006 to July 31, 2006. *See Exhibit "W2" of Plaintiff's Motion for Summary Judgment.*

- 8 -

- On May 5, 2006, Ross certified, sponsored and registered me with the USMLE/ECFMG office to take the USMLE Step 1 exam on July 27, 2006. I took the examination on the scheduled date without any objection from any concerned entity. *See Exhibit "D1" of plaintiff's Motion for summary Judgment.*

- Ross' Registrar had verified that I met all the requirements for taking the USMLE Step 1 Exam before certifying, sponsoring and registering me to take the USMLE Step 1 exam. *See Exhibit "D1" of Plaintiff's motion for Summary Judgment.*

42. In light of the foregoing, it is respectfully submitted that my Motion for Summary Judgment be granted in its entirety and the Defendant's Motion for the same relief be denied.

_____
ANAND DASRATH

Sworn to before me this
28th day of April, 2011

_____
NOTARY PUBLIC

DORI GUTIERREZ
NOTARY PUBLIC STATE OF NEW YORK
NO. 01GU6187394
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES 05/19/2012



```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X
ANAND DASRATH,

                          Plaintiff,
                                            Case No.
                                            CV-07-2433
             -against-

ROSS UNIVERSITY SCHOOL OF MEDICINE,

                          Defendant.
- - - - - - - - - - - - - - - - - - - - - X

                                     October 21, 2010
                                     9:55 a.m.

                                     44 Wall Street
                                     New York, New York


         DEPOSITION OF DR. ENRIQUE S. FERNANDEZ,
appearing as a witness on behalf of the Defendant
herein, taken by the attorneys for Plaintiff,
Pursuant to Notice, held at the above-mentioned
time and place, before Alec Dazenski, a Notary
Public in and for the State of New York.

             ***    **    ***    ***

                   SEVERIN & ASSOCIATES, INC.
                     1 South View Court
                    Bayville, New York  11709
          TEL. (516) 628-1402 - FAX (516) 628-0423
```



63

Dr. Fernandez - Direct

right of that?

A   I can only assume that it's a Social security number, but I don't know for sure.

Q   Is there a reason why the Social security number would be posted on this form?

A   I wouldn't know if there was a reason for it. I don't believe that's something that we put on there.

Q   Is that your handwriting?

A   That's not my handwriting, no.

Student records include both the student ID number which is called a banner ID.

Q   Doctor, I just want to remind you there's no question before you at this time.

Did there come a point in time when you became aware that Mr. Dasrath was administratively withdrawn from Ross?

A   Yes.

Q   When?

A   I don't recall the date.

Q   Do you recall how?

A   It was done by the registrar.

Q   How would you have received word?

A   I don't receive word.

SHEET 1 PAGE 1
COPY

```
                                                            1

    UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF NEW YORK
    ------------------------------------X
    ANAND DASRATH,
                                    PLAINTIFF,
             -against-         CASE NO. CV-07-2433
    ROSS UNIVERSITY SCHOOL OF MEDICINE,
                                    DEFENDANT.
    ------------------------------------X

                    DATE: October 15, 2010

                    TIME: 9:45 a.m.


             EXAMINATION BEFORE TRIAL of the
    Defendant, ROSS UNIVERSITY SCHOOL OF
    MEDICINE, by NANCY PERRI, taken by the
    Plaintiff, pursuant to an Order, held at the
    offices of Cullen & Dkyman, Esqs., 44 Wall
    Street, New York, New York, before a Notary
    Public of the State of New York.
```

SEVERIN & ASSOCIATES, INC. * 516 628-1402

A. DASRATH

1  Q. And what are the requirements,
2  I will just refer to the acronym if that is
3  okay?
4  A. Yes.
5  Q. What are the requirements of
6  the AICM course?
7  A. It's the first compulsory
8  clinical rotation.
9  Q. When you say first compulsory
10 clinical rotation, what do you mean?
11 A. The program is broken down into
12 two major parts. There is a pre-medical
13 education component and then there is a
14 clinical education component.
15         The advanced introduction to
16 clinical medicine is the clinical education
17 component.
18 Q. That is the first clinical?
19 A. Yes.
20 Q. And what courses are required
21 for the AICM?
22 A. It is a course within itself.
23 It is a 1-12C course and one-grade is issued
24 for it.

Index No. CV07-2433

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANAND DASRATH,

               Plaintiff(s),

-against-

ROSS UNIVERSITY SCHOOL OF MEDICINE,

               Defendant(s).

## AFFIDAVIT IN REPLY

**COSTELLO & COSTELLO, P.C.**
Attorneys for Plaintiff,
5919 20th Avenue
Brooklyn, N.Y. 11204
(718) 331-4600
Our File No. 6970

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous.

Dated: Brooklyn, New York
April 28, 2011

**COSTELLO & COSTELLO, P.C.**
BY: **JOSEPH R. COSTELLO**
Attorneys for Plaintiff
5919 20th Avenue
Brooklyn, New York 11204
(718) 331-4600
Our File No. 6970